## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| SCOTT A. HARDIN<br><br>        Plaintiff,<br><br>   v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, *et al.*,<br><br>        Defendants. | Case No. 3:19-cv-00056-DJH (e-filed) |

### DEFENDANTS' ANSWER

Defendants, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), William P. Barr,[1] Regina Lombardo, Acting Deputy Director of ATF and acting head of ATF,[2] and the United States, through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

1. The paragraph is a description of Plaintiff's action, to which no response is required. To the extent a response is required, admit that under the Final Rule "current possessors of these devices would be required to surrender them, destroy them, or otherwise render them permanently inoperable upon the effective date of the final rule," and otherwise denied.

2. Admit that ATF had previously made public pronouncements and formal rulings that it did not understand "bump stocks" to be within the statutory definition of "machineguns." The second sentence of this paragraph consists of a legal conclusion to which no response is required; to the extent a response is required, denied.

---

[1] William P. Barr is automatically substituted for Matthew Whitaker, the former Acting Attorney General. *See* Fed. R. Civ. P. 25(d).
[2] Regina Lombardo is automatically substituted for Thomas E. Brandon, the former Acting Director of ATF. *See* Fed. R. Civ. P. 25(d).

Case 3:19-cv-00056-DJH-RSE   Document 15   Filed 05/28/19   Page 2 of 11 PageID #: 151

3.  This paragraph contains no allegation of fact to which a response is required; to the extent a response is required, denied.

4.  This paragraph consists solely of legal conclusions to which no response is required; to the extent a response is required, denied.

5.  This paragraph consists solely of legal conclusions to which no response is required; to the extent a response is required, denied.

## PARTIES

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.  Admit, except to deny any implication that ATF lacks "authority to issue the Final Rule."

8.  Denied that Matthew Whitaker is currently the Acting Attorney General; otherwise, admit, including to admit that William P. Barr is currently the Attorney General of the United States.

9.  As to the first sentence, admit that Defendant, Regina Lombardo, Acting Deputy Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, is the acting head of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Ms. Lombardo has been automatically substituted for former Acting Director Thomas Brandon by operation of Fed. R. Civ. P. 25(d); otherwise, deny. As to the second sentence, admit. As to the third sentence, admit that the Director of ATF is responsible for ATF's implementation, execution, and administration of ATF's responsibilities, including implementation and enforcement of the Final Rule; otherwise, deny.

10. This paragraph consists solely of a legal conclusion to which no response is required; to the extent a response is required, admit that the United States may be made a party to an action challenging final agency action.

2

## JURISDICTION AND VENUE

11. This paragraph consists of a legal conclusion to which no response is required; to the extent a response is required, admit.

12. The first sentence consists of Plaintiffs characterization of this action, to which no response is required. As to the second sentence, admit.

13. This paragraph consists of legal conclusions to which no response is required; to the extent a response is required, admit that Plaintiff has accurately described this Court's authority but deny that any such award would be appropriate in this action.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## STATEMENT OF FACTS COMMON TO ALL DEFENDANTS

15. Admit.

16. Admit.

17. Admit.

18. Admit that Plaintiff has accurately quoted the proposed rule.

19. Admit that Plaintiff has accurately quoted the proposed rule and the cited statutes. Otherwise, deny.

20. Admit that the proposed rule discussed ATF's previous interpretation of the definition of "machinegun" as reflected in ATF's past classification decisions and letter rulings. Otherwise, deny.

21. Admit that Plaintiff has accurately quoted the cited NPRM, which otherwise speaks for itself, and the Court is respectfully referred to the NPRM for a full and complete statement of its contents. Deny that Plaintiff's quotations provide a complete and accurate description of the

NPRM. The remainder of this paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, deny.

22. Admit that comments were required to be submitted on or before June 27, 2018. Deny that the "Firearms Policy Foundation" is a Plaintiff in this case. Defendants lack knowledge or information sufficient to form a belief as to when "FPF" submitted its comment, but admit that Regulations.gov records its public posting date as June 26, 2018. Admit that the cited comment raised numerous concerns. Otherwise, deny.

23. Admit that then-Acting Attorney General Whitaker issued a Final Rule with docket number 2018R-22F on December 18, 2018, and that that rule was available online at the cited URLs. Defendants lack knowledge or information sufficient to form a belief as to the date on which Plaintiff either obtained or reviewed the Final Rule. Otherwise, deny.

24. Admit.

25. Admit.

26. Admit that the Final Rule implements changes to 27 C.F.R. §§ 447.11, 478.11, & 479.11. Otherwise, deny.

27. Admit that the Final Rule contains the quoted language. Otherwise, deny.

28. Admit that the Final Rule contains the quoted language. Otherwise, deny.

29. Admit that the Final Rule contains the quoted language. Otherwise, deny.

30. Deny.

31. Admit that the NPRM contains the quoted language. Otherwise, deny.

32. Deny.

33. Deny.

34. Deny that the Federal Register website was not accepting comments. Defendants lack knowledge or information sufficient to form a belief as to what the Federal Register told people who complained they could not submit comments.

35. Deny.

36. Admit that the NPRM was associated with ATF's internal Docket Number 2017R-22; admit that the comment period for the ANPRM closed in January 2018. Otherwise, deny.

37. Admit that the first cited URL contains an article credited to Carl Bussjaeger and dated April 2, 2018. Otherwise, deny.

38. Admit that ATF referred Mr. Bussjaeger to the cited URL. Otherwise, deny.

39. Admit the Final Rule contains the quoted language. Otherwise, deny.

40. Deny.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. Defendants incorporate their Answers to paragraphs 1-44 of the Complaint as if set forth in full.

46. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, admit.

47. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

48. Deny.

49. Deny.

50. Deny.

51. Admit the Final Rule contains the quoted language. Otherwise, deny.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Deny that Plaintiff is entitled to any relief.

54. Deny.

55. Admit.

56. Admit that 200 multiplied by 520,000 equals 104,000,000. Otherwise, deny.

57. Deny.

58. Admit.

59. Deny.

60. Admit the cited comment contains the quoted language. Otherwise, deny.

61. Admit the cited comment contains the quoted language. Otherwise, deny.

62. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, admit that Plaintiff has properly quoted the cited sources, but deny that Plaintiff's quotations constitute a complete and accurate statement of the relevant law or that such law is applicable here.

63. Admit that Plaintiff has correctly quoted the cited source; otherwise, deny.

64. Deny.

65. Admit that Exhibit A to the Complaint contains the quoted language. Otherwise, deny.

66. Admit that Exhibit A to the Complaint contains the quoted language. Otherwise, deny.

67. Deny.

68. As to the first sentence, admit that bump-firing can be performed without a bump-stock-type device; otherwise, deny. As to the remainder of the paragraph, deny.

69. Deny.

70. Deny that Plaintiff is entitled to the relief requested, or any relief whatsoever.

71. Defendants incorporate their Answers to paragraphs 1-70 of the Complaint as if set forth in full.

72. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, admit that Plaintiff has properly quoted the cited sources, but deny that Plaintiff's quotations constitute a complete and accurate statement of the relevant law or that such law is applicable here.

73. As to the first sentence, admit that the definition of machinegun in 26 U.S.C. § 5845(b) contains the quoted language and that the definition of machinegun also includes the frame or receiver of such a weapon or parts or combinations of parts that could be converted or assembled into such a weapon. The remainder of this sentence consists of Plaintiff's legal conclusions about this definition, to which no response is required. As to the second sentence, admit that bump-stock-type devices enable shooters to shoot automatically through a self-acting or self-regulating firing mechanism and that bump-stock-type devices are machineguns within the statutory definition; otherwise, deny.

74. Admit that Plaintiff correctly quotes the cited letter to Rep. Perlmutter and that ATF previously concluded that some bump-stock-type devices were not machineguns; otherwise, deny.

75. Admit.

76. Admit.

77. Admit.

78. Admit.

79. Deny.

80. Deny.

81. Defendants incorporate their Answers to paragraphs 1-80 of the Complaint as if set forth in full.

82. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, admit that 26 U.S.C. § 7805(b) contains the quoted language; otherwise, deny.

83. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

84. Defendants incorporate their Answers to paragraphs 1-83 of the Complaint as if set forth in full.

85. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, admit that Plaintiff has properly quoted the cited sources, but deny that Plaintiff's quotations constitute a complete and accurate statement of the relevant law or that such law is applicable here.

86. Admit the NPRM contains the quoted language. Otherwise, deny.

87. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, admit the NPRM contains the quoted language; otherwise, deny.

88. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

89. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

90. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

91. Defendants incorporate their Answers to paragraphs 1-90 of the Complaint as if set forth in full.

92. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, admit that Plaintiff has properly quoted the cited sources, but deny that Plaintiff's quotations constitute a complete and accurate statement of the relevant law or that such law is applicable here.

93. Admit that the NPRM contains the quoted language. Otherwise, deny.

94. Admit that the NPRM contains the quoted language. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, deny.

95. Deny that Plaintiff is entitled to the relief requested, or any relief whatsoever.

96. Defendants incorporate their Answers to paragraphs 1-95 of the Complaint as if set forth in full.

97. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, admit that Plaintiff has properly quoted the cited sources, but deny that Plaintiff's quotations constitute a complete and accurate statement of the relevant law or that such law is applicable here.

98. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, deny.

99. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, deny.

100. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, deny.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever. Defendants further deny that Plaintiff is entitled to any relief broader than that necessary to remedy any injury of his own that he has suffered.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

WHEREFORE, having fully answered, Defendants respectfully state that:

1. This Court should enter judgment for Defendants and dismiss this action with prejudice; and

2. Defendants should be granted such further relief as the Court may deem just and proper.

DATED this 28th day of May, 2019.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

MATTHEW J. GLOVER
Counsel

<u>/s/Tim Thompson, with permission, for Michael F. Knapp</u>
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
MICHAEL F. KNAPP (CA Bar #314104)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 11304
Washington, DC 20530
Telephone: (202) 305-8613
Fax: (202) 616-8470
Email: Michael.Knapp@usdoj.gov
*Counsel for Defendants*