Products - AR-15 | Slide Fire® - Superior Performance Gun Stocks                    Page 3 of 5



## S.P.A.D.E.

The S.P.A.D.E. is a lower receiver end plate designed for use on the AR-15 platform. Compatible with all stocks, the S.P.A.D.E. provides an attachment point for single point straps.

**MORE DETAILS**                    $19.95

## 4.5 LB CURVED TRIGGER

Reg: $179.95 The 4.5lb. Full Trigger Group has a curved, single stage action trigger that is a totally self-contained, one piece assembly. This revolutionary design will give you superior trigger performance and installs in minutes.

**MORE DETAILS**                    $149.95

## RAIL PACKS

These rail sections are designed as a continuous Mil-Spec Picatinny Rail compatible with most AR accessories.

**MORE DETAILS**                    $18.95







## THREADED TRIGGER PINS

The Slide Fire® Threaded Trigger Pins are designed for the AR-15 and AR-10 and improves mechanical reliability.

**MORE DETAILS**                    $12.95

## E-CLIPS TRIGGER PINS

The Slide Fire® Eclips Trigger Pins are designed for the AR-15, AR-10, and M4® 15.223. These replace the standard trigger pins and improves mechanical reliability.

**MORE DETAILS**                    $8.95

## SPANNER WRENCH

The Slide Fire® Spanner Wrench is designed for easy installation and removal of the castle nut nut found on the AR Platform Rifles.

**MORE DETAILS**                    $10.95

AR000831

Case 3:19-cv-00056-DJH-RSE   Document 29-2   Filed 12/17/19   Page 2 of 100 PageID #: 269



### AR-15 TAKEDOWN PINS

Stop worrying about scratching your receiver finish with punches or screwdrivers by installing our hassle-free, pull take down pins. Perfect for ease of cleaning or changing out multiple uppers, our takedown pins are designed with an

**MORE DETAILS**

$16.99

### MZB R-600

The Slide Fire® R-600 Muzzle Brake offers blast diversion with a sleek, streamlined look. By forward facing gas ports it redirects the gas and sound downrange and away from the shooter and bystanders.

**MORE DETAILS**

$39.95

### SSAR-15 CONVERSION KIT

The SSAR-15® Conversion kit contains all the pins and tools necessary to convert an AR-15 with an A2 fixed stock to a six position buffer extension compatible with the SSAR-15®.

**MORE DETAILS**

$59.95



### MIL SPEC BUFFER TUBE

Works on the AR Platform. Our Mil-Spec Buffer Tube is consistently machined along the horizontal axis and has been threaded so that when installed the buffer tube is precisely aligned with the lower receiver.

**MORE DETAILS**

$24.95

| COMPANY | MEDIA | EMAIL UPDATES |
| --- | --- | --- |
| About Us | Videos | Get Slide Fire® Updates |
| Product Catalog | Product Patents | email address |
| Legal Information | Slide Fire® Images | |
| Warranty Information | BATFE Approval Letter | |

AR000832

Products - AR-15 | Slide Fire® - Superior Performance Gun Stocks

| http://www.slidefire.com:80/products/ar-platform | Dealer Application | Go | JAN FEB MAR | | ? |
|---|---|---|---|---|---|
| **127 captures** Customer Service | Locate a Dealer | | **SUBMIT** | | |
| 4 Oct 2011 - 9 Dec 2016 | | | **2014** 2015 **2016** | * About this capture | |

Copyright 2015 Slide Fire. All Rights Reserved.

AR000833

| http://www.slidefire.com/products/ar-platform | Go | DEC JAN APR | ◀ **28** ▶ | 2015 2017 2018 |
| --- | --- | --- | --- | --- |
| **127 captures** | | | | |
| 8 Dec 2013 - 8 Dec 2018 | | | | ▾ About this capture |

# AR15 BUMP FIRE STOCKS

American manufactured bump fire stocks and rifle components that
were designed and developed to equip our patented bump fire setup
on the AR-15 rifle platform

FREE SHIPPING: GET FREE GROUND SHIPPING ON ALL U.S. ORDERS! *RIFLES
EXCLUDED*







**BUILT FOR THE AR PLATFORM**
SBS X15 STANDARD KIT
$299.95

[ SHOP NOW ]

**SSAR-15® SBS & X-15 DRUM**
SBS X15 SKELETON KIT
$399.95

[ SHOP NOW ]

**BUILT FOR THE AR PLATFORM**
SBS X15 ULTIMATE KIT
$425.95

[ SHOP NOW ]

AR000834

Slide Fire® Bump Fire Stocks and Parts | AR15 Bump Fire Stocks | Slide Fire® Freedom ...   Page 2 of 3



AR000835

Slide Fire® Bump Fire Stocks and Parts | AR15 Bump Fire Stocks | Slide Fire® Freedom ...   Page 3 of 3



CASTLE LOCK WRENCH
SPANNER WRENCH

$10.95

ACCESSORY MOUNTS
RAIL PACKS

$18.95

SINGLE STAGE TRIGGER
3.5 LB CURVED TRIGGER

$179.95

IMPROVES RELIABILITY
THREADED TRIGGER PINS

$12.95

SHOP NOW

IMPROVES RELIABILITY
E-CLIPS TRIGGER PINS

$8.95

SHOP NOW

IMPROVES RELIABILITY
AR-15 TAKEDOWN PINS

$16.95

SHOP NOW

AR000836

Bump Fire Systems – Texas, United States                                    Page 1 of 3





Menu

# What is Bump Fire?

Did you know that you can do simulated full-auto firing and it is absolutely legal?
Bump Fire Systems is here to introduce you to Bump Fire Stock, that allows you to
recreate the feeling of automatic firing. You can use it with your semiautomatic
weapon by gripping the fore-end of the barrel and pulling it forward. Bump Fire
uses a gun's recoil to shoot multiple rounds.



Bump Fire Systems AR15 Stock

# Why is it Legal?                                            0

Search Products⊘

AR000837

Bump Fire Systems – Texas, United States

http Bumpfire Stock is legal because it is incapable of initiating an automatic firing cycle that continues until either the finger is released or the ammunition is exhausted. Firearms Technology Branch (FTB) finds that the product is not a machine gun as defined under the Gun Control Act, 18 U.S.C.921(a)(23) You can find complete ATF approval here.



Bump Fire Stock for AK 47 / 74 platform

**Cart**

**Products**

AK47 Bump Fire Stock
$99.95–$99.99

AR15 Bump Fire Stock
$99.99

0

Search Products⊘

AR000838

Bump Fire Systems – Texas, United States

| http://bumpfiresystems.com/ | Go | NOV FEB APR |
|---|---|---|
| **150 captures** | | ◀ **14** ▶ |
| 2 Mar 2014 – 23 Oct 2018 | | 2016 2017 2018 |

▾ About this capture

© Bump Fire Systems 2017

Bump Fire Systems products are licensed by Slide Fire® Solutions, Inc.  **Terms and Conditions   Privacy Policy**

Search Products◆

AR000839



## What is Bump Fire?

Did you know that you can do full-auto firing and it is absolutely legal? Bump Fire Systems is here to introduce you to Bump Fire Stock, that allows you to recreate the feeling of automatic firing. You can use it with your semiautomatic weapon by gripping the fore-end of the barrel and pulling it forward. Bump Fire uses a gun's recoil to shoot multiple rounds.

## Why is it Legal?

AR000840

Bump Fire Systems is legal because it is incapable of initiating an automatic firing cycle that continues until either the finger is released or the ammunition is exhausted. Firearms Technology Branch (FTB) finds that the product is not a machine gun as defined under the Gun Control Act, 18 U.S.C.921(a)(23). You can find complete ATF approval here.

McAfee SECURE Website

BUY NOW

AR15 BLK
$149.99 $99.99



AR000841

BUMP FIRE SYSTEMS

http://bumpfiresystems.com/

GO

JAN FEB MAR

◀ **19** ▶

2014 2016 2017

AR15 FIRE
~~$149.99~~ $99.99

AR15 PNK
~~$149.99~~ $99.99

AR15 OD
~~$149.99~~ $99.99

AK-47/74 BLK
~~$149.99~~ $99.99

AK47/74 Zastava
~~$149.99~~ $99.99

S&W; M&P15-22;
~~$149.99~~ $99.99

Saiga 12
~~$149.99~~ $99.99

AR000842



SKS
http://bumpfiresystems.com/
~~$149.99~~ $99.99
150 captures
2 Mar 2014 - 23 Oct 2018

JAN FEB **MAR**
◄ **19** ►
**2014** 2016 **2017**



Saiga 12 Shotguns
~~$149.99~~ $99.99

Your Cart

Join Our Newsletter

Email Address:  Your email address      SUBSCRIBE

Announcement!

We have new stocks available now!

AK47 AMD65

We Have Saiga 12

We Have S&W; M&P15-22;

Order Today!

ATF Approved

AR000843

BUMP FIRE SYSTEMS

Page 5 of 5



Privacy Policy   Terms and Conditions
© 2016 BUMP FIRE SYSTEMS. All Rights Reserved.

## SCOTT L. BRAUM & ASSOCIATES, LTD.

Attorneys at Law
812 East Franklin Street
Suite C
Dayton, Ohio 45459
937-396-0089

WRITER'S EMAIL
irc@braumlaw.com

WRITER'S FACSIMILE
937-396-1046

January 24, 2018

Vivian Chu
Mailstop 6N-518
Office of Regulatory Affairs
Enforcement Programs and Services
Bureau of Alcohol, Tobacco, Firearms, and Explosives
99 New York Avenue NE
Washington, D.C. 20226
ATTN: 2017R-22

      RE:    Bureau of Alcohol, Tobacco, Firearms, and Explosives
              ANPRM Docket # 2017R-22

Dear Ms. Chu:

The attorneys at our firm have for decades advised domestic and international clients with regard to legal and regulatory matters pertaining to the sale and distribution of firearms. We have worked extensively in the sectors of business regulated by the Gun Control Act and the National Firearms Act, and our firm's clientele includes a number of manufacturers, distributors, and retailers of firearms as well as firearm accessories such as those that are the subject of the above-referenced advance notice of proposed rulemaking. We are familiar with virtually every aspect of firearm laws and regulations as well as the practical workings of the industry and its marketing/distribution channels, etc. In our experience, in response to Question No. 6 of ATF's ANPRM, bump stocks have been marketed as a safe, legal, and effective means of bump-firing a semi-automatic firearm without compromising the shooter's aim and accuracy in the way that such is compromised when bump-firing a firearm without a bump stock.

Bump-firing is a shooting technique that has been practiced with semi-automatic firearms for decades and does not require any special device such as those that are the subject of the ANPRM. A search of youtube.com for bump-firing videos will demonstrate that shooters can effectively bump-fire semi-automatic firearms both from hip and from the shoulder. The process involves using the recoil of a semi-automatic firearm to remove the shooter's finger from the trigger allowing it to naturally reset for a subsequent pull/shot. Shooters have been bump-firing semi-automatic firearms since long before ATF correctly deemed bump stock devices not to be "machineguns." Since ATF's prior determination, however, bump stock devices have been purchased and enjoyed by thousands of shooters around the country.

SCOTT L. BRAUM AND ASSOCIATES, LTD
January 24, 2017
Page 2

The marketing of bump stocks as a legal, safe, and effective means to assist the natural reset of a semi-automatic firearm is in keeping with Congress' definition of "machinegun," which is not a matter of interpretation, and is not in any way ambiguous. "A machinegun is a weapon that fires 'automatically more than one shot, without manual reloading, by a single function of the trigger.'" *See, Akins v. United States,* 312 Fed. Apx. 197, 200 (11th Cir. 2009); *citing* 26 U.S.C. § 5845(b). Moreover, the definition of machinegun also includes any "combination of parts designed and intended for use in converting a weapon into a machinegun." *See,* 26 U.S.C. 5845(b). Accordingly, whether ATF -- or anyone else -- wants a firearm or device to be deemed a machinegun is inapposite to the question of whether such actually is a machinegun as that term is defined by the law. The only proper question in analyzing a bump stock or anything else is whether such enables a firearm to fire more than one round with "a single function of the trigger" -- a phrase that has been defined and applied consistently for years. If a device enables a firearm to fire more than one round per a single function of the trigger, then it is a "machinegun." If it does not, then it is not a "machinegun," and it is beyond ATF's administrative authority to add anything to that analysis.

"Single function of the trigger" is clearly defined and objectively provable, relating entirely to the actual functioning of a firearm's mechanisms. For instance, ATF and courts have observed that, at the very least, the pulling of a trigger from its forward position to its backward position constitutes a "function." *See, e.g., Staples v. United States,* 511 U.S. 600 (1994). For purposes of the analysis of bump stocks, there can be no question that each separate pull of a trigger constitutes a separate function of the trigger, and the marketing and operation of bump stocks has been consistent with the statutory definition. That is, a bump stock does not alter the mechanical working of a firearm in the way that, for instance, installation of an auto sear would. Rather, it merely facilitates a shooter's operation of a semi-automatic firearm by separating the shooter's finger from the trigger allowing the trigger to naturally reset without resistance from the shooter.

Determinative of whether a bump stock may be properly deemed a machinegun is whether it enables a firearm to fire more than one round per single function of the trigger: nothing more, nothing less. How many rounds per minute a firearm may be made to fire or whether that number exceeds some imagined maximum is irrelevant to ATF's classification and is not a factor in "interpreting" the statute. That a bump stock operates to assist the shooter in the releasing of a firearm's trigger is of no legal consequence when the clear language of the law is applied. The bump stocks that are the subject of ATF's proposed rulemaking still require a forward movement of the firearm's trigger to accomplish trigger reset in order to fire a subsequent round on a subsequent rearward pull. Bump fire stocks do not provide mechanical assistance relative to the pull of the trigger, and they are not marketed as doing so. Rather, each subsequent shot necessitates a human-powered rearward pull that is entirely unassisted by a bump stock.

AR001008

SCOTT L. BRAUM AND ASSOCIATES, LTD
January 24, 2017
Page 3

"The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.'" *See, Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213 (1976). Here, Congress has defined what a machinegun is. Because a semi-automatic firearm with a bump stock attached still fires only one round per single function of the trigger, no interpretation of the clear language of the law can be employed to classify such as a machinegun and any rule promulgated to reach such a result would be improper.

Very truly yours,

Timothy R. Rudd

TRR:sdh

cc:     Scott L. Braum

AR001009



# Bump stocks were supposedly made for disabled people. That's not how they're actually being used.

By Alison Durkee | Oct. 4, 2017

"Bump stocks," an add-on accessory for semi-automatic weapons, are being thrust into the national spotlight after they were used in Sunday's deadly shooting in Las Vegas.

The tool enables a semi-automatic weapon to mimic the speed of an automatic one, which are largely restricted to the general public. Bump

AR001052

stocks replace a gun's stock with a sliding stock and trigger guard, NBC News reported. The shooter's finger comes in contact with the trigger by holding the pistol grip with one hand and pushing forward on the gun's barrel with the other, according to the *Associated Press*, which allows the recoil action after the gun is fired to move the gun back and forth, "bumping" the shooter's finger against the trigger at a high speed.

Following the Las Vegas shooting, 12 of these bump stocks were discovered on firearms in the hotel room of Stephen Paddock, the suspected shooter, CNN reported.



Paid by Innocent Man    7 days ago

## How false confessions became an American criminal justice phenomenon

By John Surico

Understanding the motivations and tactics that lead innocent

But why were these deadly tools made in the first place? Supposedly, the devices were invented in 2010 to better enable those with disabilities to shoot a gun, according to the *AP*.

In a 2010 letter from the Bureau of Alcohol, Tobacco, Firearms and Explosives to leading bump stock manufacturer Slide Fire Solutions, ATF noted that according to Slide Fire, the device "is intended to assist persons whose hands have limited mobility to 'bump-fire' an AR-15 type rifle."

AR001053

Bump stocks were supposedly made for disabled people. That's not how they're actually ...   Page 3 of 8

A similar claim was made by another manufacturer, Bump Fire Systems, according to the *Los Angeles Times*.



Bump Fire Stocks - AR15 - SSAR-15 - Slide Fire - Freedom...

A demonstration of the bump stock released by Slide Fire Solutions Slide Fire Solutions/YouTube

## Accessibility may not have been the real intent behind the bump stock's creation

Though manufacturers may cite accessibility as the reason behind the device to the government, the bump stock wasn't necessarily created with a disabled demographic in mind — even by the admission of its inventor.

In a 2016 interview with *Ammoland*, Slide Fire inventor Jeremiah Cottle said he developed the Slide Fire stock "to make bump firing safer and more controlled," and that the product was geared not to a disabled population, but rather to "people, like me, [who] love full auto."

AR001054

Case 3:19-cv-00056-DJH-RSE   Document 29-2   Filed 12/17/19   Page 21 of 100 PageID #: 288

Bump stocks were supposedly made for disabled people. That's not how they're actually ...   Page 4 of 8

Similarly, in an interview with *Guns America* in 2011, Cottle said the product's speed, not accessibility, when discussing what the bump stock could accomplish.

"The Slide Fire simply allows you to shoot as fast as you want to," Cottle said. "It just helps you fire the gun in semi-automatic very fast. You don't need an auto-sear. You can fire the gun yourself as fast as you want."

These able-bodied gun owners seeking speed — and the feel of an automatic weapon — are apparently the device's primary market. North Carolina gun store manager Dorothy Royal told the *AP* in 2013 that while she does sell bump stocks to wounded veterans, an estimated 70% of her buyers have no visible disability.

"In the last 25 years that I've been working with [machine guns] there hasn't been anything that really gave you something you would think was close to a full auto. Until now," YouTube user BigShooterist said about the bump stock in a video quoted by the *Trace*.



AR001055



Shooting instructor Frankie McRae aims an AR-15 rifle fitted with a "bump stock" at his 37 PSR Gun Club in Bunnlevel, North Carolina. Allen G. Breed/AP

## Bump stocks remain legal through a subtle loophole

Though it's illegal to modify internal components of semi-automatic weapons to make them automatic, the BBC noted, adding attachments to fire more quickly is allowed.

"The stock has no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed," the ATF's letter to Slide Fire Solutions noted in declaring the device's legality. "Accordingly, we find that the 'bump-stock' is a firearm part and is not regulated as a firearm."

The functionality of the bump stock, which requires the shooter's finger to repeatedly hit the trigger to fire multiple shots, also differs from the legal definition of a machine gun, which is a gun that can fire multiple shots "by a single function of the trigger," the *LA Times* reported.

"A lot of discussion was made over it, and there was a lot of thought put into it," Richard Vasquez, the former acting chief of the Firearms Technology Branch of the ATF, told the *Times* about the decision to allow bump stocks. "When we looked at it ... we could not fit it into the definition [of a machine gun].

"That's all a government agency can do, because Congress writes the laws," Vasquez said.

## Bump stocks are now under increased scrutiny

AR001056

Case 3:19-cv-00056-DJH-RSE  Document 29-2  Filed 12/17/19  Page 23 of 100 PageID #: 290

Bump stocks were supposedly made for disabled people. That's not how they're actually ...    Page 6 of 8

'n the wake of the attachment's use in the Las Vegas shooting, however, that legality could soon change. Sen. Dianne Feinstein (D-Calif.) introduced a bill Wednesday that would ban the sale and usage of bump stocks and other devices that allow semi-automatic weapons to mimic automatic ones.

 **Sen Dianne Feinstein**
@SenFeinstein

Automatic weapons are illegal, but devices like bump stocks that modify a gun to fire at fully-automatic rates ARE legal. That makes no sense. We introduced a bill today to close that loophole. feinstein.senate.gov/public/index.c...

3,818   12:39 PM - Oct 4, 2017

**Feinstein, Colleagues Introduce Bill to Clos...**
Washington—Senate Judiciary Committee Ranking Member Dianne Feinstein (D-Calif.) and a number of Democrats today introduced the feinstein.senate.gov

1,728 people are talking about this

Though Feinstein introduced a similar measure in 2013, which ABC News reported failed in a Senate vote of 40-60, there are signs that her renewed effort could potentially garner bipartisan support.

"I think it'd be a good time to have a hearing," Sen. Lindsey Graham (R-S.C.), told NBC News about bump stocks and similar devices. "Just find out, 'How does the technology work?' and is there a legislative solution."

AR001057

Case 3:19-cv-00056-DJH-RSE Document 29-2 Filed 12/17/19 Page 24 of 100 PageID #: 291

Bump stocks were supposedly made for disabled people. That's not how they're actually ...   Page 7 of 8

Sen. Dean Heller (R-Nev.) also said it may be worth looking into how these now-legal attachments can be outlawed in the wake of the deadly Las Vegas attack.

"One of the concerns that I have is the ability to manipulate a semi-automatic rifle and turn it into a fully automatic rifle," Heller said, according to NBC News. "There has to be a way to be able to stop this."

Share:        Share            Tweet            Email            Copy link

By
Alison
Durkee
Contributor,
Navigating
Trump's
America

Email    Follow

AR001058

Bump stocks were supposedly made for disabled people. That's not how they're actually ...   Page 8 of 8

CONNECT WITH MIC

COMPANY

About    Archive    Careers    Company News    Contact    Editorial Standards    Legal

Style Guide    Tips    Topics

© 2018 Mic Network Inc. All rights reserved.

AR001059

Bump Stocks
Public Comments n(Individual)

Retail Price of Bump Stocks                                          Cost

| Low | High | Source | After Vegas | |
|---|---|---|---|---|
| $100 | $300 | | | |
| | 450 | Budsgunshop.com | | |
| $100 | $500 | | | |
| 100 | 350 | | $1,000 | disabilities |
| $150 | | | | |
| $200 | $300 | | | makeshift $75 |
| $100 | 250 | | | |
| $100 | $500 | | | |
| $200 | $900 | | | |
| $50 | | | | |
| $96 | $280 | | | |
| $100 | $200 | | $400 | |
| $350 | $450 | | | |
| $150 | $250 | | | |
| $100 | $500 | | | |
| $250 | $400 | | | |
| $86 | $5,000 | https://www.gunbroker.com/ | | |

FOR DEVELOPING
NPRM

ECON ANALYSIS
2.26.18. xlsx

**Bump Stocks**
Public comments (Retailer)

| | years selling | annual sold | Sale Price 2011-2012 | 2013-2018 | Gross Receipts 2014-2016 per year | 2017 |
|---|---|---|---|---|---|---|
| 1 | 2011 to present | 3800 http://ww | $300 | $190 | $140,000 | $240,000 |
| 2 | 2011 to present | 60 | $300 | $300 | 1800 | 1800 |

| | | Feb-18 | Feb-17 | Feb-16 | Feb-15 | Feb-14 | Feb-13 | Feb-12 | Feb-11 | Feb-10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Bumpfire Systems | N/A | | $99.99 | $99.99 | $99.99 | N/A | | | | |

https://web. https://we https://web.archive.org/web/20150221050223/http://bumpfiresystems.com/

| Slide fire | Jan-18 | Feb-16 | Feb-15 | Feb-14 |
|---|---|---|---|---|
| | $299.95 | $269.95 | $369.95 | N/A |
| | $399.95 | $149.95 | $39.95 | |
| | $425.95 | $135.95 | | |
| | $299.95 | $59.95 | | |
| | $199.95 | | | |
| | $199.95 | | | |
| | $179.95 | | | |

https://web.archive.org/web/20170128085532/http://www.slidefire.com/products/ar-platform
https://web. https://web.archive.org/web/20150218025031/http://www.slidefire.com:80/products/ar-platform

Fos Tech LLC
TAC Con INC
Freedom Ordnance LLC
Bair Arms LLC
Gunbroker.com

https://www.gunbroker.com/All/search?Keywords=bump+stock
Price Range: $190.00 to $430.00;
Average Price over 13 models: $303.46

AR001137

| Docket ID | Docket Title | Agency | Docket Type | Petition Number | RIN |
|---|---|---|---|---|---|
| ATF-2018-0001 | ANPRM on "Bumpfire" Stocks and Other Similar Devices. | ATF | Rulemaking | N/A | 1140-AA52 |

| Submitter Last Name | Submitter First Name | Organization | Document ID | Posted Date | Received Date | Document Detail |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | ATF-2018-0001-0001 | 12/26/2017 | 12/26/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0001 |
| Coleman | Grant | N/A | ATF-2018-0001-0002 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0002 |
| Whitmire | Charlotte | N/A | ATF-2018-0001-0003 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0003 |
| Howell | Simon | N/A | ATF-2018-0001-0004 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0004 |
| Schetrompf | Philip | N/A | ATF-2018-0001-0005 | 1/3/2018 | 12/28/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0005 |
| Buck | John | N/A | ATF-2018-0001-0006 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0006 |
| Holcomb | Monte | N/A | ATF-2018-0001-0007 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0007 |
| Edmonds | Matt | N/A | ATF-2018-0001-0008 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0008 |
| Netherly | Steven | N/A | ATF-2018-0001-0009 | 1/3/2018 | 12/28/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0009 |
| Herbstreit | Kyle | N/A | ATF-2018-0001-0010 | 1/3/2018 | 12/28/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0010 |
| Williams | Charles | N/A | ATF-2018-0001-0011 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0011 |
| Anonymous | Anonymous | N/A | ATF-2018-0001-0012 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0012 |
| Anonymous | Anonymous | N/A | ATF-2018-0001-0013 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0013 |
| Hutchins | William | N/A | ATF-2018-0001-0014 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0014 |
| deJongh | Joseph | N/A | ATF-2018-0001-0015 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0015 |
| Barrett | Chad | N/A | ATF-2018-0001-0016 | 1/3/2018 | 12/30/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0016 |
| Biek | Matthew | N/A | ATF-2018-0001-0017 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0017 |
| miller | bryan | N/A | ATF-2018-0001-0018 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0018 |
| Cook | Steven | N/A | ATF-2018-0001-0019 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0019 |
| Steiner | Jim | N/A | ATF-2018-0001-0020 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0020 |
| Groulx | Joseph | N/A | ATF-2018-0001-0021 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0021 |
| Miller | Nick | N/A | ATF-2018-0001-0022 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0022 |
| Weatherby | Leon | N/A | ATF-2018-0001-0023 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0023 |
| Mollman | David | N/A | ATF-2018-0001-0024 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0024 |
| Hart | Tom | bmft | ATF-2018-0001-0025 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0025 |
| Jensen | Ryan | N/A | ATF-2018-0001-0026 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0026 |
| Evans | Phillip | N/A | ATF-2018-0001-0027 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0027 |
| Calloway | David | N/A | ATF-2018-0001-0028 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0028 |
| Graves | Zayne | N/A | ATF-2018-0001-0029 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0029 |
| Locke | David | N/A | ATF-2018-0001-0030 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0030 |
| Bailey | Paul | N/A | ATF-2018-0001-0031 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0031 |
| Do | Steve | N/A | ATF-2018-0001-0032 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0032 |
| Morgan | Willis | N/A | ATF-2018-0001-0033 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0033 |
| Marchese | Dean | N/A | ATF-2018-0001-0034 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0034 |
| Hayward | Scott | N/A | ATF-2018-0001-0035 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0035 |
| Rathbun | Anthony | N/A | ATF-2018-0001-0036 | 1/3/2018 | 12/30/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0036 |
| Davis | Jon | N/A | ATF-2018-0001-0037 | 1/3/2018 | 12/30/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0037 |
| Jestis | Michael | N/A | ATF-2018-0001-0038 | 1/3/2018 | 12/30/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0038 |
| Lakes | Ken | N/A | ATF-2018-0001-0039 | 1/3/2018 | 12/29/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0039 |
| Foss | Jason | N/A | ATF-2018-0001-0040 | 1/3/2018 | 12/28/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0040 |
| Gilliland | John | N/A | ATF-2018-0001-0041 | 1/3/2018 | 12/26/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0041 |
| Schwartz | Michael | N/A | ATF-2018-0001-0042 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0042 |
| LeRay | Simon | N/A | ATF-2018-0001-0043 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0043 |
| Dent | Walter | N/A | ATF-2018-0001-0044 | 1/3/2018 | 12/27/2017 | https://www.regulations.gov/document?D=ATF-2018-0001-0044 |

## NPRM Total Numbers

Total From FDMS = 101,025

-DNP→ 5949→ FDMS spreadsheet says **5944**

-Posted→ **95081** (last cmt # = 95089)

+ Daily Kos In Support Petition from FDMS submission: 51,431 (but when adding less 1 cuz already 1 entered and is included in Posted)

+ 2 paper support petitions—but add 1 to FDMS # (b/c FDMS already counted 1/2 with entry)

+ 18 paper support petitions- but add 17 to FDMS #

+ NAGR Paper Petition 25,874- but add 25,873 to FDMS #

+ NAGR E-Faxes 14,880

+ NAGR Paper Fax 52 but add 51 to the FDMS #

**Grand TOTAL:**  101,025+ 51,430 +17 +1+ 25,873 + 14,880 + 51= **193,277**

Less true duplicates caught after = **1,131**

Less DNP folder 5944  + other DNP caught after  99 = **6,043**

**Comments Received that Meet Submission Guidelines Total = 186,103**

- Unique comments for (D1 [12,275] + E1 [40,923]) = **53,198**
- Form Letters 4 = **14,618** (issues covered = E2- threat pub safety, E9 circumvent)
- Paper petition = **18** (add to D1 #)
- Daily Kos = **51,430** (add to D1 #)
  - o **TOTAL SUPPORT: 119,264**

- Unique comments against (B1 [797]+C1 [11,945])= **12,742**
- Form Letter Against FL 1= **11,753** (C3, C7- impact other SA firearms, C9- 2A, )
- Form Letter Against FL 2= **424** (C10- SOP, C7, C3)
- Form Letter Against FL 3 =**459** (C10, C70 impact other SA Firearms)
- NAGR Petition Total= **40,804** (C11, C7, C13)
  - o **TOTAL AGAINST= 66,182**

**119,263+66,182+657 (A1)= 186,103**

FOR DEVELOPING
FR
NPRM Total
Numbers

| Docket ID | Docket Title | Agency | Docket Type | Petition Number | RIN |
|---|---|---|---|---|---|
| ATF-2018-0002 | Bump-Stock-Type Devices | ATF | Rulemaking | N/A | 1140-AA52 |

| Submitter Last Name | Submitter First Name | Organization | Document ID | Posted Date | Received Date | Document Detail |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | ATF-2018-0002-0001 | 3/29/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0001 |
| Dawson | WS | N/A | ATF-2018-0002-0002 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0002 |
| Stettler | Jonathan | N/A | ATF-2018-0002-0003 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0003 |
| Armknecht | Kevin | N/A | ATF-2018-0002-0004 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0004 |
| Douvier | Ryan | N/A | ATF-2018-0002-0005 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0005 |
| Saget | Bob | N/A | ATF-2018-0002-0006 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0006 |
| Smith | Matthew | N/A | ATF-2018-0002-0007 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0007 |
| Mandl | James | N/A | ATF-2018-0002-0008 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0008 |
| Owens | John | N/A | ATF-2018-0002-0009 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0009 |
| Guinta | Matthew | N/A | ATF-2018-0002-0010 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0010 |
| bergman | jeffrey | N/A | ATF-2018-0002-0011 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0011 |
| Bellomo | Thane | N/A | ATF-2018-0002-0012 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0012 |
| Codrea | David | Unorganized Militia | ATF-2018-0002-0013 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0013 |
| Martineau | Stephen | N/A | ATF-2018-0002-0014 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0014 |
| Peal | David | N/A | ATF-2018-0002-0015 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0015 |
| Mullins | Cody | N/A | ATF-2018-0002-0016 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0016 |
| Kent | Heston | N/A | ATF-2018-0002-0017 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0017 |
| Smith | Christopher | N/A | ATF-2018-0002-0018 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0018 |
| Cruze | Justin | N/A | ATF-2018-0002-0019 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0019 |
| Phillips | Danny | N/A | ATF-2018-0002-0020 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0020 |
| McCune | Tim | N/A | ATF-2018-0002-0021 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0021 |
| Wasome | F.U. | N/A | ATF-2018-0002-0022 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0022 |
| Quesenberry | Austin | N/A | ATF-2018-0002-0023 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0023 |
| Frischer | Robert | N/A | ATF-2018-0002-0024 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0024 |
| Shimshak | Isaac | N/A | ATF-2018-0002-0025 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0025 |
| Ellenburg | Chris | N/A | ATF-2018-0002-0026 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0026 |
| Yang | Timothy | N/A | ATF-2018-0002-0027 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0027 |
| C | D | N/A | ATF-2018-0002-0028 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0028 |
| R | J | N/A | ATF-2018-0002-0029 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0029 |
| Phillips | Jarek | N/A | ATF-2018-0002-0030 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0030 |
| Genschaw | Alexander | N/A | ATF-2018-0002-0031 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0031 |
| Lucci | Joseph | N/A | ATF-2018-0002-0032 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0032 |
| Smith | Jack | N/A | ATF-2018-0002-0033 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0033 |
| Massey | Billy | N/A | ATF-2018-0002-0034 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0034 |
| Fincannon | Colton | N/A | ATF-2018-0002-0035 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0035 |
| LaFleur | Charles | N/A | ATF-2018-0002-0036 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0036 |
| Blashka | James | N/A | ATF-2018-0002-0037 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0037 |
| Clavell | Tyler | N/A | ATF-2018-0002-0038 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0038 |
| Gipson | Gordon | N/A | ATF-2018-0002-0039 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0039 |
| Magaro | Jeremy | N/A | ATF-2018-0002-0040 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0040 |
| Curlin | Phillip | N/A | ATF-2018-0002-0041 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0041 |
| Douvier | Anna | N/A | ATF-2018-0002-0042 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0042 |
| Lancaster | Robert | N/A | ATF-2018-0002-0043 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0043 |
| Georgeson | Davis | N/A | ATF-2018-0002-0044 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0044 |
| Britt | Warren | N/A | ATF-2018-0002-0045 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0045 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Anonymous | Zacary | N/A | ATF-2018-0002-0046 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0046 |
| Baker | Scott | N/A | ATF-2018-0002-0047 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0047 |
| Wilson | Neil | N/A | ATF-2018-0002-0048 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0048 |
| Danos | Raymond | N/A | ATF-2018-0002-0049 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0049 |
| Struckman | Glenn | N/A | ATF-2018-0002-0050 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0050 |
| HANSEN | BRET | N/A | ATF-2018-0002-0051 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0051 |
| Denny | Christopher | N/A | ATF-2018-0002-0052 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0052 |
| Katchick | Matthew | N/A | ATF-2018-0002-0053 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0053 |
| beu | zion | N/A | ATF-2018-0002-0054 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0054 |
| Anspaugh | Craig | N/A | ATF-2018-0002-0055 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0055 |
| Winkleman | Stephen | N/A | ATF-2018-0002-0056 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0056 |
| Smyth | Alexander | N/A | ATF-2018-0002-0057 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0057 |
| Ellis | AJ | N/A | ATF-2018-0002-0058 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0058 |
| Kimpton | Thomas | N/A | ATF-2018-0002-0059 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0059 |
| Omodt | Benjamin | N/A | ATF-2018-0002-0060 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0060 |
| Kufchak | Geoffry | N/A | ATF-2018-0002-0061 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0061 |
| anderson | joseph | N/A | ATF-2018-0002-0062 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0062 |
| Stocking | James | N/A | ATF-2018-0002-0063 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0063 |
| Hewitt | Frank | N/A | ATF-2018-0002-0064 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0064 |
| Stelton | Corey | N/A | ATF-2018-0002-0065 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0065 |
| Vigil | Paul | N/A | ATF-2018-0002-0066 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0066 |
| Wood | William | Mr. | ATF-2018-0002-0067 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0067 |
| jones | bill | N/A | ATF-2018-0002-0068 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0068 |
| Trinidad | Diesther | N/A | ATF-2018-0002-0069 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0069 |
| M | Ronan | N/A | ATF-2018-0002-0070 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0070 |
| Celkan | Teoman | N/A | ATF-2018-0002-0071 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0071 |
| Phillips | Jeff | N/A | ATF-2018-0002-0072 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0072 |
| Baker | Scott | N/A | ATF-2018-0002-0073 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0073 |
| Lange | John | N/A | ATF-2018-0002-0074 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0074 |
| Allhands | Corey | N/A | ATF-2018-0002-0075 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0075 |
| Mertens | Blake | Blake Mertens | ATF-2018-0002-0076 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0076 |
| DAYTON | KARRY | Federal firearms institute | ATF-2018-0002-0077 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0077 |
| DesErmia | Reid | N/A | ATF-2018-0002-0078 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0078 |
| You | Bi yu | N/A | ATF-2018-0002-0079 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0079 |
| Gross | Darius | N/A | ATF-2018-0002-0080 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0080 |
| Clapp | Alan | N/A | ATF-2018-0002-0081 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0081 |
| Johnson | Brian | N/A | ATF-2018-0002-0082 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0082 |
| Buntrock | Josh | Mr. | ATF-2018-0002-0083 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0083 |
| Stubenrauch | Roy | N/A | ATF-2018-0002-0084 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0084 |
| Bielinski | Christopher | N/A | ATF-2018-0002-0085 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0085 |
| Scharf | John | N/A | ATF-2018-0002-0086 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0086 |
| Cobasky | Robert | N/A | ATF-2018-0002-0087 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0087 |
| Alleva | Gary | N/A | ATF-2018-0002-0088 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0088 |
| Clark | John | N/A | ATF-2018-0002-0089 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0089 |
| D'Antonio | Rick | N/A | ATF-2018-0002-0090 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0090 |
| Lowe | Jordan | N/A | ATF-2018-0002-0091 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0091 |
| Nord | David | N/A | ATF-2018-0002-0092 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0092 |
| Katchick | Matthew | N/A | ATF-2018-0002-0093 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0093 |
| Cox | Ryan | N/A | ATF-2018-0002-0094 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0094 |
| Hampton | William | N/A | ATF-2018-0002-0095 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0095 |
| Sparks | Steven | N/A | ATF-2018-0002-0096 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0096 |

| Keiser | Blair | N/A | ATF-2018-0002-0097 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0097 |
|---|---|---|---|---|---|---|
| Bostick | E. Ray Jr. | N/A | ATF-2018-0002-0098 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0098 |
| Martin | John | N/A | ATF-2018-0002-0099 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0099 |
| Hunter | Donn | N/A | ATF-2018-0002-0100 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0100 |
| Mendoza | Miguel | N/A | ATF-2018-0002-0101 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0101 |
| Torpey | William | N/A | ATF-2018-0002-0102 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0102 |
| Gallup | John | N/A | ATF-2018-0002-0103 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0103 |
| Fodor | Jared | N/A | ATF-2018-0002-0104 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0104 |
| Hale | Anthony | N/A | ATF-2018-0002-0105 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0105 |
| Crossett | Hunter | N/A | ATF-2018-0002-0106 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0106 |
| Beam | Cason | N/A | ATF-2018-0002-0107 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0107 |
| Reid | Robert | N/A | ATF-2018-0002-0108 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0108 |
| Rosenschein | Barry | N/A | ATF-2018-0002-0109 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0109 |
| kautzer | sam | N/A | ATF-2018-0002-0110 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0110 |
| Pivonka | Jason | 809 Enterprises LLC | ATF-2018-0002-0111 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0111 |
| Williams | Steve | N/A | ATF-2018-0002-0112 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0112 |
| Tinges | Paul | N/A | ATF-2018-0002-0113 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0113 |
| Gatenby | Griffin | N/A | ATF-2018-0002-0114 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0114 |
| Sweet | Ryan | N/A | ATF-2018-0002-0115 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0115 |
| Cannon | Armin | N/A | ATF-2018-0002-0116 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0116 |
| Lawrence | Craig | N/A | ATF-2018-0002-0117 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0117 |
| Epley | Andrew | N/A | ATF-2018-0002-0118 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0118 |
| Sisemore | Elijah | N/A | ATF-2018-0002-0119 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0119 |
| Bucci | Michael | N/A | ATF-2018-0002-0120 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0120 |
| Griffin | Danny | N/A | ATF-2018-0002-0121 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0121 |
| Lyublinski | Alexander | N/A | ATF-2018-0002-0122 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0122 |
| Price | William | N/A | ATF-2018-0002-0123 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0123 |
| Luke | Adam | N/A | ATF-2018-0002-0124 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0124 |
| Taylor | Pearce | N/A | ATF-2018-0002-0125 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0125 |
| Meints | Nathan | N/A | ATF-2018-0002-0126 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0126 |
| Smithton | James | Mr. | ATF-2018-0002-0127 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0127 |
| Allen | Muriel | N/A | ATF-2018-0002-0128 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0128 |
| Bailey | Joshua | N/A | ATF-2018-0002-0129 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0129 |
| Hackenberg | David | N/A | ATF-2018-0002-0130 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0130 |
| Guthrie | Patric | N/A | ATF-2018-0002-0131 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0131 |
| Hanlin | Robert | RC Gunworks LLC | ATF-2018-0002-0132 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0132 |
| Giordano | Lou | N/A | ATF-2018-0002-0133 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0133 |
| Bonanno | Bryce | N/A | ATF-2018-0002-0134 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0134 |
| Mendez | Juan | N/A | ATF-2018-0002-0135 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0135 |
| Diel | Heath | N/A | ATF-2018-0002-0136 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0136 |
| Leach | Nathan | N/A | ATF-2018-0002-0137 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0137 |
| Pappas III | Pete | Director - Sportsmen's Association for Firearms Education | ATF-2018-0002-0138 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0138 |
| Kouse | Bruce | N/A | ATF-2018-0002-0139 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0139 |
| Crockett | James | N/A | ATF-2018-0002-0140 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0140 |
| Sutterlin | Karl | N/A | ATF-2018-0002-0141 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0141 |
| Do | Steve | N/A | ATF-2018-0002-0142 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0142 |
| Barnes | Michael | N/A | ATF-2018-0002-0143 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0143 |
| Costellic | Anthony | N/A | ATF-2018-0002-0144 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0144 |
| vanlier | Benjamin | N/A | ATF-2018-0002-0145 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0145 |
| Heck | Hareld | N/A | ATF-2018-0002-0146 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0146 |

| Fuchs | Harry | N/A | ATF-2018-0002-0147 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0147 |
|---|---|---|---|---|---|---|
| Martin | Stefen | N/A | ATF-2018-0002-0148 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0148 |
| Long | Cliff | N/A | ATF-2018-0002-0149 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0149 |
| Salinas | Edward | N/A | ATF-2018-0002-0150 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0150 |
| Denney | John | Mr. | ATF-2018-0002-0151 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0151 |
| Gomes | Christopher | N/A | ATF-2018-0002-0152 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0152 |
| Irizarry | Eduardo | N/A | ATF-2018-0002-0153 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0153 |
| White | Danny | N/A | ATF-2018-0002-0154 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0154 |
| Motes | Edwin | N/A | ATF-2018-0002-0155 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0155 |
| Buchanan | Edwin | N/A | ATF-2018-0002-0156 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0156 |
| Roberts | Adam | N/A | ATF-2018-0002-0157 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0157 |
| Pagel | Lason | N/A | ATF-2018-0002-0158 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0158 |
| Wolfe | Jackson | N/A | ATF-2018-0002-0159 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0159 |
| Husvar | Jerod | N/A | ATF-2018-0002-0160 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0160 |
| Ohler | Oscar | N/A | ATF-2018-0002-0161 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0161 |
| Eaton | Robert | Concerned Citizen | ATF-2018-0002-0162 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0162 |
| Schaefer | Natalie | N/A | ATF-2018-0002-0163 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0163 |
| Heins | Stephen | N/A | ATF-2018-0002-0164 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0164 |
| Newlin | Ned | N/A | ATF-2018-0002-0165 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0165 |
| Black | Keith | N/A | ATF-2018-0002-0166 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0166 |
| Addison-Hall | Tonia | N/A | ATF-2018-0002-0167 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0167 |
| Gorman | Tim | N/A | ATF-2018-0002-0168 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0168 |
| Cole | Brett | N/A | ATF-2018-0002-0169 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0169 |
| Donohue | Ben | N/A | ATF-2018-0002-0170 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0170 |
| Tailer | Jeff | N/A | ATF-2018-0002-0171 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0171 |
| Schroll | Andrew | N/A | ATF-2018-0002-0172 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0172 |
| Klassen | Mike | N/A | ATF-2018-0002-0173 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0173 |
| Galliford | Brad | N/A | ATF-2018-0002-0174 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0174 |
| Reeves | Eric | N/A | ATF-2018-0002-0175 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0175 |
| Chuck | Brenton | N/A | ATF-2018-0002-0176 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0176 |
| Chen | Wentao | N/A | ATF-2018-0002-0177 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0177 |
| Atkin | Levi | N/A | ATF-2018-0002-0178 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0178 |
| Coil | Andrew | N/A | ATF-2018-0002-0179 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0179 |
| Hogan | Theodore | N/A | ATF-2018-0002-0180 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0180 |
| Cerbe | Benjamin | N/A | ATF-2018-0002-0181 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0181 |
| Oliver | Jacob | N/A | ATF-2018-0002-0182 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0182 |
| Lail | Christopher | N/A | ATF-2018-0002-0183 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0183 |
| smith | anomymous | N/A | ATF-2018-0002-0184 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0184 |
| Gauthier | James | N/A | ATF-2018-0002-0185 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0185 |
| Christensen | Paul | N/A | ATF-2018-0002-0186 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0186 |
| Schmid | John | N/A | ATF-2018-0002-0187 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0187 |
| Sanpei | Lee | N/A | ATF-2018-0002-0188 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0188 |
| Johnson | Jason | N/A | ATF-2018-0002-0189 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0189 |
| munson | joshua | N/A | ATF-2018-0002-0190 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0190 |
| Holland | Scott | N/A | ATF-2018-0002-0191 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0191 |
| Jordan | Charles | N/A | ATF-2018-0002-0192 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0192 |
| Lesher | Andrew | N/A | ATF-2018-0002-0193 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0193 |
| OBoyle | Sally | N/A | ATF-2018-0002-0194 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0194 |
| Mulliken | Joshua | N/A | ATF-2018-0002-0195 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0195 |
| Chang | Raymond | N/A | ATF-2018-0002-0196 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0196 |
| Becker | Adam | N/A | ATF-2018-0002-0197 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0197 |
| bowman | henry | N/A | ATF-2018-0002-0198 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0198 |

| Ramrez JR | Jos Marcos | N/A | ATF-2018-0002-0199 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0199 |
|---|---|---|---|---|---|---|
| Painter | Sean | N/A | ATF-2018-0002-0200 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0200 |
| Tanner | Wesley | Mr. | ATF-2018-0002-0201 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0201 |
| Boupha | Akaphonh | N/A | ATF-2018-0002-0202 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0202 |
| Libby | Richard | N/A | ATF-2018-0002-0203 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0203 |
| condra | sean | N/A | ATF-2018-0002-0204 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0204 |
| brawdy | dan | N/A | ATF-2018-0002-0205 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0205 |
| Satora | Damian | N/A | ATF-2018-0002-0206 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0206 |
| Sherd | Scott | N/A | ATF-2018-0002-0207 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0207 |
| Edwards | Steve | N/A | ATF-2018-0002-0208 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0208 |
| Samons | Arthur | N/A | ATF-2018-0002-0209 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0209 |
| Addington | Breven | N/A | ATF-2018-0002-0210 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0210 |
| Westbrook | Corey | N/A | ATF-2018-0002-0211 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0211 |
| Williams | Daniel | Daniel E Williams | ATF-2018-0002-0212 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0212 |
| Helwick | Don | N/A | ATF-2018-0002-0213 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0213 |
| Swanson | John | N/A | ATF-2018-0002-0214 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0214 |
| Le | Cuong | N/A | ATF-2018-0002-0215 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0215 |
| Ward | Joseph | N/A | ATF-2018-0002-0216 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0216 |
| BARNARD | PHILLIP | N/A | ATF-2018-0002-0217 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0217 |
| nolan | michael | N/A | ATF-2018-0002-0218 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0218 |
| Sedaghatpour | Ali | N/A | ATF-2018-0002-0219 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0219 |
| Smith | Alton | N/A | ATF-2018-0002-0220 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0220 |
| Genzlinger | Debra | N/A | ATF-2018-0002-0221 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0221 |
| Marmolejo | Thomas | N/A | ATF-2018-0002-0222 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0222 |
| Johnson | Chad | N/A | ATF-2018-0002-0223 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0223 |
| Rabitaille III | Richard | N/A | ATF-2018-0002-0224 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0224 |
| Breeden | Jason | N/A | ATF-2018-0002-0225 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0225 |
| Higgins | Walton | N/A | ATF-2018-0002-0226 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0226 |
| White | Hudson | N/A | ATF-2018-0002-0227 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0227 |
| Raymouth | Joe | N/A | ATF-2018-0002-0228 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0228 |
| Godar | Anthony | N/A | ATF-2018-0002-0229 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0229 |
| Mainolfa | Damian | N/A | ATF-2018-0002-0230 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0230 |
| DH | Duke | N/A | ATF-2018-0002-0231 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0231 |
| Seaman | Nathan | N/A | ATF-2018-0002-0232 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0232 |
| Fellerer | Samuel | N/A | ATF-2018-0002-0233 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0233 |
| Casebeer | James | N/A | ATF-2018-0002-0234 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0234 |
| Mayne | Glen | N/A | ATF-2018-0002-0235 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0235 |
| Goodner | Daniel | N/A | ATF-2018-0002-0236 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0236 |
| overstreet | john | N/A | ATF-2018-0002-0237 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0237 |
| Miller | Nick | N/A | ATF-2018-0002-0238 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0238 |
| Layne | Bruce | N/A | ATF-2018-0002-0239 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0239 |
| Martin | Jared | N/A | ATF-2018-0002-0240 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0240 |
| Edge | Greg | N/A | ATF-2018-0002-0241 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0241 |
| Dougherty | Heath | N/A | ATF-2018-0002-0242 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0242 |
| Pierce | Joshua | N/A | ATF-2018-0002-0243 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0243 |
| Dorsett | Robert | N/A | ATF-2018-0002-0244 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0244 |
| Dorsett | Robert | N/A | ATF-2018-0002-0245 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0245 |
| White | Thomas | N/A | ATF-2018-0002-0246 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0246 |
| Enriquez | John Anthony | N/A | ATF-2018-0002-0247 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0247 |
| Aubuchon | Erik | N/A | ATF-2018-0002-0248 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0248 |
| Lucas | Tivadar | N/A | ATF-2018-0002-0249 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0249 |
| Nestle | Brad | N/A | ATF-2018-0002-0250 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0250 |

| Link | Brandin | N/A | ATF-2018-0002-0251 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0251 |
|------|---------|-----|--------------------|----------|-----------|-----------------------------------------------------------|
| Braun | Gordon | N/A | ATF-2018-0002-0252 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0252 |
| Gardner | Blake | N/A | ATF-2018-0002-0253 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0253 |
| Usey | Colin | N/A | ATF-2018-0002-0254 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0254 |
| Thurman | David | N/A | ATF-2018-0002-0255 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0255 |
| Moon | Hyungjin | N/A | ATF-2018-0002-0256 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0256 |
| Spade | Shawn | N/A | ATF-2018-0002-0257 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0257 |
| Lavota | Randy | N/A | ATF-2018-0002-0258 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0258 |
| Rouse | Stephen | NRA, VCDL, GOA | ATF-2018-0002-0259 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0259 |
| Dunagan | Bryce | N/A | ATF-2018-0002-0260 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0260 |
| Christesen | Ryne | N/A | ATF-2018-0002-0261 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0261 |
| Clark | Jason | N/A | ATF-2018-0002-0262 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0262 |
| Simpson | Ryan | N/A | ATF-2018-0002-0263 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0263 |
| Brokaw | Chase | N/A | ATF-2018-0002-0264 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0264 |
| Rohde | Justin | N/A | ATF-2018-0002-0265 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0265 |
| Hanks | James | N/A | ATF-2018-0002-0266 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0266 |
| Michael | Chris | N/A | ATF-2018-0002-0267 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0267 |
| Christesen | Ryne | N/A | ATF-2018-0002-0268 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0268 |
| Folkedahl | Zachary | N/A | ATF-2018-0002-0269 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0269 |
| Smith | Mark | N/A | ATF-2018-0002-0270 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0270 |
| Good | Josh | N/A | ATF-2018-0002-0271 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0271 |
| Jordan | Chad | N/A | ATF-2018-0002-0272 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0272 |
| W | Brian | N/A | ATF-2018-0002-0273 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0273 |
| Marrero | Dennis | N/A | ATF-2018-0002-0274 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0274 |
| Godar | Gregory | N/A | ATF-2018-0002-0275 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0275 |
| Clark | Adam | N/A | ATF-2018-0002-0276 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0276 |
| Harmon | David | N/A | ATF-2018-0002-0277 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0277 |
| Kruse | John | N/A | ATF-2018-0002-0278 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0278 |
| Zenz | Nicholas | N/A | ATF-2018-0002-0279 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0279 |
| McLellan | Osborne | N/A | ATF-2018-0002-0280 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0280 |
| Russell | Matthew | N/A | ATF-2018-0002-0281 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0281 |
| Scott | David | N/A | ATF-2018-0002-0282 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0282 |
| Klemm | Wilbur | N/A | ATF-2018-0002-0283 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0283 |
| Long | Joseph | N/A | ATF-2018-0002-0284 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0284 |
| Capobres | Tyler | N/A | ATF-2018-0002-0285 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0285 |
| Minnich | Preston | N/A | ATF-2018-0002-0286 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0286 |
| Pertuit | Ross | N/A | ATF-2018-0002-0287 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0287 |
| MATZELLE | KYLE | N/A | ATF-2018-0002-0288 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0288 |
| Reed | Jerome | N/A | ATF-2018-0002-0289 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0289 |
| Cable | Jason | N/A | ATF-2018-0002-0290 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0290 |
| Katchen | Samuel | N/A | ATF-2018-0002-0291 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0291 |
| Marshall | Ryan | N/A | ATF-2018-0002-0292 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0292 |
| Kunz | Daniel | N/A | ATF-2018-0002-0293 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0293 |
| Everett | Chris | N/A | ATF-2018-0002-0294 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0294 |
| Weidenhammer | Daniel | N/A | ATF-2018-0002-0295 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0295 |
| LaBrier | Kamerun | N/A | ATF-2018-0002-0296 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0296 |
| Watts | Scott | N/A | ATF-2018-0002-0297 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0297 |
| Kirk | Nathan | N/A | ATF-2018-0002-0298 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0298 |
| Lanier | Ron | N/A | ATF-2018-0002-0299 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0299 |
| Kuepper | Joseph | N/A | ATF-2018-0002-0300 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0300 |
| Barton | Todd | N/A | ATF-2018-0002-0301 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0301 |
| Haglund | Jordan | N/A | ATF-2018-0002-0302 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0302 |

| Greenwood | Matthew | N/A | ATF-2018-0002-0303 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0303 |
|---|---|---|---|---|---|---|
| Romine | Andrew | N/A | ATF-2018-0002-0304 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0304 |
| Collins | Joe | N/A | ATF-2018-0002-0305 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0305 |
| Perkins | Ryan | N/A | ATF-2018-0002-0306 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0306 |
| Cannon | Mackenzie | N/A | ATF-2018-0002-0307 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0307 |
| Hanlin | Robert | RC Gunworks LLC | ATF-2018-0002-0308 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0308 |
| Ramey | Ricky | none | ATF-2018-0002-0309 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0309 |
| Mobley | Daniel | N/A | ATF-2018-0002-0310 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0310 |
| White | Chadwick | N/A | ATF-2018-0002-0311 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0311 |
| Jobin | Amanda | N/A | ATF-2018-0002-0312 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0312 |
| Trout | Joseph | N/A | ATF-2018-0002-0313 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0313 |
| Potter | Joe | N/A | ATF-2018-0002-0314 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0314 |
| Keener | Ryan | N/A | ATF-2018-0002-0315 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0315 |
| Burns | Daniel | N/A | ATF-2018-0002-0316 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0316 |
| Walley | Seth | N/A | ATF-2018-0002-0317 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0317 |
| Lewis | David | N/A | ATF-2018-0002-0318 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0318 |
| Christopher | Arron | N/A | ATF-2018-0002-0319 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0319 |
| Knight | Michael | Knight | ATF-2018-0002-0320 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0320 |
| Ellison | Robert | N/A | ATF-2018-0002-0321 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0321 |
| Palmer | Levi | N/A | ATF-2018-0002-0322 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0322 |
| Black | Gerard | N/A | ATF-2018-0002-0323 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0323 |
| Alfonseca | Xavier | N/A | ATF-2018-0002-0324 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0324 |
| Newtown | Glenford | N/A | ATF-2018-0002-0325 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0325 |
| Smith | Jeff | N/A | ATF-2018-0002-0326 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0326 |
| Mills | Joe | N/A | ATF-2018-0002-0327 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0327 |
| Bonkoski | Lawrence | N/A | ATF-2018-0002-0328 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0328 |
| Bova | Jesse | N/A | ATF-2018-0002-0329 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0329 |
| sothern | tristan | N/A | ATF-2018-0002-0330 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0330 |
| Henderson | Daniel | N/A | ATF-2018-0002-0331 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0331 |
| Pederson | Jeff | N/A | ATF-2018-0002-0332 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0332 |
| Clark | Brandon | N/A | ATF-2018-0002-0333 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0333 |
| Lampman | Garrett | N/A | ATF-2018-0002-0334 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0334 |
| Keith | Davy | N/A | ATF-2018-0002-0335 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0335 |
| Avilla | John | N/A | ATF-2018-0002-0336 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0336 |
| Deeds | Larry | N/A | ATF-2018-0002-0337 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0337 |
| Wall | Peter | N/A | ATF-2018-0002-0338 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0338 |
| Johnson | Byron | N/A | ATF-2018-0002-0339 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0339 |
| Henry | Mark | American citizen | ATF-2018-0002-0340 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0340 |
| Hall | Jamie | N/A | ATF-2018-0002-0341 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0341 |
| Silcott | Samuel | N/A | ATF-2018-0002-0342 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0342 |
| Nelson | Seth | National Gun Owners of America | ATF-2018-0002-0343 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0343 |
| Love | Anthony | Banfield (White Oak) | ATF-2018-0002-0344 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0344 |
| Feola | Joe | Mr. | ATF-2018-0002-0345 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0345 |
| Mariani | Christopher | N/A | ATF-2018-0002-0346 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0346 |
| Alfaro | Frederick | N/A | ATF-2018-0002-0347 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0347 |
| Rocholl | Dustin | N/A | ATF-2018-0002-0348 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0348 |
| Skees | Paul | N/A | ATF-2018-0002-0349 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0349 |
| Wyatt | Zach | N/A | ATF-2018-0002-0350 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0350 |
| Brown | Allan | N/A | ATF-2018-0002-0351 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0351 |
| Patterson | Douglas | N/A | ATF-2018-0002-0352 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0352 |
| Bogart | Garth | N/A | ATF-2018-0002-0353 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0353 |

| Cassady | Paul | N/A | ATF-2018-0002-0354 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0354 |
| Perisho | Chris | N/A | ATF-2018-0002-0355 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0355 |
| mcfarland | ian | N/A | ATF-2018-0002-0356 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0356 |
| Darlington | Charles | N/A | ATF-2018-0002-0357 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0357 |
| Webb | Daniel | N/A | ATF-2018-0002-0358 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0358 |
| Crafton | Melvin L | N/A | ATF-2018-0002-0359 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0359 |
| Gray | Lawrence | n/a | ATF-2018-0002-0360 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0360 |
| Dollins | Brian | N/A | ATF-2018-0002-0361 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0361 |
| Jacklin | Joshua | N/A | ATF-2018-0002-0362 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0362 |
| Maxwell | Bruce | N/A | ATF-2018-0002-0363 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0363 |
| Konney | Joshua | N/A | ATF-2018-0002-0364 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0364 |
| Schulte | Andrew | N/A | ATF-2018-0002-0365 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0365 |
| Green | Darryl | N/A | ATF-2018-0002-0366 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0366 |
| Westin | Tony | N/A | ATF-2018-0002-0367 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0367 |
| Lewis | Johnson | N/A | ATF-2018-0002-0368 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0368 |
| Mccune | Chase | N/A | ATF-2018-0002-0369 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0369 |
| hill | bob | N/A | ATF-2018-0002-0370 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0370 |
| Boles | Bill | N/A | ATF-2018-0002-0371 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0371 |
| Macdonald | Jonathan | N/A | ATF-2018-0002-0372 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0372 |
| Sepulveda | Daniel | N/A | ATF-2018-0002-0373 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0373 |
| Bowman | Elijah | N/A | ATF-2018-0002-0374 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0374 |
| Silverman | Michael | N/A | ATF-2018-0002-0375 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0375 |
| Rhodes | Jonathan | N/A | ATF-2018-0002-0376 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0376 |
| Burket | Craig | N/A | ATF-2018-0002-0377 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0377 |
| Elliott | Samuel | N/A | ATF-2018-0002-0378 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0378 |
| Reyes | Marlo | N/A | ATF-2018-0002-0379 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0379 |
| Van Dyke | Dale | N/A | ATF-2018-0002-0380 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0380 |
| Sayger | Garrett | N/A | ATF-2018-0002-0381 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0381 |
| meyer | james | N/A | ATF-2018-0002-0382 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0382 |
| Jost | Jason | N/A | ATF-2018-0002-0383 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0383 |
| Anonymous | Anonymous | N/A | ATF-2018-0002-0384 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0384 |
| Bonney | Lyle | N/A | ATF-2018-0002-0385 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0385 |
| Hawkins | Cheyenne | N/A | ATF-2018-0002-0386 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0386 |
| Krueger | Andrew | N/A | ATF-2018-0002-0387 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0387 |
| Messersmith | Peter | N/A | ATF-2018-0002-0388 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0388 |
| Arritt | Isaac | N/A | ATF-2018-0002-0389 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0389 |
| Nelson | Bob | N/A | ATF-2018-0002-0390 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0390 |
| Stewart | Jared | N/A | ATF-2018-0002-0391 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0391 |
| Huffman | Dave | N/A | ATF-2018-0002-0392 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0392 |
| Coleman | Andrew | N/A | ATF-2018-0002-0393 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0393 |
| Seluta | Joshua | N/A | ATF-2018-0002-0394 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0394 |
| Turner | Tony | N/A | ATF-2018-0002-0395 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0395 |
| noot | pete | N/A | ATF-2018-0002-0396 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0396 |
| R | E | N/A | ATF-2018-0002-0397 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0397 |
| Hutcherson | James | N/A | ATF-2018-0002-0398 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0398 |
| Thompson | Sean | N/A | ATF-2018-0002-0399 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0399 |
| Arriaza | Gustavo | N/A | ATF-2018-0002-0400 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0400 |
| Michie | Andrew | N/A | ATF-2018-0002-0401 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0401 |
| Scudder | Oscar | N/A | ATF-2018-0002-0402 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0402 |
| Anderson | Andy | N/A | ATF-2018-0002-0403 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0403 |
| Krejchi | Brock | N/A | ATF-2018-0002-0404 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0404 |
| Lock | Jon | N/A | ATF-2018-0002-0405 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0405 |

| Pipher | Ron | N/A | ATF-2018-0002-0406 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0406 |
|--------|-----|-----|--------------------|----------|-----------|-----------------------------------------------------------|
| Blakely | Jack | N/A | ATF-2018-0002-0407 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0407 |
| Harlan | Jerry | N/A | ATF-2018-0002-0408 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0408 |
| Roberson | Timothy | N/A | ATF-2018-0002-0409 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0409 |
| Fors | Derek | N/A | ATF-2018-0002-0410 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0410 |
| Buffington | James | N/A | ATF-2018-0002-0411 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0411 |
| Drees | Dylan | N/A | ATF-2018-0002-0412 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0412 |
| Gardes | Christopher | N/A | ATF-2018-0002-0413 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0413 |
| Roxx | Timothy and Rebecca | National Rifle Association | ATF-2018-0002-0414 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0414 |
| Needham | Craig | N/A | ATF-2018-0002-0415 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0415 |
| Lyublinski | Alexander | N/A | ATF-2018-0002-0416 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0416 |
| Boorman | Kirk | N/A | ATF-2018-0002-0417 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0417 |
| D | Scot | N/A | ATF-2018-0002-0418 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0418 |
| Nichols | Jonathan | N/A | ATF-2018-0002-0419 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0419 |
| Carter | Stephen | N/A | ATF-2018-0002-0420 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0420 |
| Shirley | Adam | N/A | ATF-2018-0002-0421 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0421 |
| VanMiddlesworth | Jim | N/A | ATF-2018-0002-0422 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0422 |
| goodman | David | N/A | ATF-2018-0002-0423 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0423 |
| Easley | Dillen | N/A | ATF-2018-0002-0424 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0424 |
| Austin | William | N/A | ATF-2018-0002-0425 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0425 |
| Smith | Jerald | N/A | ATF-2018-0002-0426 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0426 |
| Leach | Marcus | N/A | ATF-2018-0002-0427 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0427 |
| Hanby | David | N/A | ATF-2018-0002-0428 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0428 |
| Bennett | Caleb | Mr. | ATF-2018-0002-0429 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0429 |
| Chacon | Camron | N/A | ATF-2018-0002-0430 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0430 |
| Siegrist | Evan | N/A | ATF-2018-0002-0431 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0431 |
| Shay | Shawn | N/A | ATF-2018-0002-0432 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0432 |
| Bailey | Joel | N/A | ATF-2018-0002-0433 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0433 |
| Nevaux | Michael | Mr. | ATF-2018-0002-0434 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0434 |
| Laabs | Erich | NRA Life Member | ATF-2018-0002-0435 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0435 |
| FLENS | BRIAN | N/A | ATF-2018-0002-0436 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0436 |
| Murphy | Ray | N/A | ATF-2018-0002-0437 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0437 |
| Trout | Jacob | N/A | ATF-2018-0002-0438 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0438 |
| Pfoser | Michael | N/A | ATF-2018-0002-0439 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0439 |
| Cardin | Jaeger | N/A | ATF-2018-0002-0440 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0440 |
| Gerlach | Raymond | N/A | ATF-2018-0002-0441 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0441 |
| Summerlin | Michaelee | N/A | ATF-2018-0002-0442 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0442 |
| Doucette | Sean | N/A | ATF-2018-0002-0443 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0443 |
| Kelley | Patrick | N/A | ATF-2018-0002-0444 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0444 |
| Cline | Gary | N/A | ATF-2018-0002-0445 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0445 |
| Stone | Blair | N/A | ATF-2018-0002-0446 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0446 |
| Zelko | Jeremy | N/A | ATF-2018-0002-0447 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0447 |
| Osha | Alex | N/A | ATF-2018-0002-0448 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0448 |
| Bolen | Jeff | N/A | ATF-2018-0002-0449 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0449 |
| White | Gregory | Mr. | ATF-2018-0002-0450 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0450 |
| Penninger | William | N/A | ATF-2018-0002-0451 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0451 |
| Wells | Mark | N/A | ATF-2018-0002-0452 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0452 |
| Gould | Craig | N/A | ATF-2018-0002-0453 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0453 |
| HOBSON | EDDIE | N/A | ATF-2018-0002-0454 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0454 |
| EFRE | Loretto | N/A | ATF-2018-0002-0455 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0455 |
| Brown | Jordan | N/A | ATF-2018-0002-0456 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0456 |

| Flaws | Derek | N/A | ATF-2018-0002-0457 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0457 |
|---|---|---|---|---|---|---|
| Humphrey | Timothy | N/A | ATF-2018-0002-0458 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0458 |
| Dymond | Blake | N/A | ATF-2018-0002-0459 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0459 |
| Adams | Dennis | N/A | ATF-2018-0002-0460 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0460 |
| Robison | Don | N/A | ATF-2018-0002-0461 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0461 |
| Worley | Bradley | N/A | ATF-2018-0002-0462 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0462 |
| Gensheimer | Mark | N/A | ATF-2018-0002-0463 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0463 |
| Riffe | James | Mr. | ATF-2018-0002-0464 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0464 |
| Hernandez | Elimeletd | N/A | ATF-2018-0002-0465 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0465 |
| Englund | Mike | N/A | ATF-2018-0002-0466 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0466 |
| Jones | Sean | N/A | ATF-2018-0002-0467 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0467 |
| McLaren | Skylor | N/A | ATF-2018-0002-0468 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0468 |
| Brunderman | Jeffrey | N/A | ATF-2018-0002-0469 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0469 |
| Owen | Brad | N/A | ATF-2018-0002-0470 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0470 |
| Patterson | David | N/A | ATF-2018-0002-0471 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0471 |
| Nobles | Mark | N/A | ATF-2018-0002-0472 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0472 |
| Cooper | Korderro | N/A | ATF-2018-0002-0473 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0473 |
| Latimer | James | N/A | ATF-2018-0002-0474 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0474 |
| Simpson | Keith | N/A | ATF-2018-0002-0475 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0475 |
| Tiedeman | Louie | N/A | ATF-2018-0002-0476 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0476 |
| Bennett | Phillip | N/A | ATF-2018-0002-0477 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0477 |
| McKinney | Devon | N/A | ATF-2018-0002-0478 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0478 |
| Perez | Rob | N/A | ATF-2018-0002-0479 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0479 |
| Luder | Eugene | N/A | ATF-2018-0002-0480 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0480 |
| Schlechty | Stephen | N/A | ATF-2018-0002-0481 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0481 |
| Acle | Alex | N/A | ATF-2018-0002-0482 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0482 |
| Kelly | Christopher | N/A | ATF-2018-0002-0483 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0483 |
| Gaillard | Chuck | N/A | ATF-2018-0002-0484 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0484 |
| Foerch Jr. | Donald | N/A | ATF-2018-0002-0485 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0485 |
| Weeks | Gary | Mr | ATF-2018-0002-0486 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0486 |
| hoeffleur | craig | N/A | ATF-2018-0002-0487 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0487 |
| Mock | Jason | N/A | ATF-2018-0002-0488 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0488 |
| Hodskins | Jerrith | N/A | ATF-2018-0002-0489 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0489 |
| Draggoo | Dan | N/A | ATF-2018-0002-0490 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0490 |
| Britt | Eric | N/A | ATF-2018-0002-0491 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0491 |
| Xu | michael | N/A | ATF-2018-0002-0492 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0492 |
| Johnson | Thomas | N/A | ATF-2018-0002-0493 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0493 |
| Garbry | Garett | N/A | ATF-2018-0002-0494 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0494 |
| Proctor | Morgan | N/A | ATF-2018-0002-0495 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0495 |
| Byron | Alex | N/A | ATF-2018-0002-0496 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0496 |
| Bonkoski | Deborah | N/A | ATF-2018-0002-0497 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0497 |
| Edwards | Todd | N/A | ATF-2018-0002-0498 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0498 |
| Gomez | Louis | N/A | ATF-2018-0002-0499 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0499 |
| claiborn | jeffrey | N/A | ATF-2018-0002-0500 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0500 |
| Harris | Alan | N/A | ATF-2018-0002-0501 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0501 |
| Weise | Anthony | N/A | ATF-2018-0002-0502 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0502 |
| Bell | Jon | N/A | ATF-2018-0002-0503 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0503 |
| Greer | Jeff | N/A | ATF-2018-0002-0504 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0504 |
| Cook | Steven | N/A | ATF-2018-0002-0505 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0505 |
| Sagil | Jon | N/A | ATF-2018-0002-0506 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0506 |
| Higgins | Jacob | N/A | ATF-2018-0002-0507 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0507 |
| Church | Jeremy | N/A | ATF-2018-0002-0508 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0508 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Hayes | M. | N/A | ATF-2018-0002-0509 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0509 |
| Kresge | Kevin | Mr. | ATF-2018-0002-0510 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0510 |
| Smith | Kyle | N/A | ATF-2018-0002-0511 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0511 |
| Murphy | Kyle | Law abiding American | ATF-2018-0002-0512 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0512 |
| Phelps | Andrew | N/A | ATF-2018-0002-0513 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0513 |
| Potter | Derek | N/A | ATF-2018-0002-0514 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0514 |
| Mussman | Cody | N/A | ATF-2018-0002-0515 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0515 |
| Biek | Matthew | N/A | ATF-2018-0002-0516 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0516 |
| Reitz | Samuel | N/A | ATF-2018-0002-0517 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0517 |
| Brown | Jared | N/A | ATF-2018-0002-0518 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0518 |
| Beshada | Reuven | N/A | ATF-2018-0002-0519 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0519 |
| Padgett | Jacob | N/A | ATF-2018-0002-0520 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0520 |
| Brandfas | Brian | N/A | ATF-2018-0002-0521 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0521 |
| Toppins | Anthony | N/A | ATF-2018-0002-0522 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0522 |
| Creech | Richard | N/A | ATF-2018-0002-0523 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0523 |
| Fontenot | Joshua | N/A | ATF-2018-0002-0524 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0524 |
| Jones | Robert | N/A | ATF-2018-0002-0525 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0525 |
| Greatbatch | John | N/A | ATF-2018-0002-0526 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0526 |
| Wilson | Brad | N/A | ATF-2018-0002-0527 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0527 |
| DeLuca | Clint | N/A | ATF-2018-0002-0528 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0528 |
| Sowards | Joseph | N/A | ATF-2018-0002-0529 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0529 |
| Hunt | Brent | N/A | ATF-2018-0002-0530 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0530 |
| Jansen | Robert | N/A | ATF-2018-0002-0531 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0531 |
| Lundberg | Jonas | N/A | ATF-2018-0002-0532 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0532 |
| Oster | Seffren | N/A | ATF-2018-0002-0533 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0533 |
| Healy | John | N/A | ATF-2018-0002-0534 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0534 |
| Kleinwolterink | Luke | N/A | ATF-2018-0002-0535 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0535 |
| Decker | Elijah | N/A | ATF-2018-0002-0536 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0536 |
| Herrera | Ricardo | N/A | ATF-2018-0002-0537 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0537 |
| Moody | Brennus | N/A | ATF-2018-0002-0538 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0538 |
| S | Bill | N/A | ATF-2018-0002-0539 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0539 |
| Skerl | Zachary | N/A | ATF-2018-0002-0540 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0540 |
| Byrne | Thoams | N/A | ATF-2018-0002-0541 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0541 |
| Whittaker | Jacob | N/A | ATF-2018-0002-0542 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0542 |
| Hubbard | Tracy | N/A | ATF-2018-0002-0543 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0543 |
| Mac Donald | Adam | N/A | ATF-2018-0002-0544 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0544 |
| Manning | Justin | N/A | ATF-2018-0002-0545 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0545 |
| Kotlowski | Brandon | N/A | ATF-2018-0002-0546 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0546 |
| Caruso | Gaetano | N/A | ATF-2018-0002-0547 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0547 |
| White | Josh | N/A | ATF-2018-0002-0548 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0548 |
| Mcelhenny | Ian | N/A | ATF-2018-0002-0549 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0549 |
| CRIST | DAVID | N/A | ATF-2018-0002-0550 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0550 |
| Upchurch | Robert | N/A | ATF-2018-0002-0551 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0551 |
| Beardslee | Laurie | N/A | ATF-2018-0002-0552 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0552 |
| Burnham | Connor | N/A | ATF-2018-0002-0553 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0553 |
| Weber | Bradley | N/A | ATF-2018-0002-0554 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0554 |
| Ramstad | Shanon | N/A | ATF-2018-0002-0555 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0555 |
| Sauerwine | Grant | N/A | ATF-2018-0002-0556 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0556 |
| Schomp | Chris | N/A | ATF-2018-0002-0557 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0557 |
| Harper | Warren | N/A | ATF-2018-0002-0558 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0558 |
| Anonymous | Jack | N/A | ATF-2018-0002-0559 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0559 |
| Bodmer | Richard | N/A | ATF-2018-0002-0560 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0560 |

AR002205

| Conway | Mark | N/A | ATF-2018-0002-0561 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0561 |
| Tifft | Paul | N/A | ATF-2018-0002-0562 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0562 |
| Elliot | David | N/A | ATF-2018-0002-0563 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0563 |
| Kobs | Brent | N/A | ATF-2018-0002-0564 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0564 |
| Martin | Adam | N/A | ATF-2018-0002-0565 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0565 |
| Doss | Charlie | N/A | ATF-2018-0002-0566 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0566 |
| Meloche | Richard | N/A | ATF-2018-0002-0567 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0567 |
| Haag | Zach | N/A | ATF-2018-0002-0568 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0568 |
| Holmes | Dave | N/A | ATF-2018-0002-0569 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0569 |
| Schomburg | Andrew | N/A | ATF-2018-0002-0570 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0570 |
| Oler | Neil | N/A | ATF-2018-0002-0571 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0571 |
| Mullen | Travis | N/A | ATF-2018-0002-0572 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0572 |
| Kibler | Joseph | N/A | ATF-2018-0002-0573 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0573 |
| Keith | Simon | N/A | ATF-2018-0002-0574 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0574 |
| Ford | Bradley | N/A | ATF-2018-0002-0575 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0575 |
| Mitchell | Brandon | N/A | ATF-2018-0002-0576 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0576 |
| Bauer | Willia | N/A | ATF-2018-0002-0577 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0577 |
| Horton | David | N/A | ATF-2018-0002-0578 | 4/2/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0578 |
| Coffman | ISAAC | N/A | ATF-2018-0002-0579 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0579 |
| Cilluffo | Anthony | N/A | ATF-2018-0002-0580 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0580 |
| Sicola | Stefan | N/A | ATF-2018-0002-0581 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0581 |
| Witherspoon | William | N/A | ATF-2018-0002-0582 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0582 |
| Nickles | Chandler | N/A | ATF-2018-0002-0583 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0583 |
| Clark | Thaddeus | N/A | ATF-2018-0002-0584 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0584 |
| Causey | Bob | N/A | ATF-2018-0002-0585 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0585 |
| Berman | Michael | N/A | ATF-2018-0002-0586 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0586 |
| EBRAHIMI | ARASH | N/A | ATF-2018-0002-0587 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0587 |
| Goodwin | Daniel | N/A | ATF-2018-0002-0588 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0588 |
| Asakura | Brad | N/A | ATF-2018-0002-0589 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0589 |
| Cooper | Glen | N/A | ATF-2018-0002-0590 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0590 |
| Jennings | James | N/A | ATF-2018-0002-0591 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0591 |
| mcfarland | ian | N/A | ATF-2018-0002-0592 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0592 |
| Anderson | Charles | N/A | ATF-2018-0002-0593 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0593 |
| Batwinski | David | N/A | ATF-2018-0002-0594 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0594 |
| Mohrherr | Carl | N/A | ATF-2018-0002-0595 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0595 |
| CHWICK | ALAN | N/A | ATF-2018-0002-0596 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0596 |
| Bell | Scott | N/A | ATF-2018-0002-0597 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0597 |
| Hartung | Keith | N/A | ATF-2018-0002-0598 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0598 |
| Delaney | Carl | N/A | ATF-2018-0002-0599 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0599 |
| Bragg | Matthew | N/A | ATF-2018-0002-0600 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0600 |
| Koppenhafer | Fredrick | N/A | ATF-2018-0002-0601 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0601 |
| Booth | Robert | N/A | ATF-2018-0002-0602 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0602 |
| Jones | Mr. | N/A | ATF-2018-0002-0603 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0603 |
| Lewis | Robert | N/A | ATF-2018-0002-0604 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0604 |
| Bowkett | James | N/A | ATF-2018-0002-0605 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0605 |
| Baca | Irvin | N/A | ATF-2018-0002-0606 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0606 |
| Pauley | Donald | N/A | ATF-2018-0002-0607 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0607 |
| Finn | Max | N/A | ATF-2018-0002-0608 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0608 |
| Edwards | Chad | N/A | ATF-2018-0002-0609 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0609 |
| Casbeer | Bill | N/A | ATF-2018-0002-0610 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0610 |
| Hedlund | Ryan | N/A | ATF-2018-0002-0611 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0611 |
| Barton | Dean | N/A | ATF-2018-0002-0612 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0612 |

| Bravo | Gildardo | N/A | ATF-2018-0002-0613 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0613 |
|---|---|---|---|---|---|---|
| Froehlich | Greg | N/A | ATF-2018-0002-0614 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0614 |
| Copeland | Nicholas | N/A | ATF-2018-0002-0615 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0615 |
| Ramos | Roberto | N/A | ATF-2018-0002-0616 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0616 |
| Smeltzer | Donald | N/A | ATF-2018-0002-0617 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0617 |
| Casavecchia | Richard | N/A | ATF-2018-0002-0618 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0618 |
| Wiilson | Jen | N/A | ATF-2018-0002-0619 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0619 |
| Waldron | Timothy | N/A | ATF-2018-0002-0620 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0620 |
| Harrod | Jacob | N/A | ATF-2018-0002-0621 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0621 |
| Heape | Joel | N/A | ATF-2018-0002-0622 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0622 |
| Fairbanks | Raymond | N/A | ATF-2018-0002-0623 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0623 |
| Lutkowski | Lee | N/A | ATF-2018-0002-0624 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0624 |
| Blades | Brent | N/A | ATF-2018-0002-0625 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0625 |
| B | Kevin | N/A | ATF-2018-0002-0626 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0626 |
| Whitehead | Brian | N/A | ATF-2018-0002-0627 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0627 |
| Latarski | William | N/A | ATF-2018-0002-0628 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0628 |
| Howard | Tadd | N/A | ATF-2018-0002-0629 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0629 |
| Stubblefield | Jeff | N/A | ATF-2018-0002-0630 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0630 |
| Miller | R | N/A | ATF-2018-0002-0631 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0631 |
| Messner | Kenneth | N/A | ATF-2018-0002-0632 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0632 |
| Whitley | John | N/A | ATF-2018-0002-0633 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0633 |
| Mandelias | Jodi | N/A | ATF-2018-0002-0634 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0634 |
| Miller | Jim | N/A | ATF-2018-0002-0635 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0635 |
| Dare | Russell | N/A | ATF-2018-0002-0636 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0636 |
| Fan | Rudy | N/A | ATF-2018-0002-0637 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0637 |
| Pence | Erik | N/A | ATF-2018-0002-0638 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0638 |
| Page | Wade | N/A | ATF-2018-0002-0639 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0639 |
| Mettey | Joseph | N/A | ATF-2018-0002-0640 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0640 |
| Combs | Alexander | N/A | ATF-2018-0002-0641 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0641 |
| Alessandro | Chris | N/A | ATF-2018-0002-0642 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0642 |
| Woldstad | Dennis (Griz) | N/A | ATF-2018-0002-0643 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0643 |
| Drury | Samuel | N/A | ATF-2018-0002-0644 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0644 |
| Bussjaeger | Carl | N/A | ATF-2018-0002-0645 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0645 |
| Cheng | Andy | N/A | ATF-2018-0002-0646 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0646 |
| Jones | Daniel | N/A | ATF-2018-0002-0647 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0647 |
| Lynch | Matt | N/A | ATF-2018-0002-0648 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0648 |
| Sheehy | Terrence | N/A | ATF-2018-0002-0649 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0649 |
| Robinson | Ryan | N/A | ATF-2018-0002-0650 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0650 |
| Owens Jr | Joseph | N/A | ATF-2018-0002-0651 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0651 |
| Hawley jr | George | N/A | ATF-2018-0002-0652 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0652 |
| Kephart | John | N/A | ATF-2018-0002-0653 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0653 |
| Durham sr. | Steven | N/A | ATF-2018-0002-0654 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0654 |
| Brilliant | David | N/A | ATF-2018-0002-0655 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0655 |
| Hunt | John | N/A | ATF-2018-0002-0656 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0656 |
| Wynn | Jimmy | N/A | ATF-2018-0002-0657 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0657 |
| Dykeman | John David | N/A | ATF-2018-0002-0658 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0658 |
| Ramirez | TAO | N/A | ATF-2018-0002-0659 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0659 |
| Manor | Steven | N/A | ATF-2018-0002-0660 | 4/2/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0660 |
| Hettver | Eric | N/A | ATF-2018-0002-0661 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0661 |
| Lauer | Christopher | N/A | ATF-2018-0002-0662 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0662 |
| klang | richard | N/A | ATF-2018-0002-0663 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0663 |
| Busch | Michael | Ruffin | ATF-2018-0002-0664 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0664 |

| Sargenti | Justin | N/A | ATF-2018-0002-0665 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0665 |
| Berg | Ray | NA | ATF-2018-0002-0666 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0666 |
| Huss | Randa | N/A | ATF-2018-0002-0667 | 4/2/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0667 |
| Burnette | Jack | N/A | ATF-2018-0002-0668 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0668 |
| Loecher | Michael | ][ ][ ][ %SFNY | ATF-2018-0002-0669 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0669 |
| vrtachnik | brad | N/A | ATF-2018-0002-0670 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0670 |
| Jacobs | Kyle | N/A | ATF-2018-0002-0671 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0671 |
| Duplechain | Gabriel | N/A | ATF-2018-0002-0672 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0672 |
| Zeh | Kevin | N/A | ATF-2018-0002-0673 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0673 |
| KANE | JOHN | N/A | ATF-2018-0002-0674 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0674 |
| Harper | Adam | N/A | ATF-2018-0002-0675 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0675 |
| Lawson | Patricia | N/A | ATF-2018-0002-0676 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0676 |
| Bru | Ri | N/A | ATF-2018-0002-0677 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0677 |
| Duescher | Brian | N/A | ATF-2018-0002-0678 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0678 |
| curran | patrick | N/A | ATF-2018-0002-0679 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0679 |
| Walker | Geoff | N/A | ATF-2018-0002-0680 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0680 |
| Vegan | Be | N/A | ATF-2018-0002-0681 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0681 |
| Li | Alex | N/A | ATF-2018-0002-0682 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0682 |
| Eidson | Jason | N/A | ATF-2018-0002-0683 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0683 |
| Lamour | Mitchell | N/A | ATF-2018-0002-0684 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0684 |
| B | Andrew | N/A | ATF-2018-0002-0685 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0685 |
| Fellwock | Fred | N/A | ATF-2018-0002-0686 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0686 |
| C | Caleb | N/A | ATF-2018-0002-0687 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0687 |
| Gianfelice | Mark | N/A | ATF-2018-0002-0688 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0688 |
| Penfold | Sean | N/A | ATF-2018-0002-0689 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0689 |
| Miles | Christopher | N/A | ATF-2018-0002-0690 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0690 |
| Murphy | Kevin | N/A | ATF-2018-0002-0691 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0691 |
| Ridenour | Patrick | N/A | ATF-2018-0002-0692 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0692 |
| Venable | Nick | N/A | ATF-2018-0002-0693 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0693 |
| Underwood | Mr. | N/A | ATF-2018-0002-0694 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0694 |
| Schroeder | Scott | N/A | ATF-2018-0002-0695 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0695 |
| Handy | Luke | N/A | ATF-2018-0002-0696 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0696 |
| Winkler | Matthew | N/A | ATF-2018-0002-0697 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0697 |
| Couture | Eric | N/A | ATF-2018-0002-0698 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0698 |
| Krainik | Andrew | N/A | ATF-2018-0002-0699 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0699 |
| Estes | Russell | N/A | ATF-2018-0002-0700 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0700 |
| Chicas | Oscar | N/A | ATF-2018-0002-0701 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0701 |
| Flagg | Timothy | N/A | ATF-2018-0002-0702 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0702 |
| Reep | Jason | N/A | ATF-2018-0002-0703 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0703 |
| Larson | Deven | N/A | ATF-2018-0002-0704 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0704 |
| Fuller | John | N/A | ATF-2018-0002-0705 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0705 |
| Harrod | Norman | N/A | ATF-2018-0002-0706 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0706 |
| Lauer | Christopher | N/A | ATF-2018-0002-0707 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0707 |
| Evers | Curt | N/A | ATF-2018-0002-0708 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0708 |
| Garner | Anthony | N/A | ATF-2018-0002-0709 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0709 |
| Tomlin | John | N/A | ATF-2018-0002-0710 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0710 |
| Jones | Richard | N/A | ATF-2018-0002-0711 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0711 |
| Smith | Jeremy | N/A | ATF-2018-0002-0712 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0712 |
| Coey | Kyle | N/A | ATF-2018-0002-0713 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0713 |
| Tienter | Richard | N/A | ATF-2018-0002-0714 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0714 |
| Lagermann | David | N/A | ATF-2018-0002-0715 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0715 |
| Stephens | Daryl | N/A | ATF-2018-0002-0716 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0716 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Neufeld | Jeffrey | N/A | ATF-2018-0002-0717 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0717 |
| S. | Nathan | N/A | ATF-2018-0002-0718 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0718 |
| Deatrick | Darrell | N/A | ATF-2018-0002-0719 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0719 |
| Towsend | James | N/A | ATF-2018-0002-0720 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0720 |
| Okenfuss | Craig | N/A | ATF-2018-0002-0721 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0721 |
| Tomlinson | Kevin | N/A | ATF-2018-0002-0722 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0722 |
| schmalstieg | stephen | N/A | ATF-2018-0002-0723 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0723 |
| Johnson | Brendan | N/A | ATF-2018-0002-0724 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0724 |
| Bachman | Mark | N/A | ATF-2018-0002-0725 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0725 |
| Woods | Roger | N/A | ATF-2018-0002-0726 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0726 |
| Watson | Christopher | N/A | ATF-2018-0002-0727 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0727 |
| Parish | Aaron | N/A | ATF-2018-0002-0728 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0728 |
| Sandoval | Alex | N/A | ATF-2018-0002-0729 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0729 |
| Anders | James | N/A | ATF-2018-0002-0730 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0730 |
| Stinson | William | N/A | ATF-2018-0002-0731 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0731 |
| Oclair | Cody | N/A | ATF-2018-0002-0732 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0732 |
| Hisey | Ardell | N/A | ATF-2018-0002-0733 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0733 |
| Story | Larry | N/A | ATF-2018-0002-0734 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0734 |
| Blumenthal | Mike | N/A | ATF-2018-0002-0735 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0735 |
| Oberle | Brian | N/A | ATF-2018-0002-0736 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0736 |
| Hill | James | N/A | ATF-2018-0002-0737 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0737 |
| Keeton | Bill | N/A | ATF-2018-0002-0738 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0738 |
| Bryant | Michael | N/A | ATF-2018-0002-0739 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0739 |
| Bonanno | Bryce | N/A | ATF-2018-0002-0740 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0740 |
| Schwartz | Luke | N/A | ATF-2018-0002-0741 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0741 |
| Mollman | David | N/A | ATF-2018-0002-0742 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0742 |
| Grest | Christian | N/A | ATF-2018-0002-0743 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0743 |
| Toolin | Sean | N/A | ATF-2018-0002-0744 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0744 |
| Fort | Stephen | N/A | ATF-2018-0002-0745 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0745 |
| Walsh | Steven | N/A | ATF-2018-0002-0746 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0746 |
| Kruwel | Trevor | N/A | ATF-2018-0002-0747 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0747 |
| Rosado | Christopher | N/A | ATF-2018-0002-0748 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0748 |
| Walker | Rick | N/A | ATF-2018-0002-0749 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0749 |
| Maschhoff | Frank | N/A | ATF-2018-0002-0750 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0750 |
| Lambson | Gene | N/A | ATF-2018-0002-0751 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0751 |
| Lanik | Gregg | N/A | ATF-2018-0002-0752 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0752 |
| Vergiels | Joshua | N/A | ATF-2018-0002-0753 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0753 |
| Briggs | Tyler | N/A | ATF-2018-0002-0754 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0754 |
| Zurn | Sam | N/A | ATF-2018-0002-0755 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0755 |
| Laverty | Austin | N/A | ATF-2018-0002-0756 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0756 |
| Janocko | Matthew | N/A | ATF-2018-0002-0757 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0757 |
| Noel | Harry | N/A | ATF-2018-0002-0758 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0758 |
| Emmons | Nicholas | N/A | ATF-2018-0002-0759 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0759 |
| mc neal | jeremy | N/A | ATF-2018-0002-0760 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0760 |
| Tuer | Jacob | N/A | ATF-2018-0002-0761 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0761 |
| Carlson | Casey | N/A | ATF-2018-0002-0762 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0762 |
| Estes | Bill | N/A | ATF-2018-0002-0763 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0763 |
| Hunter | Ryan | N/A | ATF-2018-0002-0764 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0764 |
| Christoph | Stuart | N/A | ATF-2018-0002-0765 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0765 |
| Adams | Benjamin | N/A | ATF-2018-0002-0766 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0766 |
| Mudd | clayton | N/A | ATF-2018-0002-0767 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0767 |
| Enderud | Justin | N/A | ATF-2018-0002-0768 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0768 |

| Cintron | Rico | N/A | ATF-2018-0002-0769 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0769 |
|---|---|---|---|---|---|---|
| Spalding | Eric | N/A | ATF-2018-0002-0770 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0770 |
| Harris | Daniel | N/A | ATF-2018-0002-0771 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0771 |
| Bullock | Chad | N/A | ATF-2018-0002-0772 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0772 |
| Perry | Jason | N/A | ATF-2018-0002-0773 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0773 |
| Leonberger | Brandon | N/A | ATF-2018-0002-0774 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0774 |
| Partain | Scott | N/A | ATF-2018-0002-0775 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0775 |
| Anonymous | Johnathan | N/A | ATF-2018-0002-0776 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0776 |
| Hopkins | Wesley | N/A | ATF-2018-0002-0777 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0777 |
| Williams | Phillip | N/A | ATF-2018-0002-0778 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0778 |
| Hunter | Robert | N/A | ATF-2018-0002-0779 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0779 |
| Carter | Jeremy | N/A | ATF-2018-0002-0780 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0780 |
| Weston | Joshua | N/A | ATF-2018-0002-0781 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0781 |
| Harris | Lincoln | N/A | ATF-2018-0002-0782 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0782 |
| Meador | Michael | N/A | ATF-2018-0002-0783 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0783 |
| Randall | Zachary | N/A | ATF-2018-0002-0784 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0784 |
| Westman | Michael | N/A | ATF-2018-0002-0785 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0785 |
| Becker | Joe | Retired law enforcement officer | ATF-2018-0002-0786 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0786 |
| Cribbs | David | N/A | ATF-2018-0002-0787 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0787 |
| Baxa | Jim | N/A | ATF-2018-0002-0788 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0788 |
| Petty | Tim | WEST-WARD PHARMACEUTICALS/INVENTIV HEALTH | ATF-2018-0002-0789 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0789 |
| Steadman | Clarence | N/A | ATF-2018-0002-0790 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0790 |
| Liptrap | John | N/A | ATF-2018-0002-0791 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0791 |
| Tracy | Phillip | N/A | ATF-2018-0002-0792 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0792 |
| DARNELL | GENE | N/A | ATF-2018-0002-0793 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0793 |
| Lampley | Michael | N/A | ATF-2018-0002-0794 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0794 |
| Hughes | Kent | N/A | ATF-2018-0002-0795 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0795 |
| Ginn | Tyler | N/A | ATF-2018-0002-0796 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0796 |
| Cruze | Justin | N/A | ATF-2018-0002-0797 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0797 |
| Hanna | Kyle | N/A | ATF-2018-0002-0798 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0798 |
| Martinez | Austin | N/A | ATF-2018-0002-0799 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0799 |
| Jones | Nicholas | N/A | ATF-2018-0002-0800 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0800 |
| Fortier | William | N/A | ATF-2018-0002-0801 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0801 |
| Bowen | Lee | N/A | ATF-2018-0002-0802 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0802 |
| Scott | Johnnie | resort rewards center | ATF-2018-0002-0803 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0803 |
| Gabriel | Gary | N/A | ATF-2018-0002-0804 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0804 |
| Reeves | Ryan | N/A | ATF-2018-0002-0805 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0805 |
| Phillips | Jarek | N/A | ATF-2018-0002-0806 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0806 |
| Matke | David | N/A | ATF-2018-0002-0807 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0807 |
| hodgin | Andrew | N/A | ATF-2018-0002-0808 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0808 |
| King | Michael | N/A | ATF-2018-0002-0809 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0809 |
| Gubernick | Matthew | N/A | ATF-2018-0002-0810 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0810 |
| Hill | Ryan | N/A | ATF-2018-0002-0811 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0811 |
| hopkins | philip | N/A | ATF-2018-0002-0812 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0812 |
| Holderman | Mark | N/A | ATF-2018-0002-0813 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0813 |
| Cooper | Matthew | N/A | ATF-2018-0002-0814 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0814 |
| Hoffman | Matthew | N/A | ATF-2018-0002-0815 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0815 |
| Johnson | Zachary | N/A | ATF-2018-0002-0816 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0816 |
| SYLVIA | CHRIS | N/A | ATF-2018-0002-0817 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0817 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Strickland | William | N/A | ATF-2018-0002-0818 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0818 |
| Childs | Geoff | N/A | ATF-2018-0002-0819 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0819 |
| Phillips | Charles | N/A | ATF-2018-0002-0820 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0820 |
| Hinh | Christopher | N/A | ATF-2018-0002-0821 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0821 |
| BROOKS | JOSEPH | N/A | ATF-2018-0002-0822 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0822 |
| Gregs | John | N/A | ATF-2018-0002-0823 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0823 |
| Nipper | Troy | N/A | ATF-2018-0002-0824 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0824 |
| Weaver | Christopher | N/A | ATF-2018-0002-0825 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0825 |
| Naaman | Jade | N/A | ATF-2018-0002-0826 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0826 |
| BROLLINI | VALERIE | N/A | ATF-2018-0002-0827 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0827 |
| Shelley-Smith | Jordon | N/A | ATF-2018-0002-0828 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0828 |
| Meadows | Doyle | N/A | ATF-2018-0002-0829 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0829 |
| Michael | Josh | N/A | ATF-2018-0002-0830 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0830 |
| Parker | James | N/A | ATF-2018-0002-0831 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0831 |
| Fenter | John | N/A | ATF-2018-0002-0832 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0832 |
| Maisel | Michael | N/A | ATF-2018-0002-0833 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0833 |
| Walsh | Ed | The Fair Claims Group Inc | ATF-2018-0002-0834 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0834 |
| Corbett | Roland | N/A | ATF-2018-0002-0835 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0835 |
| Weaver | Alec | N/A | ATF-2018-0002-0836 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0836 |
| Spriggs | David | N/A | ATF-2018-0002-0837 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0837 |
| Langford | Carl | N/A | ATF-2018-0002-0838 | 4/3/2018 | 3/31/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0838 |
| Borg | Eric | N/A | ATF-2018-0002-0839 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0839 |
| Griffin | Garrett | N/A | ATF-2018-0002-0840 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0840 |
| Jensen | Trevor | N/A | ATF-2018-0002-0841 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0841 |
| Baroh | Riley | N/A | ATF-2018-0002-0842 | 4/3/2018 | 3/29/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0842 |
| Bloom | Kelsey | N/A | ATF-2018-0002-0843 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0843 |
| Fogle | Michael | N/A | ATF-2018-0002-0844 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0844 |
| Stafford | Chris | N/A | ATF-2018-0002-0845 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0845 |
| Reyes | Marlo | N/A | ATF-2018-0002-0846 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0846 |
| Clark | Beian | N/A | ATF-2018-0002-0847 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0847 |
| Fellwock | Frederick | N/A | ATF-2018-0002-0848 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0848 |
| Fangman | Luke | N/A | ATF-2018-0002-0849 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0849 |
| Miller | Carl | N/A | ATF-2018-0002-0850 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0850 |
| Gibson | Scott | N/A | ATF-2018-0002-0851 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0851 |
| Champlin | Benjamin | N/A | ATF-2018-0002-0852 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0852 |
| O'Rourke | Patrick | N/A | ATF-2018-0002-0853 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0853 |
| Franklin | Aaron | N/A | ATF-2018-0002-0854 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0854 |
| Rodgers | Kenneth | N/A | ATF-2018-0002-0855 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0855 |
| Fellwock | Frederick | N/A | ATF-2018-0002-0856 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0856 |
| Wheeler | Robert | N/A | ATF-2018-0002-0857 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0857 |
| CLARK | CHRISTOPHER | N/A | ATF-2018-0002-0858 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0858 |
| Ferriola | Clay | N/A | ATF-2018-0002-0859 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0859 |
| Watkins | James | N/A | ATF-2018-0002-0860 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0860 |
| Phillips | Samuel | N/A | ATF-2018-0002-0861 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0861 |
| Hale | M | N/A | ATF-2018-0002-0862 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0862 |
| Watkins | James | N/A | ATF-2018-0002-0863 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0863 |
| Fellwock | Fred | N/A | ATF-2018-0002-0864 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0864 |
| Frederick | Kevin | N/A | ATF-2018-0002-0865 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0865 |
| Park | Gene | N/A | ATF-2018-0002-0866 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0866 |
| Elbon | Leonard | N/A | ATF-2018-0002-0867 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0867 |
| Kyle | Jason | N/A | ATF-2018-0002-0868 | 4/3/2018 | 3/30/2018 | https://www.regulations.gov/document?D=ATF-2018-0002-0868 |

Property of Criminal Division.

Please return to Miss Brookley.

# NATIONAL FIREARMS ACT

# HEARINGS

BEFORE THE

# COMMITTEE ON WAYS AND MEANS
# HOUSE OF REPRESENTATIVES

SEVENTY-THIRD CONGRESS

SECOND SESSION

ON

# H.R. 9066

APRIL 16, 18, AND MAY 14, 15, AND 16, 1934



Property of Criminal Division.

Please return to Miss Brookley.

AR004189

## COMMITTEE ON WAYS AND MEANS

### HOUSE OF REPRESENTATIVES

ROBERT L. DOUGHTON, North Carolina, *Chairman*

SAMUEL B. HILL, Washington
THOMAS H. CULLEN, New York
CHRISTOPHER D. SULLIVAN, New York
MORGAN G. SANDERS, Texas
JOHN W. McCORMACK, Massachusetts
CLEMENT C. DICKINSON, Missouri
DAVID J. LEWIS, Maryland
FRED M. VINSON, Kentucky
JERE COOPER, Tennessee
ASHTON C. SHALLENBERGER, Nebraska
CHARLES WEST, Ohio
JOHN W. BOEHNE, JR., Indiana
JAMES V. McCLINTIC, Oklahoma
CLAUDE A. FULLER, Arkansas

ALLEN T. TREADWAY, Massachusetts
ISAAC BACHARACH, New Jersey
FRANK CROWTHER, New York
JAMES A. FREAR, Wisconsin
HAROLD KNUTSON, Minnesota
DANIEL R. REED, New York
ROY O. WOODRUFF, Michigan
THOMAS A. JENKINS, Ohio
WILLIAM E. EVANS, California
THOMAS C. COCHRAN, Pennsylvania

E. W. G. HUFFMAN, *Clerk*

II

AR004190

# CONTENTS

Statements of—                                                                Page
  Allen, J. Weston, chairman National Anti-Crime Commission, Newton, Mass_____ 102, 127
  Cummings, Hon. Homer S., Attorney General of the United States__    4
  Frederick, Karl T., president National Rifle Association of America_   38
  Gordon, Seth, president American Game Association_____ 81, 161
  Imlay, Charles V., representing the National Conference on Uniform Law_____ 67, 137
  Keenan, Hon. Joseph B., Assistant Attorney General, Department of Justice_____ 26, 64, 82, 86, 133, 161
  Nichols, Frank C., vice president Colt Patent Firearms Manufacturing Co_____   151
  Reckord, Hon. Milton A., adjutant general of the State of Maryland_ 33, 107
  Ryan, W. B., president Auto Ordnance Co_____   66
  Taylor, John Thomas, representing the American Legion_____   80

III

AR004191

# NATIONAL FIREARMS ACT

----

## MONDAY, APRIL 16, 1934

House of Representatives,
Committee on Ways and Means,
*Washington, D.C.*

The committee met at 10 a.m., Hon. Robert L. Doughton (chairman) presiding.

The CHAIRMAN. We have met this morning to consider several matters, one of which is H.R. 9066, to provide for the taxation of manufacturers, importers, and dealers in small arms and machine guns, and other weapons.

The Attorney General of the United States is here and I understand sponsors and is very much interested in this or in some similar legislation. We will be glad to have him proceed to explain the bill and make any statement with reference to it that he may deem proper.

[H.R. 9066, 73d Cong. 2d sess.]

A BILL To provide for the taxation of manufacturers, importers, and dealers in small firearms and machine guns, to tax the sale or other disposal of such weapons, and to restrict importation and regulate interstate transportation thereof

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That for the purposes of this act the term "firearm" means a pistol, revolver, shotgun having a barrel less than sixteen inches in length, or any other firearm capable of being concealed on the person, a muffler or silencer therefor, or a machine gun.

The term "machine gun" means any weapon designed to shoot automatically or semiautomatically twelve or more shots without reloading.

The term "person" includes a partnership, company, association, or corporation, as well as a natural person.

The term "continental United States" means the States of the United States and the District of Columbia.

The term "importer" means any person who imports or brings firearms into he continental United States, for sale.

The term "manufacturer" means any person who is engaged within the continental United States in the manufacture of firearms, or who otherwise produces therein any firearm for sale or disposition.

The term "dealer" means any person not a manufacturer or importer engaged within the continental United States in the business of selling firearms. The term "dealer" shall include pawnbrokers and dealers in used firearms.

The term "interstate commerce" means transportation from any State or Territory or District, or any insular possession of the United States (including the Philippine Islands), to any other State or Territory or District, or any insular possession of the United States (including the Philippine Islands).

SEC. 2. (a) Within fifteen days after the effective date of this act, or upon first engaging in business, and thereafter on or before the 1st day of July of each year, every importer, manufacturer, and dealer in firearms shall register with the collector of internal revenue for each district in which such business is to be carried on his name or style, principal place of business, and places of business in such district, and pay a special tax at the following rates: Importers or manufacturers, $      a year; dealers, $      a year. Where the tax is payable on the 1st day of July in any year it shall be computed for one year; where the tax is

**2**                    NATIONAL FIREARMS ACT

payable on any other day it shall be computed proportionately from the 1st day of the month in which the liability to the tax accrued to the 1st day of July following.

(b) It shall be unlawful for any person required to register under the provisions of this section to import, manufacture, or deal in firearms without having registered and paid the tax imposed by this section.

(c) All laws (including penalties) relating to the assessment, collection, remission, and refund of special taxes, so far as applicable to and not inconsistent with the provisions of this act, are extended and made applicable to the taxes imposed by this section.

SEC. 3. (a) There shall be levied, collected, and paid upon firearms sold, assigned, transferred, given away, or otherwise disposed of in the continental United States at the rate of $    per machine gun and $    per other firearm, such tax to be paid by the person so disposing thereof, and to be represented by appropriate stamps to be provided by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury; and the stamps herein provided shall be affixed to the order for such firearm, hereinafter provided for. The tax imposed by this section shall be in addition to any import duty imposed on such firearm.

(b) All provisions of law (including penalties) applicable with respect to the taxes imposed by section 800 of the Revenue Act of 1926 (U.S.C., Supp. VII, title 26, sec. 900) shall, insofar as not inconsistent with the provisions of this act, be applicable with respect to the taxes imposed by this section.

SEC. 4. (a) It shall be unlawful for any person to sell, assign, transfer, give away, or otherwise dispose of any firearm except in pursuance of a written order from the person seeking to obtain such article, on an application form issued in blank for that purpose by the Commissioner of Internal Revenue. Such order shall identify the applicant by his name, address, fingerprints, photograph, and such other means of identification as may be prescribed by regulations under this act. If the applicant is other than an individual, such application shall be made by an executive officer thereof.

(b) Every person disposing of any firearm shall set forth in each copy of such order the manufacturer's number or other mark identifying such firearm, and shall forward a copy of such order to the Commissioner of Internal Revenue. The original thereof, with stamps affixed, shall be returned to the applicant.

(c) No person shall sell, assign, transfer, give away, or otherwise dispose of a firearm which has previously been so disposed of (on or after the effective date of this act) unless such person, in addition to complying with subsection (b), transfers therewith the stamp-affixed order provided for in this section, for each such prior disposal, and complies with such other rules and regulations as may be imposed by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, for proof of payment of all taxes on such firearm.

SEC. 5. It shall be unlawful for any person to receive or possess any firearm which has at any time been disposed of in violation of section 3 or 4 of this act.

SEC. 6. Any firearm which has at any time been disposed of in violation of the provisions of this act shall be subject to seizure and forfeiture, and all the provisions of internal-revenue laws relating to searches, seizures, and forfeiture of unstamped articles are extended to and made to apply to the articles taxed under this act, and the persons upon whom these taxes are imposed.

SEC. 7. Each manufacturer and importer of a firearm shall identify it with a number of other identification mark approved by the Commissioner of Internal Revenue, such number or mark to be stamped or otherwise placed thereon in a manner approved by such Commissioner.

SEC. 8. Importers, manufacturers, and dealers shall keep such books and records and render such returns in relation to the transactions in firearms specified in this act as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may by regulations require.

SEC. 9. (a) No firearms shall be imported or brought into the United States or any territory under its control or jurisdiction (including the Philippine Islands), except that, under regulations prescribed by the Secretary of the Treasury, any firearm may be so imported or brought in when (1) the purpose thereof is shown to be lawful and (2) such firearm is unique or of a type which cannot be obtained within the United States or such territory. AR004193

(b) It shall be unlawful (1) fraudulently or knowingly to import or bring any firearms into the United States or any territory under its control or jurisdiction,

## NATIONAL FIREARMS ACT

3

in violation of the provisions of this act; or (2) knowingly to assist in so doing; or (3) to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any such firearm after being imported or brought in, knowing the same to have been imported contrary to law. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such imported firearm, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains such possession to the satisfaction of the jury.

Sec. 10. (a) It shall be unlawful for any person who has not first obtained a permit as hereinafter provided, to send, ship, carry, or deliver any firearm in interstate commerce. Nothing contained in this section shall apply—

(1) To any manufacturer, importer, or dealer who has complied with the provisions of section 2;

(2) To any person who has complied with the provisions of sections 3 and 4 in respect to the firearm so sent, shipped, carried, or delivered by him;

(3) To a common carrier in the ordinary course of its business as a common carrier;

(4) To an employee, acting within the scope of his employment, of any person not violating this section;

(5) To a person who has lawfully obtained a license for such firearm from the State, Territory, District, or possession to which such firearm is to be sent, shipped, carried, or delivered;

(6) To any United States, State, county, municipal, District, Territorial, or insular officer or official acting within the scope of his official duties.

(b) Application for such permit may be made to the Commissioner of Internal Revenue at Washington or to such officers at such places as he may designate by regulations to be prescribed by him, with the approval of the Secretary of the Treasury, for the issuance of such permit. Such regulations shall provide for a written application containing the photograph and fingerprints of the applicant, or employee, the serial number and description of the firearm to be transported, and other information requested by the Commissioner of Internal Revenue or his agent.

(c) Such permits shall be issued upon payment of a fee of $     , provided the Commissioner of Internal Revenue is satisfied that the proposed transaction is lawful.

(d) Any person found in possession of a firearm shall be presumed to have transported such firearm in interstate commerce contrary to the provisions hereof, unless such person has been a bona fide resident for a period of not less than sixty days of the State wherein he is found in possession of such firearm, or unless such person has in his possession a stamp-affixed order therefor required by this act. This presumption may be rebutted by competent evidence.

Sec. 11. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall make all needful rules and regulations for carrying the provisions of this act into effect.

Sec. 12. This act shall not apply to the sale, assignment, transfer, gift, or other disposal of firearms (1) to the United States Government, any State, Territory, or possession of the United States, or to any political subdivision thereof, or to the District of Columbia; (2) to any peace officer or any Federal officer designated by regulations of the Commissioner of Internal Revenue.

Sec. 13. Any person who violates or fails to comply with any of the requirements of this act shall, upon conviction, be fined not more than $     or be imprisoned for not more than     years, or both, in the discretion of the court.

Sec. 14. The taxes imposed by paragraph (2) of section 600 of the Revenue Act of 1926 (U.S.C., Supp. VII, title 26, sec. 1120) and by action 610 of the Revenue Act of 1932 (47 Stat. 169, 264), shall not apply to any firearm on which the tax provided by section 3 of this act has been paid.

Sec. 15. If any provision of this act, or the application thereof to any person or circumstance, is held invalid, the remainder of the act, and the application of such provision to other persons or circumstances, shall not be affected thereby.

Sec. 16. This act shall take effect on the sixtieth day after the date of its enactment.

Sec. 17. This act may be cited as the "National Firearms Act."

AR004194

## STATEMENT OF HON. HOMER S. CUMMINGS, ATTORNEY GENERAL OF THE UNITED STATES

Attorney General CUMMINGS. Mr. Chairman and members of the committee, I do not think it is necessary to make any very elaborate statement, at least at the beginning.

This bill is a part of a program that has been formulated by the Department of Justice, following our experiences with the crime situation. I think it is a very essential part of it. There are pending before other committees, as of course you are aware, quite a number of bills which are designed to enable the Department of Justice to deal with what I think is generally recognized as a very serious national emergency.

All of these bills, as well as this bill, are predicated upon the proposition that there has developed in this country a situation which is far beyond the power of control of merely local authorities. All these bills have been drafted with an eye to constitutional limitations, and have been kept within a scope which indicates that there is no desire upon the part of the Department of Justice, or of anyone else, so far as I know, to take over any powers, or exert any administrative functions beyond those absolutely necessary to deal with this situation.

The development of late years of the predatory criminal who passes rapidly from State to State, has created a situation which is giving concern to all who are interested in law and order. We have gangs organized, as of course you all know, upon a Nation-wide basis and, on account of the shadowy area or twilight zone between State and Federal power, many of these very well instructed, very skillful, and highly intelligent criminals have found a certain refuge and safety in that zone, and there lies the heart of our problem—the roaming groups of predatory criminals who know, by experience, or because they have been instructed and advised, that they are safer if they pass quickly across a State line, leaving the scene of their crime in a high-powered car or by other means of quick transportation.

Now this situation, gentlemen, has become exceedingly serious. I stated in a moment of zeal on this question that there were more people in the underworld armed than there are in the Navy and the Army of the United States. I afterward sought to check up on the accuracy of my own statement. This proposition is, of course, somewhat difficult to calculate. Yet, on the basis of the records of crimes of violence which have been perpetrated, taken with our statistics of the number of persons in prisons for crimes of violence, and such other collateral data as it is possible to secure, I am prepared to say that the statement which I made was exceedingly conservative. It would be much fairer to say that there are more people in the underworld today armed with deadly weapons, in fact, twice as many, as there are in the Army and the Navy of the United States combined. In other words, roughly speaking, there are at least 500,000 of these people who are warring against society and who are carrying about with them or have available at hand, weapons of the most deadly character.

Mr. COOPER. Pardon me, General, but what was the number you estimated?

Attorney General CUMMINGS. A half a million. AR004195al with that situation, of course, requires thought and study and a serious, concerted program. Early last year the Department of Justice began

an earnest study of this problem. We have been at it for more than a year, with some degree of success in our actual operations, and we have, in addition to that, collected a lot of data and information of one kind or another. Into the Department of Justice have flowed thousands and thousands of letters offering suggestions as to how to deal with this problem. The amount of public interest in this effort to suppress crime is astounding. Unless you have been in contact with it, perhaps you have not fully realized that, but we do; because we are at the storm center of this activity.

Now, we have established in our Department an organization to segregate this material, to separate out the worthless suggestions, the extreme suggestions, the untenable propositions, and then gradually to concentrate on a program that is constitutional, that is reasonable, that does not invite local communities to relate their problems to the Federal Government and burden the Federal Government unnecessarily with expenses, personnel, and all the things that go with widened authority. At the same time, we have endeavored to provide the means for meeting this very real problem.

I have not the slightest pride of opinion in any of these bills—not the least. I am interested only in the problem and how best to meet it. If you gentlemen can improve these bills, or make them more workable, or more useful, I am very happy to have you do that. All that we have sought to do in this particular is to formulate these bills and submit them to the Congress for its consideration.

Amongst the bills is, of course, the one that is before the committee here today. This bill deals, I think it is fair to say, with one of the most serious aspects of the crime situation, namely, the armed underworld. How to deal with that was and is a difficult proposition. I do not know that this bill meets it entirely to our satisfaction; I do not know how it will work out. All I can say is that it is the result of our best thought on the subject.

Now this bill is drastic in some respects—

The CHAIRMAN. General, would you care to complete your main statement without interruption, or is it all right for members to ask questions as you go along?

Attorney General CUMMINGS. Suppose I go along for a little while. I do not mind interruptions, of course——

Mr. LEWIS. I would like to hear the general's statement first.

The CHAIRMAN. Suppose you complete your main statement and then yield to questions.

Attorney General CUMMINGS. All right, Mr. Chairman. As I was saying, I do not know exactly how this bill will work out. Nobody can tell. We must feel our way through these big problems. But, after all, it represents a lot of thought, and a lot of study.

Frankness compels me to say right at the outset that it is a drastic bill, but we have eliminated a good many suggestions that were made by people who are a little more enthusiastic about this than we are—I mean enthusiastic about the possibility of curing everything by legislation.

For instance, this bill does not touch in any way the owner, or possessor, or dealer in the ordinary shotgun or rifle. There would manifestly be a good deal of objection to any attempt to deal with weapons of that kind. The sportsman who desires to go out and shoot ducks, or the marksman who desires to go out and practice,

6                    NATIONAL FIREARMS ACT

perhaps wishing to pass from one State to another, would not like to be embarrassed, or troubled, or delayed by too much detail.   While there are arguments for including weapons of that kind, we do not advance that suggestion.

This bill deals, as the very first part of it indicates, with firearms, but defines "firearms" to mean a pistol, a revolver, a shotgun having a barrel less than 16 inches in length, or any other firearm capable of being concealed on the person, a muffler or silencer therefor, or a machine gun.   In the next paragraph it defines a machine gun as any weapon designed to shoot automatically, or semiautomatically, 12 or more shots without reloading.   The inquiries we have made of experts on the subject of the length of the barrel of sawed-off shotguns indicates the general belief amongst such people that 18 or even 20 inches would be a better maximum length than the 16 inches suggested in our bill.

A sawed-off shotgun is one of the most dangerous and deadly weapons.   A machine gun, of course, ought never to be in the hands of any private individual.   There is not the slightest excuse for it, not the least in the world, and we must, if we are going to be successful in this effort to suppress crime in America, take these machine guns out of the hands of the criminal class.

Now we proceed in this bill generally under two powers—one, the taxing power, and the other, the power to regulate interstate commerce.   The advantages of using the taxing power with respect to the identification of the weapons and the sale, and so forth, are quite manifest.   In the first place, there is already in existence a certain machinery for dealing with the collection of taxes of this kind, and these powers are being preserved in this particular act.   In addition to that, it is revenue-producing.   I presume that is the reason this bill is before this particular committee.   I suspect there ought to be enough revenue produced to cover at least the cost of administration and as much more as is necessary in the opinion of the committee to constitute an effective regulatory arrangement.

I am informed that, under existing law, there is an ad valorem 10-percent tax on pistols and revolvers and that this law produced $35,388 in the fiscal year 1933.   This existing law, if the pending bill should pass, will become inoperative so far as it imposes a tax on firearms included in the proposed legislation.   So we shall have to take into account the fact that with the passage of this bill there will disappear most if not all of that $35,000, but it will reappear in a larger measure under the taxing provisions and the licensing provisions that we would have in this act.

I do not think, gentlemen, that I can help very much in the details of this bill.   We have followed, where we could, the language of existing laws as to revenue terminology; and we have followed the Harrison Anti-Narcotic Act in language so as to get the benefit of any possible interpretation that the courts may have made of that act.   We have given this bill the best study that we could, and we want your help.   We are very anxious to obtain its passage and, if there are any things that ought to be changed, or any features of it which ought to be improved, as I said before, we are only too happy to have it done.

AR004197

Now that is really all I have to say, Mr. Chairman, unless there are some questions which some of the members desire to ask.

Mr. FREAR. General, I think every member of this committee who has been a prosecuting officer at any time appreciates the work that your Department has been doing, particularly on kidnaping and matters of that kind, and I speak of that because I had for years a near relation to police officials in St. Paul, and the difficulty of getting prisoners over State lines has been emphasized in the past. It was helpful, whether they were responsive or not. You have great difficulty, of course, between Federal and State laws.

Attorney General CUMMINGS. Yes, sir.

Mr. FREAR. I notice in all of the work that has been done you have been very helpful to the State authorities.

Attorney General CUMMINGS. Yes, sir.

Mr. FREAR. And I think we appreciate that. I was just wondering—you have not put a provision in here by means of which a man like Dillinger who goes into police headquarters and gets vests and arms—you have not provided anything in this bill that covers a situation like that, and there is this suggestion: Those coats and those vests, that are for armament and purely a matter of criminal use, if this bill could be broadened in any way to cover those things—whether your office had considered that.

Attorney General CUMMINGS. Let me answer your interrogatory, Mr. Congressman, in two sections. First, with regard to reaching a man like Dillinger: There is nothing specific in this act that deals with that situation. There is pending, however, before the Judiciary Committee of the House a bill making it an offense, a Federal offense, to flee across a State line to escape prosecution for a felony and, if that bill should be enacted, we would be able to reach criminals who are passing rapidly from one State to another. The mere fact of going across a State line for such a purpose would in itself be an offense.

Now in regard to vests and other protective armament, the reason we did not go into that, to be perfectly frank with you, sir, is because we were not confident that the committees would go along with us. There is a great deal of hesitancy in expanding the Federal powers too much and these things that you mention were merely left out as a matter of judgment. Now if the committee wants them in, it is all right with me.

Mr. FREAR. I was wondering if it had been considered.

Attorney General CUMMINGS. It has been considered and left out merely because I did not want to go before any committee and ask for too much. I wanted to ask for all that I thought should be granted to us. If they want to give us more in the way of power, we shall try to discharge the duties which may be imposed upon us. It was merely a matter of judgment whether we should ask for it.

Mr. FREAR. With an officer of the law trying to get a man who is a desperate criminal, who is clothed with protective clothing, of course the officer is at a disadvantage. It seems to me that there are very few people who are innocent wearing clothes of that kind, even for their own protection.

Attorney General CUMMINGS. That is true. The things that the underworld do to camouflage their activities and protect their persons are astounding. I do not know whether we have it here today, but we have a photograph taken of a gangster's arsenal that would make your blood run cold to look at. Amongst other equipment found were

8                              NATIONAL FIREARMS ACT

uniforms of police officers; uniforms of the Western Union Telegraph Co.'s delivery boys; and automobile license plates, manufactured by the gangsters themselves, which they use on their cars to divert suspicion.  We are confronted, gentlemen, with a very serious problem, and if the committee, as our distinguished friend suggests, could devise a way of dealing with these armaments, these bullet-proof vests—there are various types of them—if that could be made a matter of prohibition under some theory that permits the Federal Government to handle it, this would be of great assistance.  But there is some difficulty there, you see.

Mr. FREAR. I quite agree.

Attorney General CUMMINGS. It would be quite all right with me; but, of course, we have no inherent police powers to go into certain localities and deal with local crime.  It is only when we can reach those things under the interstate commerce provision, or under the use of the mails, or by the power of taxation, that we can act.

Now, for instance, we are asking for amendments to the Lindbergh Kidnaping Act so as to make communication not only by letter, but also by radio, or telephone, or other means, by criminals demanding rewards—making that a Federal offense; we are trying to strengthen the law so as to plug up as many of those loopholes as possible.

Mr. FREAR. We all follow your work and I believe every member of the committee congratulates you on what you have been able to do.

Attorney General CUMMINGS. It is very gracious of you to say so, sir.  I must say we are very much in earnest about it, working very hard with it, and there is a fine morale in the Department.

Mr. COOPER. Mr. Attorney General, I am thoroughly in sympathy with the purpose sought to be accomplished.  I feel that the situation presented by you here is really a challenge to governmental authority and organized society and that we have to meet and solve this problem.  Having such a profound respect for your views, I want to ask one or two questions in connection with this bill.  I invite your attention to the language appearing at the top of page 7, beginning in line 3—

* * *  Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such imported firearm, such posses- sion shall be deemed sufficient evidence to authorize conviction unless the de- fendant explains such possession to the satisfaction of the jury.

I would appreciate your legal opinion on that provision, as to whether the burden of proof is placed upon the defendant in the trial of the case, or whether it in any way affects his presumption of innocence, that we all recognize as being thrown around him as a protection.

Attorney General CUMMINGS. No, it does not shift the essential burden of proof on the trial, but it does, when once established, require an explanation by the defendant.  And in formulating that particular language, we followed preceisely the language of a similar provision of the Narcotic Drug Act of February 9, 1909, chapter 100, as amended relating to the importation of narcotic drugs.  That provision was upheld in the case of *Yee Hem* v. *United States*, 268 U. S. 178.  We thought that if we followed the language of that act, inasmuch as the Supreme Court had passed on the language, it was safer for us so to do than to attempt to formulate language of our own.

AR004799

Mr. COOPER. It was my impression this provision was similar to the narcotic provision referred to by you, and that had been upheld.

Attorney General CUMMINGS. That is it exactly.

Mr. COOPER. I thought, for the benefit of the record, that should appear specifically at this point.

Attorney General CUMMINGS. That is quite true.

Mr. COOPER. Now just one or two other questions. I would be interested to get your opinion about meeting the problem with reference to arms already in the possession of the criminal element of the country. As you stated, it is your estimate there are some 500,000 of these firearms in the hands of the criminal element of the country now. Is it your thought that this bill would afford some effective means of meeting and dealing with that problem, where the arms are already in the possession of those criminals?

The CHAIRMAN. Mr. Cooper, I understood the General to state there were 500,000 of these underworld criminals who were armed; not 500,000 firearms.

Attorney General CUMMINGS. Five hundred thousand individuals.

Mr. COOPER. I am glad to have that cleared up.

Attorney General CUMMINGS. One individual might have a dozen different types of armament.

Mr. COOPER. Yes. I realize that, of course; but I was wondering what your opinion would be as to the effectiveness of this measure in meeting the problem that is presented by this large number of weapons now being in possession of these criminals.

Attorney General CUMMINGS. Well the only answer I can give to you, Mr. Cooper, is that I racked my brain to try to find some simple and effective manner of dealing with those already armed. This bill is in two parts. The first part, under the internal revenue measure, deals with weapons as they now are coming out of the factories, and it seemed to us that the establishment of a system for the tracing of the weapons from owner to owner by a certificate of title might also be attempted with reference to arms already in existence. If we can once make a start and begin with the manufacture and disposal so that each person hereafter obtaining a weapon of the prescribed type would have to show his title to it and the propriety of its possession, that is about all we can do with that part of the problem.

The other part of the problem is dealt with under the Interstate Commerce provision, which makes it an offense to carry in interstate commerce any of the weapons which are under the ban of the law, with certain exceptions. So if, for instance, Dillinger, or any other of those roving criminals, not having proper credentials, should carry a revolver, a pistol, a sawed-off shotgun, or machine gun, across a State line and we could demonstrate that fact, that of itself would be an offense, and the weapons would be forfeited. And that is the only way I can think of to handle this where the weapons are already in existence.

Mr. COOPER. I realize, of course, the difficulty involved and I had this thought in mind—which, of course, you will readily appreciate—that whatever legislation is reported will have to be sustained to a very great extent by the members of this committee in the debate in the House.

AR004200

Attorney General CUMMINGS. Yes, sir.

Mr. COOPER. And I am just trying to anticipate a few questions that I apprehend will be asked during that time. And it occurred to me that was one very important thing to bear in mind, that is, the large number of these weapons that are already in the hands of the criminal element of the country, and whether or not it is your opinion that this bill affords an effective means of meeting that problem.

Attorney General CUMMINGS. I think it is as far as I would be warranted in asking a committee to go at the present time.

Mr. COOPER. I see.

Attorney General CUMMINGS. I think that it does two crucial things. It deals with the tracing of these weapons if traded or transferred after this act goes into effect; it deals with the requirement of licensing if a person is to take any weapon across State lines. And I am assuming in all this, of course, that the criminal elements are not going to obtain permits and they are not going to obtain licenses, and they are not going to be able to bring themselves within those protective requirements. Therefore, when we capture one of those people, we have simply a plain question to propound to him—where is your license; where is your permit? If he cannot show it, we have got him and his weapons and we do not have to go through an elaborate trial, with all kinds of complicated questions arising. That is the theory of the bill.

Mr. COOPER. Then it is your thought that this bill presents the best method that the Department of Justice has been able to work out, in view of its long experience and intensive efforts along that line that have been made?

Attorney General CUMMINGS. Bearing in mind our limitations of the constitutional character, bearing in mind our limitations to extend our power beyond the immediate requirements of the problem, this is our best thought on the subject.

Mr. COOPER. And this, as indicated by your opening remarks, is a very important part of your whole program?

Attorney General CUMMINGS. Absolutely.

Mr. COOPER. For meeting the criminal situation now existing in the country.

Attorney General CUMMINGS. Yes, Mr. Cooper.

Mr. COOPER. And is an important administrative measure?

Attorney General CUMMINGS. Yes, sir. I might add that the President has authorized me to say he was strongly in favor not only of this measure, but of all the other pending measures the Department of Justice has suggested.

Mr. COOPER. Now, then, one other phase of the matter if I may, please, and that is with reference to the taxes and penalties imposed by the bill. Would you feel disposed to give us some idea as to what you think those taxes should be? You have observed, of course, that the amounts are left blank in the bill. I invite your attention to page 3, where there are some 4 blanks appearing on that page; page 8, where there is a blank with reference to the fine and the imprisonment to be imposed; page 9, where there is a blank. Would you feel disposed to give us your views as to what would be the proper amounts to insert in those places?

Attorney General CUMMINGS. Yes, sir.

Mr. HILL. Would you supplement that by asking for an estimate of the revenue which would be produced?

AR004201

Mr. COOPER. Yes; I would be glad to have any estimate made of the amount to be yielded by this legislation.

Attorney General CUMMINGS. Answering for the moment your question, Mr. Cooper. On page 3, line 5 of the bill, there is a special tax of blank dollars a year fixed upon importers or manufacturers, and an unnamed annual tax upon dealers. We hesitated to make any specific suggestions as to amount, because they are mere matters of opinion. But, for what it is worth, we would suggest that a tax on importers or manufacturers of $5,000 a year would be proper. There are only four basic manufacturers in the country, large manufacturers. I see no reason why it should not be $5,000 a year, and dealers $200 a year.

The CHAIRMAN. General, would you not include for the record the names of those four large manufacturers you referred to?

Attorney General CUMMINGS. Yes; I will supply that.

Mr. COOPER. Then, on the bottom of page 3, General?

Attorney General CUMMINGS. On the bottom of page 3, in line 23, there is the tax on firearms sold, and so forth. For machine guns, $200 and, any other firearms, $1.

Mr. COOPER. That is $200 in the first blank in line 23, and $1 in the second blank?

Attorney General CUMMINGS. Yes. It rather penalizes the machine gun. Now in the next blank——

Mr. WOODRUFF. Mr. Attorney General, you suggest a tax of $200 on the sale of a machine gun. I understood a moment ago you said that those machine guns were manufactured almost exclusively by four different concerns.

Attorney General CUMMINGS. Yes.

Mr. WOODRUFF. Now it seems to me that possibly it would have a somewhat wholesome effect upon these particular manufacturers to increase that substantially. They can not have much to say; they would not have much reason to complain if the tax were made much larger than that; because, as we know, machine guns are in the possession of practically all of the criminals in the country who desire them; the fact that they have them must be due, to some small extent at least, to either carelessness or worse on the part of the people who manufacture those guns. Is that a reasonable deduction?

Attorney General CUMMINGS. Well let me say a few words on that if you will, sir.

Mr. WOODRUFF. I would be glad to hear you, General.

Attorney General CUMMINGS. In the past, that has been true—the presence of machine guns in the hands of the criminal classes has been a reflection upon the manufacturers of those weapons.

Mr. WOODRUFF. It certainly has.

Attorney General CUMMINGS. Now there is only one, really, the Colt Co., of Hartford, Conn.—my own State—I think that is the only manufacturer now of the type of machine gun used by gangsters and they have entered into a gentleman's agreement with the Department of Justice by which far greater care is now being taken in connection with the distribution of machine guns. Therefore I did not want to have it thought that they were entirely responsible.

Mr. WOODRUFF. I do not say "entirely".

Attorney General CUMMINGS. They have been quite cooperative of late, sir, and I think it is because they have realized what a dreadful

AR004202

12                          NATIONAL FIREARMS ACT

thing it has been for those deadly and dangerous weapons to be in the hands of those criminals.

Mr. WOODRUFF. General, I do not charge them with the entire responsibility.

Attorney General CUMMINGS. No, sir.

Mr. WOODRUFF. But I did feel and do now feel they have been to a great extent responsible.

Attorney General CUMMINGS. You are quite right. Now you could put that higher if you wanted to, as far as I am concerned.

Mr. WOODRUFF. I would like to ask about the provision in the last paragraph on page 1——

Mr. COOPER. Mr. Chairman, I only yielded for a question.

Mr. WOODRUFF. Just before he leaves this, then I am through.

Mr. COOPER. My point is this, that I only yielded for one question and I would like to have in the record, in one place, about these taxes, and then we can go back and pick up these other matters. If the gentleman will pardon me, I prefer to keep this matter together in the record.

Now just one question, if I may, in reference to the suggestion offered by you as to the tax provided in line 23, on page 3: That is $200 per machine gun?

Attorney General CUMMINGS. Yes.

Mr. COOPER. In that connection, would you be prepared to give us some information as to the average cost of one of these machine guns?

Attorney General CUMMINGS. The cost now is about $200.

Mr. COOPER. That is, delivered to the purchaser?

Attorney General CUMMINGS. Yes, sir.

Mr. COOPER. Then the proposed tax of $200——

Attorney General CUMMINGS. Would be about a 100-percent tax.

Mr. COOPER. About a 100-percent tax?

Attorney General CUMMINGS. Yes, sir.

Mr. COOPER. Then pass on if you will, please, sir, to page 8 and give us your idea as to the amount of fee that should be imposed in the provision in line 15.

Attorney General CUMMINGS. In line 15, on page 8, I think a dollar for each permit is reasonable.

Mr. COOPER. Then on page 9, General, the amount of the fine and the length of the imprisonment.

Attorney General CUMMINGS. In line 14, the amount of fine, page 9, is suggested at $2,000, and the imprisonment, in line 15, not more than 5 years. I will supplement that by saying that that is the penalty that is prescribed in the Harrison Anti-narcotic Act and we were following that suggestion. The committee may think it is not sufficiently drastic.

Mr. COOPER. I thank you, General, and Mr. Chairman, I will be glad to yield the General back to the gentleman.

Mr. HILL. Did you want to ask him for an estimate of the revenue?

Mr. COOPER. I would be glad if you could give us your estimate of the revenue to be yielded from these various items suggested by you.

Attorney General CUMMINGS. Well it probably would approach $100,000.

Mr. COOPER. All of them together would approach, in your opinion, about $100.000 a year?

AR004203

Attorney General CUMMINGS. Yes, sir.

Mr. McCLINTIC. Will you yield for a question in connection with that?

Mr. COOPER. Yes.

Mr. McCLINTIC. I would like to ask just one question. I am very much interested in this subject. What in your opinion would be the constitutionality of a provision added to this bill which would require registration, on the part of those who now own the type or class of weapons that are included in this bill?

Attorney General CUMMINGS. We were afraid of that, sir.

Mr. McCLINTIC. Afraid it would conflict with State laws?

Attorney General CUMMINGS. I am afraid it would be unconstitutional.

Mr. McCLINTIC. That is what I want to know.

Mr. COOPER. Now then, Mr. Chairman, I will be glad to yield back the gentleman to Mr. Woodruff.

The CHAIRMAN. I understand you are through now?

Mr. COOPER. Yes.

Mr. CULLEN. Pardon my suggestion, but my colleague Mr. Cooper understood, as he was collecting this data to have it assembled in one place in the record, that the $35,000 being collected now by the Government would be eliminated?

Mr. COOPER. Yes; I understood from the Attorney General it was his estimate—and I am having those figures checked now—that the present yield from the tax on revolvers, and so forth, is about $35,000 a year. And of course, as he suggested here, that would be eliminated if this new tax were imposed.

Mr. HILL. Will the gentleman yield for a question?

Mr. COOPER. Yes, sir.

Mr. HILL. Where is there in this bill a provision for the repeal of those taxes?

Attorney General CUMMINGS. Section 14, page 9, appears to be the place.

Mr. KNUTSON. General, would there be any objection, on page 1, line 4, after the word "shotgun" to add the words "or rifle" having a barrel less than 18 inches? The reason I ask that is I happen to come from a section of the State where deer hunting is a very popular pastime in the fall of the year and, of course, I would not like to pass any legislation to forbid or make it impossible for our people to keep arms that would permit them to hunt deer.

Attorney General CUMMINGS. Well, as long as it is not mentioned at all, it would not interfere at all.

Mr. KNUTSON. It seems to me that an 18-inch barrel would make this provision stronger than 16 inches, knowing what I do about firearms.

Attorney General CUMMINGS. Well, there is no objection as far as we are concerned to including rifles after the word "shotguns" if you desire.

Mr. KNUTSON. Why should we permit the manufacture, that is, permit the sale of the machine guns to any one outside of the several branches of the Government—for instance, the Federal Government, the sheriff's officers, and State constabularies?

Attorney General CUMMINGS. Well, there are other businesses. For instance, in banking institutions, we want to protect the banks.

Mr. KNUTSON. They could swear their guards at the banks in as deputy sheriffs, which would allow them to use machine guns.

Mr. SUMNERS of Texas. Pardon a suggestion, but is not this the answer, that this is a revenue measure and you have to make it possible at least in theory for these things to move in order to get internal revenue?

Attorney General CUMMINGS. That is the answer exactly.

Mr. SUMNERS of Texas. Mr. Attorney General, with the permission of the Chair, may I ask this one question: I notice you put in as the description of a machine gun a gun that will shoot automatically 12 or more shots without reloading. Would you anticipate the possibility, if this bill should be passed, of some unscrupulous manufacturer of these machine guns cutting it down to 11?

Attorney General CUMMINGS. No, sir; I do not think so.

Mr. SUMNERS of Texas. I do not know enough about it, but that possibility occurs to my mind.

Attorney General CUMMINGS. They are only made by the Colt people and the Colt people have been very cooperative of late and I would not believe for a moment that they would try to evade the law by any such device.

Mr. WOODRUFF. I will say, General, that the question raised by my friend from Texas, Mr. Sumners, is exactly the question that I wished to propound to you a moment ago. You say that the Colt Co. is the only one that manufactures machine guns?

Attorney General CUMMINGS. Yes, sir.

Mr. WOODRUFF. Are you sure about that?

Attorney General CUMMINGS. That is the submachine gun, the small kind—that is correct.

Mr. WOODRUFF. Well there are other machine guns, however, that are used?

Attorney General CUMMINGS. There are machine guns that sometimes get in by importation.

Mr. WOODRUFF. Is the Browning machine gun manufactured in this country?

Attorney General CUMMINGS. The same company, if I recall correctly, the Colt Co., manufactures the Browning gun. But the Browning gun is not easily transportable; it is a large, cumbersome weapon that would probably not be used by the criminal class. So that it is not absolutely necessary to bother with it.

Mr. WOODRUFF. I see. Will you indulge me, Mr. Chairman, if I make a short statement?

The CHAIRMAN. Go ahead.

Mr. WOODRUFF. I wish to say, General, that for the last 5 or 6 years I have had before the House a bill to do exactly what you are now proposing to do. I want to congratulate you on that. You can imagine the pleasure it gives me to know that at last the Department of Justice is recommending to the Congress legislation that will give the Federal Government authority over interstate crime.

Now I have addressed letters to every Attorney General for the last 5 or 6 years enclosing a copy of my bill, asking departmental approval of that bill. I think my friend from Texas, the Chairman of the Judiciary Committee, who is present, will bear me out when I say my bill has been before his committee during this period of time, and I recall I even addressed a communication to you, sir,

AR004205

when you first became Attorney General of the United States, and enclosed a copy of my bill. And that last bill that I introduced at the beginning of this Congress provided a penalty for any man fleeing across State lines who was accused of crime. I am happy to know you have such a bill as that before the Judiciary Committee. I hope you will have much greater influence, though, with the very honorable chairman of that committee than I have had in the past; I hope you have more influence with the committee and that the legislation gets out of that committee and before the Congress and becomes a law in this session.

I believe we are engaged in a war against crime and I believe we ought to bring up every element of strength we have to win that war. Again, I congratulate you.

Attorney General CUMMINGS. I thank you most sincerely, Mr. Congressman.

Mr. FULLER. General, as I understand from your statement, this bill does not contemplate that private individuals will have to register or have stamped their pistols that they now own.

Attorney General CUMMINGS. Not unless they sell them, or give them away, or otherwise dispose of them.

Mr. FULLER. If they dispose of them, then they have to transfer them with a bill of sale, or something of that kind?

Attorney General CUMMINGS. That is it.

Mr. FULLER. For instance, if a Member of Congress driving to Washington would put a pistol in his car, he would have to have that registered before he started, would he, and have it stamped?

Attorney General CUMMINGS. No, sir; in section 10, sir, subsection 5, page 7, prohibiting certain acts without a permit, it indicates that it does not apply to a person who has legally obtained a license for such firearm from the State, territory, district, or possession to which such firearm is to be sent, shipped, carried, or delivered. In other words, if he has thus complied with the State law he is exempt under the Federal law.

Mr. FULLER. But he would have to have some instrument to show it and in most of the States, I imagine, they have no law to require an owner of a pistol to show he is the owner of it. There is no registration, for instance, in the State of Arkansas. We had a law requiring the registration of pistols and 1 year we did do that; but it was so unpopular that at last the legislature repealed it.

Now, I have a pistol, say, in my home where I live and I interpretate under this bill I cannot give that away, I cannot sell it, I cannot dispose of it, without registering it or giving a bill of sale.

Attorney General CUMMINGS. That is correct.

Mr. FULLER. Nor can I carry it across a State line.

Mr. VINSON. Will the gentleman yield right at that point?

Mr. FULLER. Let him answer the question, first.

Attorney General CUMMINGS. You would not be required to have a license or go through any other formalities except in the disposition of the weapon to some one else. And to go across a State line, you would find yourself subject to no inconvenience whatsoever, if you complied with the law of the place you were going to. AR004206

Mr. VINSON. Now, General, in that connection, the gentleman from Arkansas (Mr. Fuller) referred to the State of Arkansas having

no law granting permits to carry pistols. This subsection 5 of section 10, to which you refer, makes it necessary for you to have obtained a license from the State, Territory, District, or possession to which such firearm is to be sent, shipped, carried, or delivered. That does not apply to the State from which the firearm is carried, as I read it.

Mr. HILL. That would apply to half a dozen different States.

Mr. VINSON. Yes; that applies to States into which the pistol or revolver is to be carried.

Mr. HILL. Including the District of Columbia.

Mr. VINSON. And I do not think it is confined merely to sales; because the language in section 10 refers to the sending, shipping, carrying, or delivering of any firearms in interstate commerce.

Attorney General CUMMINGS. To what section are you referring now?

Mr. VINSON. I am referring to the one you quoted, subsection 5 of section 10 on page 7 of the bill, at the bottom of the page.

Attorney General CUMMINGS. And what is the difficulty with it, sir?

Mr. VINSON. Well it does not refer to the granting of a permit in the State where the person lives and has his revolver legally. That language refers to the securing of a permit from the State, Territory, District, or possession in which the firearm is to be sent, shipped, carried, or delivered.

Attorney General CUMMINGS. Yes, sir.

Mr. VINSON. Then you would have to get a permit, if you were in Arkansas and coming to Washington, you would have to get a permit in every State between Arkansas and the District of Columbia, and in the District of Columbia; or you would be violating the law. I would like for you to refer to subsection 5 of that section and say if that is not true?

Attorney General CUMMINGS. If you are going from your home, we will say, in some remote State, to Washington, D.C., it is not contemplated you would have to have a permit from every intermediate State.

Mr. VINSON. It is not a question of what is in contemplation; it is a question of the language, General.

Attorney General CUMMINGS. If there is any doubt about it, you may, of course, clear it up; I have no objection. That certainly was not the purpose. It was the purpose not to compel a permit so long as you complied with the law of the State to which you were going.

Mr. VINSON. That is right. The State to which you are going.

Attorney General CUMMINGS. I think it very clearly states that; but if you have any doubt about it, clear it up.

Mr. VINSON. No; it does that. It states the State to which you are going; but you, in answer to the query of the gentleman from Arkansas, said it was a question of securing a permit in the State where the party lives—in Arkansas, for instance, as he asks.

Attorney General CUMMINGS. Oh, well, you would not be expected to obtain a permit from a State that does not issue them.

Mr. FULLER. But if you were going into a State that did require a permit—for instance, I have to come through Missouri and Illinois, and I would have to secure a permit from each one of those States.

Attorney General CUMMINGS. Oh, no. I do not think that would be the fair interpretation.

AR004207

Mr. FULLER. You do not mean that that is the intention of the law?

Attorney General CUMMINGS. Oh, no; and neither is it the language.

Mr. FULLER. And if the language of the law is such that it does require it, you would not have any objection to correcting it?

Attorney General CUMMINGS. Absolutely not.

Mr. FULLER. Would you have any objection to an officer of the law who has a warrant or is in pursuit of a criminal, carrying a weapon into another State? He has no time to stop and hesitate about getting a permit.

Attorney General CUMMINGS. That is included in the act.

Mr. FULLER. Where?

Attorney General CUMMINGS. Page 8, line 1——

Mr. FULLER. That keeps him from registering, but does not keep him from transporting.

Attorney General CUMMINGS. If you will look at page 8, line 1, section 6, you will find the act requiring a permit in interstate commerce does not apply to any United States, State, county, municipal, district, territorial or insular officer, or official acting within the scope of his official duties.

Mr. FULLER. Now is that for transportation, or is that for having a permit?

Attorney General CUMMINGS. Transportation.

Mr. VINSON. Now, General Cummings, let us assume you have a State officer and he goes out of his State, across the line, into another State: As soon as he crosses the line, he becomes a private citizen. Now would he be violating the provisions of this act if he had a pistol on him?

Attorney General CUMMINGS. I see the point you make—as to whether the language "within the scope of his duties" would be sufficient to protect him. Well it might be you could improve that language.

Mr. FULLER. Now you would have no exemption, as I understand—I have just hurriedly looked at this bill—for a sheriff, a man in the Department of Justice, one of your men, buying a machine gun and, as long as you have to combat those people, when the criminal has one, do you think they ought to be penalized by paying this exorbitant sum of $200 if a man is going out just to combat criminals?

Attorney General CUMMINGS. The answer is found on page 9, line 5, section 12, which exempts such officials.

Mr. FULLER. The question was asked you about the conclusive evidence of his guilt if a man did not have this permit, as provided by the narcotic law. As I understand, that is nothing more than the prevailing law in practically every State in the Union, and the old common law, that the possession of stolen goods is prima facie evidence of guilt; by the burden of proof in the entire case does not shift by reason of that law.

Attorney General CUMMINGS. That was the substance of the answer I thought I had given you; yes, sir.

Now some one asked me for the names of the manufacturers of weapons. The four concerns that are chiefly concerned in this matter are the Colt Manufacturing Co., of Hartford, Conn., Smith & Wesson,

ARO04208

of Springfied, Mass., Harrington & Richardson, Gloucester, Mass., and Iver-Johnson, of Boston.

Mr. LEWIS. General, doubtless you have compared the homicidal statistics of this country with other countries like Great Britain.

Attorney General CUMMINGS. Yes.

Mr. LEWIS. Will you put them in the record, in connection with your statement?

Attorney General CUMMINGS. Would you like those statistics put in the record?

Mr. LEWIS. Yes.

Attorney General CUMMINGS. Then, with the permission of the chairman of the committee, I shall file a memorandum.

Mr. LEWIS. Do you recall what the comparison is, say, between Great Britain and the United States, in a general way?

Attorney General CUMMINGS. I could not speak off-hand on that, sir.

Mr. LEWIS. I have seen comparisons in which it was said that one city in the United States, not the largest, had more murders each year than the whole of Great Britain.

Attorney General CUMMINGS. I can submit the accurate figures on that; but I prefer to submit them after consultation of the records.

Mr. LEWIS. Now, in the study of this subject doubtless you have had under consideration the method of dealing with these deadly weapons in other countries—say Great Britain, France, Germany?

Attorney General CUMMINGS. Yes.

Mr. LEWIS. Would it be a matter of great difficulty to give the committee the benefit of a comparison of such methods of treatment?

Attorney General CUMMINGS. I suppose I could supply data on that subject; but from my own experience, my judgment is that we are apt to be mislead by statistics that have been compiled under different theories in an entirely different country, having very different problems. If you will permit me to recur to one of my favorite illustrations, take this situation, for instance: Take the Urschell kidnaping case. Urschell was kidnaped in Oklahoma; he was carried into a remote section of Texas; the demand for the ransom money came from Missouri; and there was already prepared a gang of confederates in Minnesota to make disposition of the ransom money. There were other groups in 3 different additional States and our representatives had to travel in 16 States in rounding up those criminals. But calculating only the 7 original States; exclusive of the additional States in which our representatives traveled, those 7 States have an area of about 683,000 square miles, and that 683,000 square miles superimposed upon the map of Europe would cover Germany, France, Italy, Austria, Denmark, Holland, Switzerland, England, Scotland, and Wales.

Now, that is our crime problem, gentlemen. There is not anything comparable to it anywhere on the face of the globe.

Mr. LEWIS. What I have in mind mostly, General, is this: The theory of individual rights that is involved. There is a disposition among certain persons to overstate their rights. There is a provision in the Constitution, for example, about the right to carry arms, and it would be helpful to me in reaching a judgment in supporting this bill to find just what restrictions a law-abiding citizen of Great

Britain and these other countries is willing to accept in the way of his duty to society.

Attorney General CUMMINGS. I will be very glad to supply all the information I can on that subject.

Mr. LEWIS. Now a very brief statement on this subject: Lawyer though I am, I have never quite understood how the laws of the various States have been reconciled with the provision in our Constitution denying the privilege to the legislature to take away the right to carry arms. Concealed-weapon laws, of course, are familiar in the various States; there is a legal theory upon which we prohibit the carrying of weapons—the smaller weapons.

Attorney General CUMMINGS. Of course we deal purely with concealable weapons. Machine guns, however, are not of that class. Do you have any doubt as to the power of the Government to deal with machine guns as they are transported in interstate commerce?

Mr. LEWIS. I hope the courts will find no doubt on a subject like this, General; but I was curious to know how we escaped that provision in the Constitution.

Attorney General CUMMINGS. Oh, we do not attempt to escape it. We are dealing with another power, namely, the power of taxation, and of regulation under the interstate commerce clause. You see, if we made a statute absolutely forbidding any human being to have a machine gun, you might say there is some constitutional question involved. But when you say "We will tax the machine gun" and when you say that "the absence of a license showing payment of the tax has been made indicates that a crime has been perpetrated", you are easily within the law.

Mr. LEWIS. In other words, it does not amount to prohibition, but allows of regulation.

Attorney General CUMMINGS. That is the idea. We have studied that very carefully.

Mr. LEWIS. Just one other question: If the bill were to require of a person now holding one of these weapons that in order to travel in another State with that pistol in his possession he should first have to get a Federal permit, would you not then have reached, in a very substantial way, those who now, hundreds of thousands, carry these small firearms?

Attorney General CUMMINGS. Why, there is a question of policy and there are a lot of people who think that would be too drastic; that it would reach too many innocent people who desire to carry weapons for what they think are proper purposes. Now I do not think it would be proper for me to go into it very deeply, but we have gone as far as we thought we could and yet find support for our propositions as a matter of policy.

There is one matter, Mr. Chairman, if you will pardon me, that I neglected to mention——

Mr. SUMNERS of Texas. General, with the permission of the Chairman, something has occurred to me.

The CHAIRMAN. Proceed.

Mr. SUMNERS of Texas. What do you think about the bullet-proof vests that are part of the equipment of these persons? AR004210

Attorney General CUMMINGS. That subject, Mr. Sumners, was brought up by one of the members of the committee.

Mr. SUMNERS of Texas. Then please excuse me. Please dismiss it, and please do not cover it.

Attorney General CUMMINGS. There is one other matter that I would like to draw to your attention, that I think you will approve of. The bill ought, in my judgment, at some appropriate spot, for instance as section 7 (b) on page 6—I would suggest that on page 6, line 1, section 7 be changed so that after section 7 the letter "a" be inserted and the present language be considered as paragraph (a), and then that a subsection (b) be added containing the following language:

(b) It shall be unlawful for anyone to obliterate, remove, change or alter such number or other identification mark. Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of such firearm, upon which such number or mark shall have been obliterated, removed, changed or altered, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

That, of course, speaks for itself. We deal with criminals who will file off the numbers of the weapons so as to make it impossible to trace them, much as they do with automobiles now.

Mr. McCLINTIC. The distinguished Attorney General has referred to the so-called "Urschel case", which was tried in the State of Oklahoma. I want to say to the members of the committee it was my privilege to attend that trial. The closing argument for the Government was made by the distinguished Assistant Attorney General who is here, Mr. Keenan. It was handled in such an efficient manner that all of the citizens of my State deeply appreciate the able presentation and the fine results obtained in that particular instance.

Attorney General CUMMINGS. On behalf of my associate, I extend thanks to you, Mr. Congressman.

Mr. VINSON. General Cummings, I want to read paragraph (d) of subsection 6, section 10:

Any person found in possession of a firearm shall be presumed to have transported such firearm in interstate commerce contrary to the provisions hereof, unless that person has been a bona fide resident for a period of not less than sixty days of the State wherein he is found in possession of such firearm, or unless such person has in his possession a stamp-affixed order therefor required by this Act. This presumption may be rebutted by competent evidence.

Now is there any provision in any Federal or State statute similar to that?

Attorney General CUMMINGS. The case of *Mobile Railroad Co.* v. *Turnip Seed* (219 U.S. 35) discusses such a provision. If you will glance at that case, you will find that it sustains the proposition that there may be a legislative presumption based on one fact followed by another fact.

Mr. VINSON. What sort of crime had been committed in the case to which you refer?

Attorney General CUMMINGS. Suppose I send for the case, sir.

Mr. VINSON. I will say I am familiar in a general way with the rule of presumption that obtains relative to stolen goods and possession of narcotics, and possession of distilled spirits, and particularly with reference to State laws in regard to liquors. But I never came in contact with anything that even looked like a presumption such as written here in this bill in that paragraph.

Attorney General CUMMINGS. The answer is confession and avoidance. There is not anything that specifically I can point to which is

AR004211

similar to this particular provision.    This question arose in connection with a provision in another bill that we have pending, dealing with kidnaping, in which we raised a presumption that the person was transported in interstate commerce if not returned within 3 days. And when that was before the Senate committee, Senator Borah, who was very much interested in the matter, raised the same question that you have raised, sir, as to this general power to create such presumptions.    And at that time we sent for this case and read it over together and both reached the conclusion that it was a constitutional provision.    So, personally, I have no doubt that upon test it would be sustained.

Mr. VINSON. Of course I may reach that same conclusion; but, at the present time, I am just as far distant from such a conclusion as a person could be.

Attorney General CUMMINGS. Well the test is this, that it is only essential that there shall be some rational connection between the fact proved and the fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.

Mr. VINSON. That provision there puts a citizen of the United States on trial, innocent, however, as he may be, and compels him to rebut by competent evidence something that is not part and parcel of the crime; that is, a 60 days' bona fide residence.

Attorney General CUMMINGS. Mr. Congressman, it is perfectly natural to look at this crime problem from two angles; one, the angle of the defendant who may get into trouble——

Mr. VINSON. I am looking at it from the angle of a law-abiding citizen.

Attorney General CUMMINGS. That is what I say, and I have no fear of the law-abiding citizen getting into trouble.    The other angle is that of the prosecuting agency who desires to stamp out criminal practices.

Now we are dealing with armed people, criminals, who have hide-outs in various spots.    They will stay in one place a little while and in another place a little while, and move about—always with arms; always with arms.    We have recently broken into places where criminals had recently left and found regular arsenals of machine guns, revolvers, pistols, clips, vests, and the Lord knows what.    Now this particular provision was calculated to enable us to have a case against people of that kind.    Your fear is that it might be used as an engine of oppression against some innocent citizen.

Mr. VINSON. Let me say to you, General, I have been on the prosecution end of the law myself and can view it from the prosecutor's side of the case and, so far as the purpose in the prevention or restraint of this crime wave is concerned, of course we are in complete accord. But we have had some recent experiences in regard to splendid purposes that have been written into the law.    I could refer you to the 5-and-10-year provision of the Jones Act.    Nobody questioned the purpose of those of us who voted for that legislation; but, when we got off in the coolness and calmness of retrospect, we had something there that I do not think any English speaking people had experienced prior to that time, and I know have not seen since.

Attorney General CUMMINGS. I will leave that to the committee.

AR0042712

Mr. FULLER. As I understand from this bill, if I had a pistol of my own and I wanted to sell it, or give it away, I would have to have a picture taken.

Attorney General CUMMINGS. Yes.

Mr. FULLER. And have to give my fingerprints?

Attorney General CUMMINGS. Yes, you would.

Mr. FULLER. Do not you think that will cause an awful revolt all over the United States amongst private citizens, that the Federal Government is taking too much authority?

Attorney General CUMMINGS. Just a moment. I misspoke myself. You would not have to give your fingerprints, or your picture. It would be the person who got the weapon.

Mr. FULLER. The man who got the weapon?

Attorney General CUMMINGS. The man who received the weapon.

Mr. FULLER. Well is he the one who would have to get the permit?

Attorney General CUMMINGS. Yes, he would have to get the permit.

Mr. FULLER. What about transporting? If I had to get a permit to transport, would not I have to have my fingerprints made and a photograph taken, in order to get that permit to transport?

Attorney General CUMMINGS. Yes, I believe you would.

Mr. FULLER. Now, another question: You know that naturally, outside in your private life, as a practitioner, there is more or less resentment on behalf of all law-abiding people to be regulated too much, especially about pistols. Would it in your opinion seriously injure the object and purpose of this bill if you would eliminate pistols and let us get as strong a law as possible for sawed-off shot-guns and machine guns—the very thing you are trying to reach? That sentiment is reflected in Congress here. And it is no trouble for a criminal to get a pistol any time he wants it, even if you pass this law; but it would have a wholesome effect to stop him on these machine guns and sawed-off shotguns.

Attorney General CUMMINGS. Of course, the committee and the Congress will do as they please about this matter. I can only say what I think and I think it would be a terrible mistake to adopt any half-way measures about this. I think the sooner we get to the point where we are prepared to recognize the fact that the possession of deadly weapons must be regulated and checked, the better off we are going to be as a people.

Now, you say that it is easy for criminals to get weapons. I know it; but I want to make it easy to convict them when they have the weapons. That is the point of it. I do not expect criminals to comply with this law; I do not expect the underworld to be going around giving their fingerprints and getting permits to carry these weapons, but I want to be in a position, when I find such a person, to convict him because he has not complied.

Mr. FULLER. Of carrying the pistol or weapon, instead of the offense with which he is charged?

Mr. LEWIS. General, you were compelled, in the case of one outlaw, which the Department has convicted, to resort to prosecution under the income-tax law?

Attorney General CUMMINGS. That is Capone.

Mr. LEWIS. You were compelled to do that by utter lack of power to deal with a national outlaw.

AR004213

Attorney General CUMMINGS. Yes.

Mr. VINSON. General, I have been handed the case of the *Mobile, Jackson & Kansas City Railroad* v. *Turnipseed*, 235 U.S., to which you refer. That case, briefly, is a civil case for tort, and in it I find the following language in regard to presumption. I quote from it:

> To enact legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue, is to enact a rule of evidence and keep within the general powers of government. Statutes, National and State, dealing with such methods of proof in both civil and criminal cases, are found and decisions upholding them are numerous.

Now that is with respect to some part and parcel of the crime; for instance, the possession of stolen goods. There may be a proper legal presumption that goods that have been stolen, that are in the hands of the party charged with the crime, have come there illegally, and the State or Federal Government may make that possession a crime. But this presumption that is referred to in paragraph (d) of subsection 6 of section 10 deals with a man's residence—the question of whether a man has resided for 60 days within a State: There is no violation of law there; there is nothing that even squints of crime in a man's living in a State for 60 days, 6 months, or 6 years. And it just occurs to me that this particular decision might not be very strong authority for that contention.

Attorney General CUMMINGS. We have a memorandum on that subject that I would be glad to submit.

Mr. VINSON. I would be very happy to see it.

Mr. HILL. General Cummings, the question has been asked as to how you are going to check up on or deal with these prohibited arms now in possession of the people. Now there is not any provision in this bill that I have found that deals with clips, for instance, for a machine gun. It occurs to me that probably to some extent you might check up on the possessors of machine guns by requiring some identification in the purchase of the clips to furnish the ammunition for those guns.

Attorney General CUMMINGS. That is a very good suggestion, sir—very good.

Mr. HILL. I doubt whether it would be a very popular thing to carry that on to the matter of ammunition for pistols.

Attorney General CUMMINGS. No.

Mr. HILL. And sawed-off shotguns, and things of that kind; but, as to machine guns, it might be a very desirable supplement to this bill.

Attorney General CUMMINGS. I think that is a very good suggestion.

Mr. LEWIS. Do they have a different type of cartridge?

Attorney General CUMMINGS. They have special equipment to go into these machine guns. It is a highly specialized implement and ought not to be in the hands of any innocent person—I mean ought not to be in the hands of any person who is not properly entitled to have possession of it.

Mr. HILL. Now you are proceeding under two provisions of the Constitution as a basis for this legislation. One is the taxing power and the other is the regulation of interstate commerce.

Attorney General CUMMINGS. Yes.

AR004214

Mr. HILL. How far does the character of interstate commerce follow a firearm? For instance, with a gun that is imported, of course

that would be international commerce and would come under this provision; but take a domestic product. A manufacturer ships a gun into another State from that in which it is manufactured. It is in interstate commerce. Now if the person receiving that gun, purchasing that gun, sells it to some other person within the same State as he is, does the interstate commerce character still obtain?

Attorney General CUMMINGS. Well we would get that person, if he is a criminal, under the taxing provision.

Mr. HILL. Under the excise tax?

Attorney General CUMMINGS. Yes, sir.

Mr. HILL. You would require the person selling the weapon to pay the tax?

Attorney General CUMMINGS. Yes.

Mr. HILL. And in all these cases, I take it, where arms are imported, they will pay the import duty?

Attorney General CUMMINGS. Yes.

Mr. HILL. And, in addition to that, would pay the excise or internal revenue tax?

Attorney General CUMMINGS. I think it is so provided specifically.

Mr. HILL. Under the internal revenue tax feature, you would reach the sale of a weapon sold in the State in which it is manufactured?

Attorney General CUMMINGS. Yes. There you are under the taxing power.

Mr. HILL. Yes; I say, under the taxing power.

Attorney General CUMMINGS. You see, we have to use both of those powers to solve this problem.

Mr. HILL. Now, of course, this is a pretty drastic measure. Nobody will question that for a moment. And it may arouse some resentment among certain of our perfectly good law-abiding people. For instance, it requires, as has been suggested here, every person, regardless of whether he be a criminal or law-abiding, if he wants to transport one of these prohibited arms in interstate commerce, that he must first secure a permit. And, to get that permit, he must furnish a photograph and fingerprints and other marks of identification.

Attorney General CUMMINGS. That is unless he complies with the law of the State to which he is going.

Mr. HILL. Yes. Well, if that State does not have any requirements as to licenses or permits, then he would have to get the permit from the Commissioner of Internal Revenue?

Attorney General CUMMINGS. If you wish, sir, to meet that situation, on page 7, section 10, line 21, where we exempt persons who have lawfully obtained a license for such firearm from the State, Territory, District, or possession to which such firearm is to be sent—if you are raising the question that that State may not require any license (there is no doubt as to what it means) you might say:

Who has complied with the laws respecting firearms in the State, Territory, District, or possession to which he is going.

It is fair enough when you come to analyze it, because every State has a right, I should think, to be protected against people going into the State in contravention of the laws thereof.

Mr. HILL. There is no question but that the State has the power to impose a restriction and require certain regulations to be complied with; but if that State has not done that and the person, a per-

AR0042.15

fectly good citizen, should carry a firearm into that State, he would of course have nothing to show he is there legally in possession of it; because the State law will not require a permit.

Attorney General CUMMINGS. He would never be convicted or arrested in the world.

Mr. HILL. But he would have nothing to show specifically to the Federal officer who arrested him for having a firearm.

Attorney General CUMMINGS. The law would not contemplate for a moment requiring a person to have something that does not exist. So I should say if you were in the State of Arkansas, for instance, or going there, if it requires no permit, you would not have even to attempt to get one.

Mr. HILL. But section 10, on page 7, reads—

It shall be unlawful for any person who has not first obtained a permit as hereinafter provided, to send, ship, carry, or deliver any firearm in interstate commerce.

Then it goes on to say—

* * * nothing contained in this section shall apply—

to the number of different provisions which follow.

Attorney General CUMMINGS. You can change that so that, instead of requiring a license, it would read, "complied with the law."

Mr. HILL. Well there is no law to be complied with. He has absolutely nothing to show; that is the point I am making. He has to get a permit from the Commissioner and has nothing to show from the State, and what is there to keep him from being arrested by a Federal official as having violated this law?

Attorney General CUMMINGS. If he wants to get a permit, that would protect him. He does not have to get it.

Mr. HILL. He has to comply with regulations prescribed by the Secretary of the Treasury, which might include fingerprints, photographs, and other marks of identification. I am just simply calling attention, to get it in the record, to what this bill does, because we are going to be asked a lot of questions about it.

Attorney General CUMMINGS. Well, I said at the outset, Mr. Chairman, and Mr. Congressman, that this was a drastic law, and the law-abiding people of this country have got to be prepared to go to some inconvenience in dealing with these deadly weapons. The thing is not an irrational request to make of the honest citizen who wants the criminal class stamped out.

Mr. DICKINSON. Just one question, General. On page 4, section 4, the first line, where it says, "It shall be unlawfor for any person", does the word "person" include a dealer? Is it intended to include a dealer; is it broad enough to cover a dealer?

Attorney General CUMMINGS. Yes, sir. On page 2, line 1, it says "The term 'person' includes a partnership, company, association, or corporation, as well as a natural person."

Mr. DICKINSON. You think that includes a dealer?

Attorney General CUMMINGS. Well, if the dealer is a partnership, or company, or association, or corporation, undoubtedly.

Mr. DICKINSON. That definition, then, must be taken into consideration with the other?

Attorney General CUMMINGS. Did you notice line 11, Mr. Congressman—"The term 'dealer' means any person not a manufacturer or

AR004216

importer" and so on, and "The term 'dealer' shall include pawn-brokers and dealers in used firearms". I would like to put those people out of business, if I could.

Mr. DICKINSON. It is the dealer that I have been thinking about for years.

Attorney General CUMMINGS. Will you permit me to express my appreciation, Mr. Chairman, to yourself and these very courteous and attentive gentlemen who have been so patient with me? I thank you.

The CHAIRMAN. General, we appreciate your attendance and the information you have given the committee. I am sure the committee is very deeply interested in this proposed legislation, and we perhaps will want to confer with you later. We thank you very much, General.

(Thereupon an adjournment was taken until Wednesday, Apr. 18, 1934, at 10 a.m.)

(The following data was subsequently submitted for the record by Hon. Joseph B. Keenan, Assistant Attorney General, Department of Justice:)

MEMORANDUM FOR THE ATTORNEY GENERAL CONCERNING LEGALITY OF PRE-SUMPTIONS IN CRIMINAL STATUTES WHICH PLACE THE BURDEN OF PROOF UPON THE ACCUSED; PRESUMPTION, IN H.R. 9066, CONCERNING INTERSTATE TRANSPORTATION OF FIREARMS

Numerous decisions of Federal courts have established the rule that a presumption in a Federal criminal statute is not unconstitutional if (1) the defendant is given a fair chance to make a defense to it; (2) there is some rational connection between the fact proved and the fact presumed by reason of the statute.

The rule now followed has been set forth by the United States Supreme Court—

"That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate."

Mobile, etc. R.R. Co. v. Turnipseed, 219 U.S. 35; see also Hawes v. Ga., 258 U.S. 1; Brighton v. U.S., 7 F. (2d) 532; 43 Harvard Law Rev. 100; 38 Yale Law Rev. 1145; 27 Mich. Law Rev. 951.

Legislative presumptions which, in effect, place the burden of proof on the defendant, are attacked on two grounds; first, that they are a denial of due process, in that they deprive the accused of the presumption of innocence; second, that they are a violation of the constitutional provision against self-incrimination. The case of Yee Hem v. United States, 268 U.S. 178 (1924) embodies the answer of the Supreme Court of the United States to all these objections.

That case arose over the arrest of one Yee Hem who was found to be in possession of and concealing a quantity of smoking opium. He was convicted of the offense of concealing a quantity of smoking opium after importation, with knowledge that it had been imported in violation of the act of February 9, 1909, c. 100, as amended. Section 1 of that act "prohibits the importation into the United States of opium in any form after April 1, 1909, except that opium and preparations and derivatives thereof, other than smoking opium or opium prepared for smoking, may be imported for medicinal purposes only, under regulations prescribed by the Secretary of the Treasury. Section 2 provides, among other things, that if any person shall conceal or facilitate the concealment of such opium, etc., after importation, knowing the same to have been imported contrary to law, the offender shall be subject to fine or imprisonment or both. It further provides that whenever the defendant on trial is shown to have or to have had possession of such opium, etc., 'such possession shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury.' Section 3 provides that on and after July 1, 1913, 'all smoking opium or opium prepared for smoking found within the United States shall be presumed to have been imported after the 1st day of April, 1909, and

the burden of proof shall be on the claimant or the accused to rebut such presumption'" (268 U.S. 178, 181).

The question was raised whether Congress had power to enact the provisions in respect to the presumptions arising from the unexplained possession of such opium and from its presence in this country after the time fixed by the statute. The case was appealed to the Supreme Court which, by unanimous opinion delivered by Justice Sutherland, upheld the validity of this presumption. The court quoted from the opinion of the Supreme Court, by Justice Lurton, in *Mobile, etc., R.R.* v. *Turnipseed* (219 U.S. 35, 42):

"The law of evidence is full of presumptions either of fact or law. The former are, of course, disputable, and the strength of any inference of one fact from proof of another depends upon the generality of the experience upon which it is founded. * * *

"Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of Government. Statutes, National and State, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous. * * *

"That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed."

Justice Sutherland said that the legislative provisions assailed in this case satisfied the above requirements set forth in the *Turnipseed case* in respect to due process.

"They have been upheld against similar attacks, without exception so far as we are advised, by the lower Federal courts. (*Charley Toy* v. *United States*, 266 Fed. 326, 239; *Gee Woe* v. *United States*, 250 Fed. 428; *Ng Choy Fong* v. *United States*, 245 Fed. 305; *United States* v. *Yee Fing*, 222 Fed. 154; *United States* v. *Ah Hung*, 243 Fed. 762, 764.) We think it is not an illogical inference that opium, found in this country more than 4 years (in the present case, more than 14 years) after its importation had been prohibited, was unlawfully imported. Nor do we think the further provision, that possession of such opium in the absence of a satisfactory explanation shall create a presumption of guilt, is 'so unreasonable as to be a purely arbitrary mandate.' By universal sentiment, and settled policy as evidenced by State and local legislation for more than half a century, opium is an illegitimate commodity, the use of which, except as a medicinal agent, is rigidly condemned. Legitimate possession, unless for medicinal use, is so highly improbable that to say to any person who obtains the outlawed commodity, 'since you are bound to know that it cannot be brought into this country at all, except under regulation for medicinal use, you must at your peril ascertain and be prepared to show the facts and circumstances which rebut, or tend to rebut, the natural inference of unlawful importation, or your knowledge of it,' is not such an unreasonable requirement as to cause it to fall outside the constitutional power of Congress" (p. 184).

With respect to the argument that this legislative presumption deprives the accused of the presumption of innocence, the court said:

"Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. (See *Dunlop* v. *United States*, 165 U.S. 486, 502–503; *Wilson* v. *United States*, 162 U.S. 613, 619.)"

Finally, the court denied the validity of defendant's argument that the presumption contravened the compulsory self-incrimination clause of the fifth amendment.

"The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself, AR004218 aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens

to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a *prima facie* case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as in this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution" (p. 185).

In the bill H.R. 9066, which provides for the taxation and registration of manufacturers, importers, and dealers in small firearms and machine guns, and for the taxation and regulation of the sale or other disposal of such weapons a presumption is created that—

"Any person found in possession of a firearm shall be presumed to have transported such firearm in interstate commerce contrary to the provisions hereof, unless such person has been a bona fide resident for a period of not less than 60 days of the State wherein he is found in possession of such firearm, or unless such person has in his possession a stamp-affixed order therefor required by this act."

It is believed that this presumption is reasonable in view of the provisions of this act. If the firearm has been obtained since the accused entered the State, he should have a stamped-affixed order. Therefore, if he has not been a bona fide resident of the State for a period of more than 60 days, it is reasonable to presume that he came into the State within that period and transported such firearm with him.

JOHN W. BRABNER SMITH.

APRIL 17, 1934.

---

### FIREARM LEGISLATION IN GREAT BRITAIN

The British Firearm Act (act of 10 and 11 Geo. 5, c. 43, Aug. 16, 1920), not only is more rigorous and burdensome upon the inhabitants of Great Britain than the proposed National Firearms Act, H.R. 9066, would be upon the American people, but, considering all its provisions, it is more drastic than any present state legislation, including New York's "Sullivan law."

The British Act is based on regulating the sale, as well as the use and possession, of every kind of firearm, and of the ammunition therefor. Only those individuals can obtain a firearm certificate who are approved by the local chief of police, with certain exceptions such as law enforcement officials. The certificate fee is approximately $25, it is good for but three years, and is revocable. There is an additional hunting license fee.

Dealers are rigidly supervised and must make reports of all sales of weapons or ammunition within forty-eight hours. Such sales can only be made to identified certificate holders and must be pursuant to instructions in the certificates. Pawnbrokers cannot deal in firearms, and all manufacturers and repairmen are supervised.

A more extended review of this Act follows. It is unnecessary to discuss the infrequency of crimes committed with firearms in England, for repeated comparisons between such conditions there and in this country are becoming much too unpleasant for the law-abiding American citizen.

### OUTLINE OF THE BRITISH FIREARM ACT

[Act of 10 and 11 Geo. 5 ch. 43, Aug. 16, 1920]

#### FIREARM CERTIFICATE

In England every person, with certain exceptions, must have a firearm certificate to purchase, possess, use or carry any firearm or ammunition. Firearms include "any lethal firearm or other weapon of any description from which any shot, bullet or other missile can be discharged, or any part thereof". It does not include antiques or firearms possessed as trophies of any war, although no ammunition may be purchased therefor.

Ammunition is defined to be ammunition for such firearms, and also includes grenades, bombs and similar missiles, whether capable of use with a firearm or not, and ingredients and components thereof.

The firearm certificate is granted by the chief of police of the district in which the applicant resides, if the police officer is satisfied that the applicant has good

NATIONAL FIREARMS ACT                29

reason for acquiring the certificate and that he can be permitted to have the fire-arm without danger to the public safety, and on payment of a prescribed fee, which is 5 pounds for the first period of 3 years and is renewable every 3 years for a fee of 2 pounds 6 shillings.

The certificate must also specify the nature and number of the firearm to which it relates, and the quantity of ammunition authorized to be purchased and to be held at any one time thereunder.

### QUALIFICATIONS TO CARRY ARMS AND OBTAIN CERTIFICATE

(1) A certificate shall not be granted to a person of intemperate habits or unsound mind, or who is for any other reason unfit to be intrusted with firearms.

(2) A single certificate may be issued to a rifle club or cadet corps, if approved by a Secretary of State, for firearms to be used solely for target practice or drill, and no fee is charged.

(3) Certain groups of officers and individuals need not obtain a certificate: Law enforcement officers in the performance of duty; gunsmiths or firearm dealers; firearm and ammunition testers; warehousemen, post-office officials on duty; persons accompanied by a certificate holder; butchers or others who use firearms only to kill animals; and rifle ranges which use rifles not over 23 caliber.

(4) Persons under 14 years of age shall not purchase, possess, use or carry firearms or ammunition.

(5) A person who has been sentenced for a term of 3 months or more for any crime shall not, during a period of 5 years from the date of his release, have in his possession, use or carry a firearm or ammunition.

### LIMITATIONS ON DEALERS

Pawnbrokers shall not take in pawn a firearm or ammunition, although where they have done so before the act, redemption thereof may be made if the redeemer holds a firearm certificate or is a registered dealer, and in such case a sale also may be made to authorized persons.

Dealers are to register with the chief of police of the district in which their business is.

Manufacture, sale, repair, test, proof, exposure for sale, or possession for sale, repair, etc., is forbidden without registration.

No sale shall be made to other than a registered dealer unless the purchaser produces a certificate authorizing him to purchase firearms or ammunition, nor shall a person repair, test or prove firearms or ammunition for other than dealers or certificate holders. All vendors must, within 48 hours after a sale, notify the chief of police who issued the certificate, of the sale, must keep a record of all transactions within 24 hours after they take place, and must demand sufficient particulars to identify the purchaser. Such dealers must allow an inspection by the chief of police and other officers, of all stock on hand.

### APPEAL FROM REFUSAL TO ISSUE LICENSES, ETC.

Appeal from the refusal of a chief of police to issue a firearm certificate or to vary it or to register a firearm dealer, and other appeals from administrative acts hereunder, may be taken to a court of summary jurisdiction.

### PENALTIES

(1) For not having a certificate, or purchasing ammunition in excess quantities etc., the British Firearms Act provides a penalty up to 3 months imprisonment with or without hard labor, and £50.

(2) Dealers failing to comply with provisions of the act, as by making false entries, refusing to allow police inspection of books, etc., may be penalized up to 3 months and £20. Also the registration privilege may be withdrawn and the stock of firearms and ammunition sold by court order.

### MISCELLANEOUS

(1) All hunters must also have a gun license which costs 10 shillings.

(2) The manufacture, possession, sale, purchase, transportation of weapons, designed to contain or to discharge noxious liquid, gas, etc., may be punished by imprisonment for not more than 2 years.

AR004220

30                     NATIONAL FIREARMS ACT

(3) Possessing a firearm or ammunition with intent to endanger or injure any person or property is a misdemeanor.

(4) Any secretary of state can by order prohibit the removal of firearms to places within or without the United Kingdom unless authorized by the chief of police under instructions contained in the order.

(5) Any constable is empowered to demand production of the firearm certificate by anyone whom he believes to be in possession of a firearm or ammunition. Upon failure to produce it, the firearm or ammunition may be seized and detained, and for failure to comply with officer's request for true name and address of the possessor, the latter is liable to arrest without warrant and to a penalty of £20.

(6) Any justice of the peace, on information on oath that there is reasonable grounds for suspecting an offense is being committed, may grant a search warrant to enter at any time, and by force if necessary, the premises named therein, and the searching officer may seize and detain all firearms and ammunition found therein and arrest without warrant any person reasonably suspected of having committed an offense under this act.

---

COMPARISON OF STATISTICS CONCERNING MURDER AND MANSLAUGHTER IN THE UNITED STATES AND CERTAIN FOREIGN COUNTRIES, 1920–31

The following tables indicate that far more crimes of murder and manslaughter, in proportion to the population, are committed annually in the United States than in the leading European countries.  In the year 1930, which is the last year for which comparative statistics are available, there was approximately one such crime per 11,000 of population in the United States, as compared with approximately one in 72,500 of population in France, approximately one in 46,000 of population in Germany, approximately one in 165,000 of population in Great Britain, and for the year 1928 (which is the last available record we have) approximately one in 40,000 of population in Italy.

Moreover, murder, for the period from 1920 to 1931, has been increasing in this country more rapidly than has the growth of population, whereas in all the leading European nations there has been a constant decrease in this form of crime.  In the year 1931 there were 569 known cases of murder or manslaughter in the city of New York, as compared with 287 in the entire country of Great Britain.  In the Borough of Manhattan, New York City, which is one of the 5 boroughs constituting the city, there were 333 homicides in the year 1931 as compared with 287 homicides in all of Great Britain for the same year.  The entire population of the city of New York is approximately 7,000,000.

*Homicide statistics for the United States and certain foreign countries*

[Latest comparative figures available]

I. United States, 1931: Murder and manslaughter_____   11, 160
   United States.   Division of Vital Statistics, Census Bureau of
   the United States Government.

II. France, 1930: Murder and manslaughter_____        562
   France.   Bureau de la statistique generale.   Annuaire statis-
   tique, 1932, p. 92.

III. Germany, 1931: Murder and manslaughter_____     1, 336
   Germany.   Statistisches reichsamt.   Statistisches Jahrbuch
   für das Deutsche Reich.   Berlin 1933, p. 45.

IV. Great Britain, 1931: Murder and manslaughter_____   287
   Great Britain.   Home department.   Criminal statistics, Eng-
   land and Wales, 1931.   London, 1933, p. 15.

V. Italy, 1928: Homicide and infanticide_____         988
   Italy.   Direzione generale della statistics.   Annuario statistico
   Italiano.   1930, p. 58.

AR004221

*Homicide statistics for the United States, and some foreign countries, 1920–31*

NOTE.—Crime statistics are not compiled under uniform categories in all countries; consequently comparisons should be made advisedly.
Time limitation and lack of official reports prevent inclusion of later figures in this tabulation.

| Year | United States [1] | France [2] | Germany [3] | Great Britain [4] | Italy [5] | New York City [6] |
|---|---|---|---|---|---|---|
| 1920 | 6,205 | 781 | 1,868 | 313 | 2,661 | 344 |
| 1921 | 7,545 | 759 | 1,641 | 251 | 2,750 | 307 |
| 1922 | 7,788 | 595 | 1,538 | 243 | 2,459 | 350 |
| 1923 | 7,878 | 439 | 1,604 | 259 | 1,851 | 303 |
| 1924 | 8,420 | (7) | 1,373 | 274 | 1,786 | 390 |
| 1925 | 8,893 | 479 | 1,429 | 318 | 1,758 | 356 |
| 1926 | 9,210 | 627 | 1,442 | 297 | 1,252 | 344 |
| 1927 | 9,470 | 581 | 1,300 | 203 | 1,141 | 372 |
| 1928 | 10,050 | 520 | 1,264 | 284 | 988 | 399 |
| 1929 | 9,909 | (7) | 1,176 | 311 | (8) | 426 |
| 1930 | 10,617 | 562 | 1,233 | 300 | (8) | 498 |
| 1931 | 11,160 | ---------- | 1,336 | 287 | (8) | 569 |
| Total | 107,145 | 5,343 | 17,204 | 3,430 | 16,046 | 4,658 |
| Years missing | 0 | 3 | 0 | 0 | 3 | 0 |

[1] Homicidal statistics of the Statistical Division, United States Government Census Bureau.
[2] France. Bureau de la statistique générale. Annuaire statistique, 1924, p. 39—figures for 1920–22, inc.; 1927, p. 107—figures for 1923; 1928, p. 70—figures for 1925; 1929, p. 78—figures for 1926; 1930, p. 86—figures for 1927; 1931, p. 88—figures for 1928; 1932, p. 92—figures for 1930.
[3] Germany. Statistisches reichsamt. Statistisches Jahrbuch für das Deutsche Reich, 1926, p. 33–34—figures for 1920; 1927, p. 37—figures for 1921–26, inc.; 1928, p. 55,—figures for 1926; 1929, p. 53—figures for 1927; 1930, p. 49—figures for 1928; 1931, p. 43—figures for 1929; 1932, p. 43—figures for 1930; 1933, p. 45—figures for 1931.
[4] Great Britain. Home department. Criminal statistics, England and Wales, 1927, p. 27—figures for 1920–27, inc.; 1930, p. 15—figures for 1928–30, inc.; 1931, p. 15—figures for 1931.
[5] Italy. Direzione genreale della statistics. Annuario statistico Italiano, 1922–25, p. 35—figures for 1920–24, inc.; 1930, p. 58—figures for 1925–28, inc.
[6] World Almanac 1934 at page 476.
[7] Not found in subsequent yearbooks.
[8] Latest annual available in Library gave no figures later than 1928.

*Area of United States and European countries*

[Figures taken from World Almanac, 1934]

|  | Square miles |
|---|---|
| United States (continental) | 3,026,789 |
| France | 212,000 |
| Germany | 180,000 |
| Great Britain, including England, Irish Free State, Northern Ireland, Scotland, and Wales | 124,284 |
| Italy | 119,744 |

*Population of United States and European countries*

[Figures taken from World Almanac, 1934]

|  |  |
|---|---|
| United States (continent) (census 1930) | 122,775,046 |
| France (Census 1931) | 41,834,923 |
| Germany (Census 1933) | 65,300,000 |
| Great Britain, including England, Irish Free State, Northern Ireland, Scotland, and Wales (Census 1931) | 49,000,000 |
| Italy (Census 1931) | 41,176,671 |

AR004222

# NATIONAL FIREARMS ACT

## WEDNESDAY, APRIL 18, 1934

HOUSE OF REPRESENTATIVES,
COMMITTEE ON WAYS AND MEANS.

The committee met at 10 a.m., Hon. Robert L. Doughton (chairman) presiding.

The CHAIRMAN. The committee will be in order.

We shall continue this morning the hearings on H.R. 9066. We have with us this morning the adjutant general of the State of Maryland, whom we shall be glad to hear at this time.

General, will you please come forward and for the purposes of the record give your name, address, and the capacity in which you appear?

## STATEMENT OF ADJT. GEN. MILTON A. RECKORD, ADJUTANT GENERAL OF THE STATE OF MARYLAND, EXECUTIVE VICE PRESIDENT OF THE NATIONAL RIFLE ASSOCIATION OF AMERICA, WASHINGTON, D.C.

General RECKORD. Mr. Chairman and gentlemen: My name is Gen. Milton A. Reckord. I am the adjutant general of Maryland and the executive officer of the National Rifle Association of America.

Mr. DICKINSON. Will you please give us your address?

General RECKORD. I have an address at the capitol in Annapolis, as the adjutant general of Maryland, and in the Barr Building, Washington, D.C., as the executive vice president of the National Rifle Association of America.

We have asked to be heard on H.R. 9066 because of the fact that for many years our association has been interested in legislation of this type.

The CHAIRMAN. What is your position with the National Rifle Association?

General RECKORD. I am the executive officer, the executive vice president, the active head of the National Rifle Association.

Mr. TREADWAY. May I ask, Mr. Adjutant General, whether you are appearing as an official of that association or as adjutant general of your State? You seem to hold two positions. How are you appearing here, in what capacity?

General RECKORD. I am appearing in both capacities.

Mr. TREADWAY. That is what I wanted to know. Thank you.

General RECKORD. Because I am the chairman of the legislative committee of the Adjutants General Association of the United States.

The CHAIRMAN. In that connection, are you appearing in opposition to or in favor of the bill?

AR004228

General RECKORD. We are in opposition to many of the provisions of this bill.

Mr. HILL. You are representing the State of Maryland as well as the National Rifle Association in this hearing?

General RECKORD. I cannot say that I am representing the State of Maryland, because I have not been directed by the Governor to come here to present the views of the State. I am representing the Association of Adjutants General of all of the States, as I am the chairman of the legislative committee of that body.

Mr. HILL. Have you been directed by that organization to appear here?

General RECKORD. Yes, sir.

The CHAIRMAN. You say you appear in the capacity of adjutant general of the State of Maryland?

General RECKORD. I am the adjutant general of the State of Maryland and chairman of the Legislation Committee of the Adjutants General Association.

The CHAIRMAN. I do not see the necessity of bringing that out unless you appear here in that capacity. Exactly in what capacity do you appear? Will you please state that again for the record?

General RECKORD. I appear here as the executive vice president, or the active head, of the National Rifle Association of America.

The CHAIRMAN. Then I understand that you represent a private organization.

General RECKORD. That is true.

The CHAIRMAN. And you do not appear here in any official governmental capacity?

General RECKORD. No, sir; I am not here in any official Government capacity.

Mr. WOODRUFF. I understood you to say, General, that you are appearing both as a representative of the National Rifle Association and the National Association of Adjutants General.

General RECKORD. Yes, sir.

Mr. WOODRUFF. May I suggest that you confirm what I am about to say, if you will, and that is that the adjutant general of a State is the executive officer of the Militia or the National Guard of that State.

General RECKORD. Yes, sir; that is correct.

Mr. WOODRUFF. So you are here as a representative of the National Guard of all the States?

General RECKORD. That is correct. I am chairman of the legislative committee of the adjutants general of all the States.

Mr. WOODRUFF. And you are appearing in a dual capacity, representing that organization and also representing the National Rifle Association, is that correct?

General RECKORD. That is correct.

Mr. FREAR. Did they take action recently authorizing you to appear in opposition to the bill?

General RECKORD. Only in an informal manner.

Mr. FREAR. In what manner?

General RECKORD. The president of the association told me that— that is General Immell——

Mr. FREAR. That is General Immell?

AR004224

General RECKORD. That is General Immell, of Wisconsin, yes, sir.

The CHAIRMAN. But the organization has not met and considered this bill?

General RECKORD. No, sir.

The CHAIRMAN. Then this is your individual opposition rather than the opposition of your organization?

General RECKORD. No, sir.

Mr. WOODRUFF. General, I want to get this perfectly clear. I understood you to say a moment ago that you had been directed by the chief of your organization of adjutants general to appear here as the representative of that organization?

General RECKORD. That is correct.

Mr. WOODRUFF. To present the views of that organization as perhaps indicated to you by the president of the organization?

General RECKORD. Yes, sir; that is correct.

Mr. WOODRUFF. Then you are not speaking in your individual capacity; that is, if you are in opposition to any provision of this bill, it is not necessarily your individual opposition, but it is the opposition, as you understand it, of those organizations which you represent here?

General RECKORD. That is perfectly correct; yes, sir.

Mr. FREAR. General Immell is from my State and district I was just wondering whether he authorized you to appear for that organization, by letter or otherwise.

General RECKORD. Not by letter. But he was in town last week—— and he told me then to appear. I have been the legislative representative for a number of years. It was absolutely a verbal commitment.

Mr. FREAR. Let me ask you just one question, if I may. Would you prefer to have this bill rejected as it is now rather than passed?

General RECKORD. Yes, sir; very much prefer to have it rejected.

Mr. FREAR. I wanted to get your position, that was all.

Mr. TREADWAY. I do not want to interrupt your line of testimony, but in further answer to the question as to whether you had been asked officially to be here, or whether either one of your organizations had taken action on this bill, you rightly replied, no. Is not one reason for that the fact that this bill was introduced only April 11, which would not have given you time to communicate with the officials?

General RECKORD. That is the exact reason, because the Adjutants General met in convention here last week——

Mr. TREADWAY. And knew nothing about this?

General RECKORD. And knew nothing about this bill. Had they known about it I could easily have gotten a resolution directing me to come here in opposition to it.

Mr. TREADWAY. I think that explains it.

The CHAIRMAN. How do you know that, if they have not met?

General RECKORD. I beg your pardon?

The CHAIRMAN. How do you know that, if they have not expressed an opinion?

General RECKORD. Well, Mr. Chairman, I know it because I know those men, have known them for years. We all think more or less alike on the subject of firearms. There are so many provisions in

this bill that are not good, in my humble judgment, that I am confident—maybe that would be a better expression—I am confident that had this bill been before the convention last Monday or Tuesday, I could have had such a commitment.

Mr. REED. These provisions to which you are opposed, have they appeared in other forms in other legislation introduced heretofore, in piecemeal fashion?

General RECKORD. Many of them have not appeared, to my knowledge, until probably 2 or 3 weeks ago when an unnumbered bill was heard in the Senate. That bill was heard before the Senate Judiciary Committee.

Mr. REED. Containing provisions that are in this bill and to which you object?

General RECKORD. Yes, sir; that was the first time we had ever seen those provisions.

Mr. REED. Has your organization in the past considered any of the features of this bill; or features that are contained in provisions of this bill?

General RECKORD. You mean——

Mr. REED. That now appear in this bill; have you discussed those matters in your conventions?

General RECKORD. Not these particular features in convention, because these features just appeared within the last, I should say 2 or 3 weeks or a month.

Mr. REED. I did not know but that perhaps some of these provisions that appear here now have been discussed pro and con in years gone by.

General RECKORD. Many of these features are new and have not been presented before.

May I take this opportunity, Mr. Chairman, to say that the association I represent is absolutely favorable to reasonable legislation. We are responsible for the uniform firearms act being enacted into law by you gentlemen in the District of Columbia. It is on the books now. We are not obstructionists in any way. We want to help you. We offered to help; we carried that offer to the office of the Attorney General of the United States. We thought we were going to be called into conference to work with him. Instead of that, we stumbled upon an unknown bill in the Senate of the United States. We just have not been heard. That is the reason we are asking an opportunity to be heard now.

The CHAIRMAN. In that connection, you say you are favorable to reasonable legislation at this time.

General RECKORD. Yes, sir.

The CHAIRMAN. Therefore you must recognize its importance or necessity. Having recognized that, what steps have you taken yourself to bring such legislation as that to the attention of Congress, if any?

General RECKORD. We conferred with Mr. Keenan, of the Attorney General's office, and we left him believing that we were going to be invited to sit in with the Attorney General, and to work with them in shaping some legislation to bring before Congress. We were surprised, therefore, when we learned legislation had been presented without any reference to us whatever.

The CHAIRMAN. Your organization has presented none.

AR004226

General RECKORD. The only legislation we have presented to the Congress is what is known as the uniform firearms act, which was passed, and which is now the law of the District of Columbia.

The CHAIRMAN. That does not have any effect outside of the District of Columbia?

General RECKORD. No, sir; that does not. I merely mention that to show you and your committee that we are not here to obstruct the enactment of proper legislation. We want to help. We are against the crook and the racketeer the same as anyone else.

The CHAIRMAN. Who do you think would be in the best position to deal with legislation on this subject? What organization, what official body do you think is in best position to judge what legislation is necessary to deal with the subject matter set forth in this bill? Do you think there is any organization in the United States in a better position to determine that matter than the Department of Justice? I ask that in order that we may understand each other to start with.

General RECKORD. Mr. Chairman, I may be prejudiced, but if this bill is an example, then I do not think they have approached the subject properly.

Mr. TREADWAY. General Reckord, you said that you had been in consultation or contact with a representative of the Attorney General's office?

General RECKORD. Yes, sir.

Mr. TREADWAY. And in what way were you led to believe that your organization would be consulted before legislation were proposed?

General RECKORD. Mr. Treadway, we at our annual meeting held in Washington early in February invited the Attorney General to be present with us to talk upon the subject of fire-arms legislation, so that he would meet us, know who we were and whom we represented.

Mr. TREADWAY. You volunteered that invitation; that is, you were not asked to call in the Attorney General's department?

General RECKORD. No, sir; we did that.

Mr. TREADWAY. You did that of your own free will?

General RECKORD. Yes, sir. Mr. Cummings wrote and said he was sorry but, because of engagements, he could not attend, but would try to arrange to have Mr. Keenan attend. Mr. Keenan did attend, made an after-dinner talk to our body. We enjoyed having him with us and we arranged that evening for Mr. Karl Frederick, of New York, who is here today and is the president of our association——

Mr. TREADWAY. Which association?

General RECKORD. The National Rifle Association of America.

Mr. TREADWAY. I would like to get these associations separated distinctly.

General RECKORD. And myself, to meet with Mr. Keenan the following afternoon.

Mr. TREADWAY. This was in February?

General RECKORD. Yes, sir. We spent about, I would say, at least 3 hours Saturday afternoon with Mr. Keenan in his office discussing this problem; because it is a problem. It is a hard problem. We realize that. We discussed it with Mr. Keenan for 3 hours, and it was at that time that Mr. Keenan made the remark that he would

AR00422

prefer to go slowly and get proper legislation rather than to move rapidly and get something that was not just right.

He gave us every indication that he would confer with us and that we would be allowed to make suggestions and present the thought of our association. We were never given any further opportunity.

Mr. TREADWAY. This bill was introduced by Mr. Sumners, Chairman of the Committee on the Judiciary, marked "by request."

General RECKORD. Yes, sir.

Mr. TREADWAY. Do you know whether that request was Mr. Keenan's? Did Mr. Keenan prepare this bill, so far as you know, or are you not aware of that?

General RECKORD. If I may say so, may best knowledge is to the effect that it was prepared in the Attorney General's office; yes, sir.

Mr. TREADWAY. And if prepared in the Attorney General's office you feel confident that Mr. Keenan knew something about it?

General RECKORD. Well, Mr. Treadway, I know that it was prepared there and I know that Mr. Keenan knew all about it.

The CHAIRMAN. Will you now proceed to take up your objections one by one and explain them, with any suggestions that you have to offer?

General RECKORD. Mr. Doughton, if I may, I would like to present Mr. Karl Frederick, who is the President of the National Rifle Association of America. He is the vice president of the United States Revolver Association. He is a member of the Campfire Club. He is also a member of the New York Fish, Game, and Forest League and is vice president of the New York Conservation Council, Inc.; a former member of the Commission on Fire Arms Legislation of the National Crime Commission.

The CHAIRMAN. Mr. Frederick, will you please come forward and give your name and address to the reporter, for the record?

## STATEMENT OF KARL T. FREDERICK, PRESIDENT NATIONAL RIFLE ASSOCIATION OF AMERICA, 128 BROADWAY, NEW YORK CITY

Mr. FREDERICK. My name is Karl T. Frederick, 128 Broadway, New York.

I think the General has sufficiently indicated, unless some of you wish me to elaborate upon it, my representation and background.

I have been giving this subject of firearms regulation intense study and consideration over a period of 15 years, and the suggestions resulting from that study of mine and the people with whom I have been associated, such as the National Conference of Commissioners on Uniform Laws, have resulted in the adoption in many States of regulatory provisions suggested by us.

As General Reckord indicated, the national act for the District of Columbia is the uniform firearms act which was first drafted by me about 14 years ago, and which was, in that early time, brought to the attention of the National Conference of Commissioners of Uniform Laws, who appointed a subcommittee under the chairmanship of Mr. Imlay, who is here, and which gave about 7 years of study to the matter; which produced the most extensive and thoroughgoing investigation of the subject of firearms control that has ever been made by anybody in this country; and resulted, after successive

AR004228

revisions, in the final form of the uniform act which has been, as I say, adopted by the Congress for the District of Columbia.

It is the law in Pennsylvania. It has been the law in California for many years. Portions of it are to be found in New York, New Jersey, Indiana, New Hampshire, and many other States.

This subject is a subject to which a large amount of careful and intensive thought has been given. I must, however, apologize to your committee if, as I anticipate, the remarks which I have to make with respect to this particular bill appear to be somewhat disconnected and not presented with the logical form with which I would otherwise desire to present them. The reason for that is that since I arrived this morning on the night train I have for the first time seen the bill. I have had earlier bills which were first presented in the Senate and I have had some typewritten notes with respect to some prospective contents of a bill which was supposed or expected shortly to appear in the House.

My consideration has, therefore, been almost wholly based upon that earlier and somewhat scrappy information which has come to me; because, as I say, this printed bill I have seen for the first time this morning.

As General Reckord said, we regret that we are forced to appear without having had an opportunity to completely formulate our views. We had expected that we would be, as he said, informed as to the proposals emanating concretely from the Attorney General's office. But, apart from the conference which I had with General Reckord and with Mr. Keenan about 2½ months ago, and apart from a courteous letter of acknowledgement of certain information which I sent to him about 6 weeks ago, I have had no information whatever with respect to their proposals from the Attorney General's office.

I will come immediately to certain concrete criticisms which I think should properly be made of this bill, and in the course of my remarks I shall be glad to attempt to answer any questions any of you desire to address to me, and I may from to time branch out a little bit into consideration of the more general features of such legislation which underlie the entire subject.

The first criticism that I have to make is on page 1, lines 8 to 10. The definition of the term "machine gun" I think is wholly inadequate and unsatisfactory. A gun which fires automatically or semi-automatically less than 12 shots is not under this definition a machine gun. And yet, in my opinion, it is in fact a machine gun and should be so classified.

The well-known Thompson submachine gun which has figured in the papers extensively; the so-called "Browning" automatic rifle or the Monitor rifle, which is a somewhat similar weapon designed for police use, are both in fact capable of being operated automatically and semi-automatically. The number of shots which they may discharge is dependent solely on the size or the content of the magazine and if you use those guns with magazines holding only 11 shots they would not be, within the terms of this bill, a machine gun.

Mr. WOODRUFF. Will you yield for a question there?

Mr. FREDERICK. Certainly.

Mr. WOODRUFF. As a matter of fact, the only thing that controls or limits the number of shots that an automatic rifle ARQ04229 can fire is the magazine itself, is it not?

Mr. FREDERICK. I think that is correct.

Mr. WOODRUFF. That is the only way in which you can limit the number of shots that can be fired. And it is a very simple matter, is it not, to change the magazine or the clip or whatever they use to hold these cartridges, to meet any restrictions, particularly restrictions such as are proposed in the paragraph at the bottom of the first page of this bill?

Mr. FREDERICK. In general, that is true. I propose, however, to suggest a definition of machine gun which I think obviates your objection.

Mr. WOODRUFF. I will say that my position is exactly the same as the gentleman's in regard to this paragraph. I am in perfect harmony with you on this.

Mr. FREDERICK. And which I venture to suggest will lay before you a more concrete definition of what is a machine gun.

Mr. FREAR. Will you please give it? That is what we are trying to get.

Mr. COOPER. Mr. Chairman, may I ask a question before the witness proceeds to do that?

The CHAIRMAN. Mr. Cooper.

Mr. COOPER. The guns to which you have referred, how many of those are now manufactured with the type of magazine mentioned by you, firing less than 12 shots?

Mr. FREDERICK. I cannot answer your question, I do not know. But I say that it would be a perfectly simple thing for smaller magazines to be prepared.

Mr. COOPER. I understand you say that it is possible for such type of weapon to be constructed, but I am asking you what the situation is now with reference to the manufacture and sale of the type of weapon to which you refer.

Mr. FREDERICK. I cannot answer that, because I do not know. The definition which I suggest is this:

A machine gun or submachine gun as used in this act means any firearm by whatever name known, loaded or unloaded, which shoots automatically more than one shot without manual reloading, by a single function of the trigger.

The distinguishing feature of a machine gun is that by a single pull of the trigger the gun continues to fire as long as there is any ammunition in the belt or in the magazine. Other guns require a separate pull of the trigger for every shot fired, and such guns are not properly designated as machine guns. A gun, however, which is capable of firing more than one shot by a single pull of the trigger, a single function of the trigger, is properly regarded, in my opinion, as a machine gun.

Mr. HILL. May I ask you a question there?

Mr. FREDERICK. Yes, sir.

Mr. HILL. Suppose your definition were adopted. Would it be practicable to manufacture a gun that would be classed either as an automatic or semiautomatically operated gun, even with more than one function of the trigger, and still answer the purpose, in a large way, of a machine gun which requires only one function of the trigger?

Mr. FREDERICK. I do not think so. For purposes of example, you may look at the automatic pistol which is the standard weapon of the United States Army. That has an automatic discharge of the empty cartridge and a reloading principle which is operated by the

AR004230

force of the gas from the exploded cartridge. But with a single pull of the trigger only one shot is fired. You must release the trigger and pull it again for the second shot to be fired. You can keep firing that as fast as you can pull your trigger. But that is not properly a machine gun and in point of effectiveness any gun so operated will be very much less effective than one which pours out a stream of bullets with a single pull and as a perfect stream.

Mr. HILL. In one sense you are limiting the scope of this definition and in another you are broadening it. When you say that any weapon or any gun that will shoot more than once is a machine gun, you are broadening the definition. But when you say "one operation of the trigger" you may be limiting the definition as it is in this bill, as I see it, because this says nothing about what operation of the trigger is necessary to constitute the machine gun.

Mr. FREDERICK. If I understand your remark, Mr. Hill, I think that is quite true. I am including within the definition, however, everything that I think is a machine gun instead of including only those machine guns which fire 12 or more shots without reloading.

Mr. HILL. The point I am making is, why include in your definition the phrase, "with one function of the trigger"?

Mr. FREDERICK. Because that is the essence of a machine gun. Otherwise you have the ordinary repeating rifle. You have the ordinary shotgun which is in no sense and never has been thought of as a machine gun.

Mr. FREAR. You are attempting to cover more than is embodied in this bill?

Mr. FREDERICK. I am trying to bring within this everything that in my opinion should be included under the term "machine gun."

Mr. FREAR. That would be desirable.

Mr. FREDERICK. I should not like, if there is to be legislation with respect to machine guns, to have machine guns capable of firing up to 12 shots exempted from the operations of this bill.

Mr. COCHRAN. Mr. Frederick, under your proposed definition, would the Colt automatic pistol be a machine gun?

Mr. FREDERICK. No, sir. I do not think that in the eyes of any ballistic engineer it would be so regarded. I do not think it should be so regarded.

Mr. COCHRAN. Does not the Colt automatic pistol continue to shoot as long as you exert pressure upon the trigger?

Mr. FREDERICK. No, sir. It requires a separate pull of the trigger for every shot fired.

Mr. HILL. If the Colt automatic pistol could fire 12 times, would it be a machine gun under this definition in the bill?

Mr. FREDERICK. Under the definition as printed in the bill?

Mr. HILL. Yes.

Mr. FREDERICK. I do not know what the language means, "automatically or semiautomatically." The language is not, as I read it, and from my limited knowledge of firearms and ballistics—which has some scope, but I do not pretend to be a finished master in that; I am a lawyer, I am not a firearms manufacturer—I do not know what "automatically or semiautomatically" means. There are automatic features about the Colt pistol in the sense that when a shot is fired the action of the gas not only expels the bullet from one

AR064231

end of the barrel, but it expels the empty shell from the other end, and it is so devised that upon the return of the carriage through a spring, it puts another shell in place of the old one. That is in a sense automatic, and that principle is found in machine guns. But that is not the distinguishing features of a machine gun.

Mr. FREAR. The question in my mind and I think in the majority of the committee is what we can do to aid in suppressing violations by such men as Dillinger and others. Do you think that by your proposed amendment you have aided in that result?

Mr. FREDERICK. I believe so.

Mr. FREAR. Then what is the purpose of any longer discussing that? Why not go on to something else?

Mr. FREDERICK. If none of you gentlemen desires to discuss that particular feature——

Mr. FREAR. You are a lawyer, you are not a firearms manufacturer, as you have said. Let us assume that we accept your proposed suggestion. I suggest that we pass it and get to the other serious questions that are involved in the bill.

Mr. FREDERICK. Another objection which appears to me to be serious is that there appears to be no distinction—I do not know what figures it is intended to insert on page 3 in the matter of taxes or licenses, but it would seem that it was intended to insert a single figure.

Mr. HILL. What line?

Mr. FREDERICK. I am speaking of line 5, page 3.

Mr. HILL. It has been suggested that in the first blank you insert $5,000 and in the second blank $200. That is only a suggestion.

Mr. FREDERICK. There is, as I see it, no provision made in the act for the jobber, who is the general distributor to dealers of pistols. It seems to me that from the little I know of the manner in which the business is conducted, because I have not and never have had any connection with the business of firearms—as I understand it, the jobber plays an essential part in the firearms business. I understand that it would be quite impossible for the manufacturer to pass upon the credit questions and the other matters which arise, as between the ultimate dealer and his supplier. It has suggested itself to my mind that one of the purposes of this bill was to destroy the jobber and to eliminate all but the largest and the wealthiest and the strongest individual dealers.

The CHAIRMAN. Do you mean dealers or manufacturers?

Mr. FREDERICK. I mean dealers. I think an annual fee of $200 a year will eliminate 95 percent of the dealers in pistols.

Mr. LEWIS. What is your definition of dealer? What does it include? Does it include the village storekeeper who sells pistols?

Mr. FREDERICK. Yes, sir.

Mr. HILL. The definition is on page 2, beginning with line 11:

The term "dealer" means any person not a manufacturer or importer engaged within the continental United States in the business of selling firearms. The term "dealer" shall include pawn brokers and dealers in used firearms.

That would include jobbers, I take it.

Mr. FREDERICK. It is possible, but the jobber does not fit very logically into the picture that is here defined.

Mr. FREAR. If we insert that, would that be sufficient to meet your objection? That is, after the words "pawn brokers and dealers" add

Mr. FREDERICK. I would have to examine the bill in order to give a really intelligent answer to your question.

Mr. FREAR. Can you give us a constructive amendment?

Mr. FREDERICK. I must again refer you to the fact that this is the first morning I have seen this particular bill, and I am not prepared to give you that particular suggestion. But I think that provision ought to be made for the jobber and I think that provision ought to be made so that this will not destroy 95 percent of the small dealers throughout the country.

Mr. FREAR. On what do you base that statement?

Mr. FREDERICK. A tax, I say, of $200 per year will eliminate 95 percent of the dealers, in my opinion.

Mr. FREAR. On what is your opinion based?

Mr. FREDERICK. My general experience and practical contact with dealers, and observation of those who deal in firearms and such things, over a good many years.

Mr. HILL. What figure would you suggest?

Mr. FREDERICK. That takes me into the purposes of this bill. This bill, as I see it, is intended to be a bill for the suppression of crime and is proposed to the United States Congress which ordinarily has no power in such matters, under the guise of a revenue raising bill.

Mr. FREAR. May I ask a question? Are you interested at all in arms manufacturing or anything like that?

Mr. FREDERICK. Not at all, in any way.

Mr. FREAR. They why not offer some constructive criticism? You are complaining about the character of the bill, suggesting what is behind it, the motives behind it, and so forth. Why not offer something constructive that will be helpful to us anywhere along the line?

Mr. FREDERICK. I am try to do so, as rapidly as I can.

Mr. FREAR. If you will read your record, you will find, I understand, that you are attacking the motives generally.

Mr. FREDERICK. Not at all.

I am saying that this bill, practically speaking, destroys the business in firearms of 95 percent of the dealers.

Mr. FREAR. Then why not recommend something, as Mr. Hill has suggested?

Mr. FREDERICK. I shall be glad to submit a recommendation in that respect, as soon as I have had a chance to examine it.

Mr. FREAR. Yes; but do not attack the motives for its introduction. We are not interested in that at this time.

Mr. FREDERICK. I think that the result of this provision here will be to deprive the rural inhabitant, the inhabitant of the small town, the inhabitant of the farm, of any opportunity to secure a weapon on which he perhaps more than anyone else needs for his self-defense and protection. I think that it would be distinctly harmful to destroy the opportunity for self-defense of the ordinary man in the small community, where police forces are not adequate.

Mr. HILL. Just tell us how this bill does that.

Mr. FREDERICK. It does it in two or three ways, as I see it. In the first place, it requires Federal documents to be filled out, procured from Federal officials, before a pistol can be purchased. It requires

AR004233

that pistol to be purchased from a licensed dealer. Now, if the largest and most important and wealthiest dealers, those in the larger cities, are the only dealers to exist who can handle firearms, and if it is required to go to a Federal official who is not to be found readily in rural communities, in the country, in any except the larger communities—if they only are allowed to handle firearms, it seems to me that the practical result will be that the countryman absolutely will be unable, in a practical sense, to obtain any firearm. There are so many impediments put in his way. He will be unable to secure a weapon that he needs for his own defense and the defense of his home and family.

Mr. HILL. Do you have reference to the large license fee of $200 as suggested in line 5?

Mr. FREDERICK. I have at this moment, yes.

Mr. HILL. Suppose you made that fee $5, what would be the situation?

Mr. FREDERICK. I do not think that that would be as bad. I think it would be somewhat serious, but I do not think it would be very serious. I will tell you why I say that. The uniform firearms act which we sponsored and which was adopted in Pennsylvania had a provision for $10 license fee for dealers in that State. That law has been in effect in that State for 3 or 4 years. I am told that the practical result is that most of the small dealers, country hardware merchants, and so forth, refuse to take out a license and pay $10, because they say it just is not worth it. They sell maybe three or four guns a year and it is not worth $10 to get the privilege of selling three or four guns. I think that any substantial license fee will destroy the small dealer in the small community.

Mr. HILL. That is, any appreciable license fee?

Mr. FREDERICK. Any appreciable license fee for dealers.

Mr. HILL. Would the requirement for a license itself do that?

Mr. FREDERICK. I do not think so. I think if it were a negligible fee—and as I see it, inasmuch as I believe the main purpose behind this bill is a police purpose and not a revenue purpose, it seems to me that that charge should be made quite nominal; it should be made so small that you get actually the police result that you want, namely, the registration of the dealer and the issuance of a license to him, but that should not be made a burden to him in point of dollars and cents.

Mr. HILL. If that should be corrected—it is not really a correction, because there is no sum in there now; any amount that has been spoken of here is merely tentative. There is no determination as to what that fee shall be. But if we met the objection on that particular phase, you would be ready to pass on to something else, would you not?

Mr. FREDERICK. Yes. I want to say one word with respect to the manufacturers.

Mr. COCHRAN. Mr. Chairman, before the witness gets to that, I desire to ask if he will at this point in his remarks insert a copy of the uniform firearms bill which his association has sponsored and which has been adopted in various States? AR004234

Mr. HILL. How voluminous is that document?

Mr. FREDERICK. It is about four pages. It is practically the law as it stands in the District of Columbia. I have a copy of it here. There are five pages.

The CHAIRMAN. Without objection, it will be inserted in the record.

Mr. FREDERICK. It is substantially the uniform act.

(The act referred to is as follows:)

[PUBLIC—NO. 275—72D CONGRESS]

[H. R. 8754]

AN ACT To control the possession, sale, transfer, and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

#### DEFINITIONS

SECTION 1. "Pistol," as used in this Act, means any firearm with a barrel less than twelve inches in length.

"Sawed-off shotgun," as used in this Act, means any shotgun with a barrel less than twenty inches in length.

"Machine gun," as used in this Act, means any firearm which shoots automatically or semiautomatically more than twelve shots without reloading.

"Person," as used in this Act, includes, individual, firm, association, or corporation.

"Sell" and "purchase" and the various derivatives of such words, as used in this Act, shall be construed to include letting on hire, giving, lending, borrowing, and otherwise transferring.

"Crime of violence" as used in this Act, means any of the following crimes, or an attempt to commit any of the same, namely: Murder, man slaughter, rape, mayhem, maliciously disfiguring another, abduction, kidnaping, burglary, housebreaking, larceny, any assault with intent to kill, commit rape, or robbery, assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment in the penitentiary.

#### COMMITTING CRIME WHEN ARMED

SEC. 2. If any person shall commit a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm, he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than five years; upon a second conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than ten years; upon a third conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than fifteen years; upon a forth or subsequent conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonement for an additional period of not more than thirty years.

#### PERSONS FORBIDDEN TO POSSESS CERTAIN FIREARMS

SEC. 3. No person who has been convicted in the District of Columbia or elsewhere of a crime of violence shall own or have in his possession a pistol, within the District of Columbia.

#### CARRYING CONCEALED WEAPONS

SEC. 4. No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon.

#### EXCEPTIONS

SEC. 5. The provisions of the preceding section shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers, or to members of the Army, Navy, or Marine Corps of

AR004235

the United States or of the National Guard or Organized Reserves when on duty, or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employees of the United States duly authorized to carry a concealed pistol, or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person having in his possession, using, or carrying a pistol in the usual or ordinary course of such business or to any person while carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

### ISSUE OF LICENSES TO CARRY

SEC. 6. The superintendent of police of the District of Columbia may, upon the application of any person having a bona fide residence or place of business within the District of Columbia or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol within the District of Columbia for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed. The license shall be in duplicate, in form to be prescribed by the Commissioners of the District of Columbia and shall bear the name, address, description, photograph, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, and the duplicate shall be retained by the superintendent of police of the District of Columbia and preserved in his office for six years.

### SELLING TO MINORS AND OTHERS

SEC. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years.

### TRANSFERS REGULATED

SEC. 8. No seller shall within the District of Columbia deliver a pistol to the purchaser thereof until forty-eight hours shall have elapsed from the time of the application for the purchase thereof, except in the case of sales to marshals, sheriffs, prison or jail wardens or their deputies, policemen, or other duly appointed law-enforcement officers, and, when delivered, said pistol shall be securely wrapped and shall be unloaded.   At the time of applying for the purchase of a pistol the purchaser shall sign in duplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, make, model, and manufacturer's number of the pistol to be purchased and a statement that he has never been convicted in the District of Columbia or elsewhere of a crime of violence.   The seller shall, within six hours after such application, sign and attach his address and deliver one copy to such person or persons as the superintendent of police of the District of Columbia may designate, and shall retain the other copy for six years.   No machine-gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia.   This section shall not apply to sales at wholesale to licensed dealers.

### DEALERS TO BE LICENSED

SEC. 9. No retail dealer shall within the District of Columbia sell or expose for sale or have in his possession with intent to sell, any pistol, machine gun, sawed-off shotgun, or blackjack without being licensed as hereinafter provided.   No wholesale dealer shall, within the District of Columbia, sell, or have in his possession with intent to sell, to any person other than a licensed dealer, any pistol, machine gun, sawed-off shotgun, or blackjack.   AR004236

## DEALERS' LICENSES, BY WHOM GRANTED AND CONDITIONS THEREOF

SEC. 10. The Commissioners of the District of Columbia may, in their discretion, grant licenses and may prescribe the form thereof, effective for not more than one year from date of issue, permitting the licensee to sell pistols, machine guns, sawed-off shotguns, and blackjacks at retail within the District of Columbia subject to the following conditions in addition to those specified in section 9 hereof, for breach of any of which the license shall be subject to forfeiture and the licensee subject to punishment as provided in this Act.

1. The business shall be carried on only in the building designated in the license.

2. The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can be easily read.

3. No pistol shall be sold (a) if the seller has reasonable cause to believe that the purchaser is not of sound mind or is a drug addict or has been convicted in the District of Columbia or elsewhere of a crime of violence or is under the age of eighteen years, and (b) unless the purchaser is personally known to the seller or shall present clear evidence of his identity. No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia.

4. A true record shall be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners, of all pistols, machine guns, and sawed-off shotguns in the possession of the licensee, which said record shall contain the date of purchase, the caliber, make, model, and manufacturer's number of the weapon, to which shall be added, when sold, the date of sale.

5. A true record in duplicate shall be made of every pistol, machine gun, sawed-off shotgun, and blackjack sold, said record to be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners of the District of Columbia and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other and shall contain the date of sale, the name, address, occupation, color, and place of birth of the purchaser, and, so far as applicable, the caliber, make, model, and manufacturer's number of the weapon, and a statement signed by the purchaser that he has never been convicted in the District of Columbia or elsewhere of a crime of violence. One copy of said record shall, within seven days, be forwarded by mail to the superintendent of police of the District of Columbia and the other copy retained by the seller for six years.

6. No pistol or imitation thereof or placard advertising the sale thereof shall be displayed in any part of said premises where it can readily be seen from the outside. No license to sell at retail shall be granted to anyone except as provided in this section.

### FALSE INFORMATION FORBIDDEN

SEC. 11. No person, shall, in purchasing a pistol or in applying for a license to carry the same, or in purchasing a machine gun, sawed-off shotgun, or blackjack within the District of Columbia, give false information or offer false evidence of his identify.

### ALTERATION OF IDENTIFYING MARKS PROHIBITED

SEC. 12. No person shall within the District of Columbia change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun. Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same within the District of Columbia: *Provided, however,* That nothing contained in this section shall apply to any officer or agent of any of the departments of the United States or the District of Columbia engaged in experimental work.

### EXCEPTIONS

SEC. 13. This Act shall not apply to toy or antique pistols unsuitable for use as firearms.

AR004237

### POSSESSION OF CERTAIN DANGEROUS WEAPONS

SEC. 14. No person shall within the District of Columbia possess any machine gun, sawed-off shotgun, or any instrument or weapon of the kind commonly known as a blackjack, slung shot, sand club, sandbag, or metal knuckles, nor any instrument, attachment, or appliance for causing the firing of any firearm to be silent or intended to lessen or muffle the noise of the firing of any firearm: *Provided, however,* That machine guns, or sawed-off shotguns, and blackjacks may be possessed by the members of the Army, Navy, or Marine Corps of the United States, the National Guard, or Organized Reserves when on duty, the Post Office Department or its employees when on duty, marshals, sheriffs, prison or jail wardens, or their deputies, policemen, or other duly appointed law-enforcement officers, officers or employees of the United States duly authorized to carry such weapons, banking institutions, public carriers who are engaged in the business of transporting mail, money, securities, or other valuables, wholesale dealers and retail dealers licensed under section 10 of this Act.

### PENALTIES

SEC. 15. Any violation of any provision of this Act for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

### CONSTITUTIONALITY

SEC. 16. If any part of this Act is for any reason declared void, such invalidity shall not affect the validity of the remaining portions of this Act.

### CERTAIN ACTS REPEALED

SEC. 17. The following sections of the Code of Law for the District of Columbia, 1919, namely, sections 855, 856, and 857, and all other Acts or parts of Acts inconsistent herewith, are hereby repealed.

Approved, July 8, 1932.

The CHAIRMAN. In what sense is the possession of a pistol essential to the self-defense of people who live in rural communities, as you have stated? Do you mean it is essential to the self-defense of an individual who is out on the highway, or in his home? In what sense is a pistol essential to the self-defense of an individual who lives in a rural community? Why is not a rifle or a shotgun, the possession of which would not be prohibited under this act, sufficient for the self-defense of an individual or an individual's home? In what sense did you mean that? You know, most of the States have laws against carrying concealed weapons.

Mr. FREDERICK. Exactly. I think those are quite proper laws and are the only effective laws.

The CHAIRMAN. Then it can be that you are referring only to the possession of a pistol in the home.

Mr. FREDERICK. No; because many people do find occasion to carry pistols, and do so under license.

The CHAIRMAN. That would not necessarily be a matter of self-defense, would it?

Mr. FREDERICK. Oh, yes, in many, many instances.

The CHAIRMAN. I never heard of it.

Mr. FREDERICK. I have heard of it in hundreds of instances.

Mr. FREAR. My experience is that the average person who carries a revolver is not one who lives in a rural district, but in New York or Chicago and such places that Dillinger and menAR004238 are found.

Mr. McCORMACK. All of those fellows are country-born boys. They do not come from the big cities. I understand that most of them are country boys originally.

Mr. FREAR. The man against whom we are trying to legislate is Dillinger and men of his type.

Mr. FREDERICK. If there is any feasible way of getting that type of man, I would like to know it.

Mr. FREAR. We are trying to. In all of your experience in these matters, have you drawn a bill which had for its purpose that end?

Mr. FREDERICK. I have spent 15 years studying the subject and I have worked with the National Crime Commission. One of the results of my work has been a contribution toward the uniform act which, in my opinion, has made——

Mr. FREAR. Have you put it in force in New York?

Mr. FREDERICK. I have tried to.

Mr. FREAR. We are trying to put some law into effect.

Mr. FREDERICK. Several of the provisions have been adopted in the law of New York. I have conducted campaigns for two successive years——

Mr. FREAR. You said your experience covered 15 years.

Mr. FREDERICK. I said that in New York State I have conducted campaigns in support of bills which I have caused to be introduced in the legislature.

Mr. FREAR. We do not want to have to wait 15 years more, do we?

Mr. FREDERICK. Mr. Chairman, in respect to the manufacturer, the manufacturer's license is $5,000 a year, and that must refer solely to the big manufacturers, of whom there are four or five in this country. There are smaller manufacturers who would be put out of business completely by any such tax as $5,000 a year and yet who perform an extremely useful function, when looked at from a certain standpoint.

Mr. FREAR. Could we not base that on the amount of sales?

Mr. FREDERICK. Yes, I think that could be quite easily done. I am referring to the makers of handmade pistol barrels, of whom there are a number in this country. They make the finest and highest type of target weapons that are to be found and they do it entirely by hand; I mean, with a hand lathe. Their guns have been used for 25 years in both the National and the International shooting competition. I have myself been a member of five or six international pistol teams and in every one of those I have used hand-made guns, hand-made barrels, because they were a little bit finer than any others that could be bought in my opinion.

Every one of those barrels was made by a man who is a past master of that field of ballistics, and who can, in my opinion, make a finer barrel than any manufacturer in the business.

The CHAIRMAN. Does he make the entire gun or just the barrel?

Mr. FREDERICK. He makes the barrel.

The CHAIRMAN. He would not come under the provisions of this bill, would he?

Mr. FREDERICK. I do not know. He is a manufacturer. He goes over the whole gun, revises the trigger pull, changes the AR004289 and does a lot of things to it.

The CHAIRMAN. But he is not a manufacturer of a gun. He assembles the parts and puts them together. He is not a manufacturer, is he?

Mr. FREDERICK. I suspect that he is.

The CHAIRMAN. I suspect that he is not. I do not see how he can be considered a manufacturer of a gun if he only makes the barrel.

Mr. FREDERICK. He might buy the action from one man. If he made the barrel and then put it together with the other parts, he would be a manufacturer of that gun, just as much as a man who bought automobile wheels from one place and a wiring system from another and a motor from another manufacturer and assembled them and sold them under his name—he would be a manufacturer.

The CHAIRMAN. If he bought all the parts and assembled them and sold the finished gun, I suppose he would be a manufacturer.

Mr. KNUTSON. This man to whom you refer, does he assemble the gun?

Mr. FREDERICK. He will take a gun, take off the old barrel and make a new barrel, put it on, make over the hammer, make over the trigger pull, make over the spring and do a variety of other things with it, so that the gun, you might say, was a reassembled gun after he was through with it.

Mr. KNUTSON. What we would call a rebuilt gun.

Mr. FREDERICK. It really is, I should say so.

Mr. KNUTSON. And you think he would be a manufacturer?

Mr. FREDERICK. I suspect that he would be a manufacturer within the terms of this act.

Mr. HILL. Assuming he is a manufacturer, of course in a small way so far as output is concerned, there has been a suggestion made here that the situation might be met by a graduated tax, depending upon the volume of the output.

Mr. FREDERICK. I think so.

Mr. HILL. If that can be done, the objection you make there does not go to the principle of the legislation, but simply to the particular provision as to license.

Mr. FREDERICK. That is quite true.

Mr. HILL. Your objection, then, is not to the principle, but simply to the prohibitive tax?

Mr. FREDERICK. It is to the prohibitive nature of the tax.

Mr. HILL. So that if we met that by a graduated tax on the manufacturer, your objection would be satisfied?

Mr. FREDERICK. I think so. I have no objection—to put it this way—to the principle of a Federal license designed not to destroy, but to secure a police registration of both manufacturers and dealers.

Mr. HILL. I think the committee would be very much interested in your directing our attention to the real objections to the bill. Of course, the suggestions you are making now are helpful.

The CHAIRMAN. May I ask, how long would it take you, if it were feasible, to prepare a bill better than you think the pending bill is, and one that would accomplish the purpose we have in mind, for the protection of society, to reach the end the Department of Justice has in mind, and submit it to the committee? That would be constructive, that would be practical, that would be helpful.

Mr. FREDERICK. In my opinion, the useful results which can be accomplished by firearms legislation are extremely limited.

AR004240

The CHAIRMAN. That means that there is little ground left upon which to legislate or very little necessity for legislation, that there is little to be accomplished by it?  Is that your view?  I am not arguing with you, you understand.  I just want to understand your viewpoint.

Mr. FREDERICK. In my opinion, there is a small area in which legislation which is useful in its results can be prepared.

The CHAIRMAN. Why not submit a bill to us that in your judgment would accomplish all that is possible to accomplish or practical to accomplish along that line?

Mr. FREDERICK. I should be very glad to submit a written memorandum containing some concrete suggestions.

Mr. KNUTSON. Let me ask you a question right at that point.  Do you know of many illicit manufacturers of firearms?  I think I read in the paper last evening a statement to the effect that the Department of Justice had seized an arsenal largely made up of guns manufactured illicitly, or unregistered, however they term them.

Mr. FREDERICK. I do not know of any illicit manufacturers.

Mr. LEWIS. Why should there be any illicit manufacturers in the absence of all law that now prevails in this field?

Mr. FREDERICK. I did not quite get your question.

Mr. LEWIS. I cannot fancy the motive for illicit manufacture of these things when we are almost without any laws on the subject whatever.

Mr. FREDERICK. I may say that a gun is a very easy thing to make, that a third-class automobile mechanic can make a pistol which will do deadly work, and can do it in an afternoon with the materials which he can find in any automobile shop.  And I can say that it has been done time and time and time again.

Mr. LEWIS. What makes it illicit?

Mr. FREDERICK. I suppose what makes it illicit is the purpose for which such guns are made.  If it is not against the law to make a gun, then there is nothing illicit in connection with it.  But when such a gun is manufactured in a State prison and is used by an inmate for the purpose of perpetrating his escape from jail, I think that is illicit manufacture, and such guns have been made in prison, in prison machine shops.

Mr. FREAR. It turns on the motive?

Mr. FREDERICK. Yes; it turns on the motive,

Mr. FREAR. How are you going to determine that in advance?

Mr. FREDERICK. I do not know of any way in which you can get at that.  I am simply saying that the actual manufacture of pistols is an easy thing.  It is not the extraordinarily complicated trick which many people think.  In the same way ammunition can be easily made or easily procured.

Mr. COOPER. Mr. Frederick, I understood you to say that you drafted the act which was passed for the District of Columbia?

Mr. FREDERICK. I drafted the original act about 1922 and worked with the National Conference of Commissioners on uniform laws in making successive revisions and improvements of that act up until the time of the final adoption of their redraft of it.  This act in the District of Columbia has a few minor changes from that standard form and I participated in the preparation of those changes. I do not want to say that I personally did it, because I did not.  I helped.

Mr. Cooper. The act passed for the District of Columbia was at least in part the product of your effort?

Mr. Frederick. I helped from the beginning.

Mr. Cooper. And had your complete approval?

Mr. Frederick. Yes, sir.  And I helped from the very beginning.

Mr. Cooper. I understood you to criticize the definition of machine guns contained in the pending bill.  I invite your attention to this provision of the District of Columbia Act, under the heading "definitions."

"Machine gun", as used in this act, means any firearm which shoots automatically or semi-automatically more than 12 shots without reloading.

Then I invite your attention to the provision of the pending bill as to the definition of a machine gun.

The term "machine gun" means any weapon designed to shoot automatically or semiautomatically 12 or more shots without reloading.

I will ask you to kindly point out to the committee the difference between those two definitions.

Mr. Frederick. I take it there is no essential difference.  I may, however, answer what I take to be your suggested criticism, by saying that the uniform Firearms Act related exclusively to pistols and it had not any provisions whatever relating to machine guns which we regarded as proper subject for separate legislation; that this provision in the District of Columbia Act was added at the request of the police forces here in the District of Columbia.  I had no part in the preparation of that definition or that part of the act, and I would not regard it as a proper definition of a machine gun.

Mr. Cooper. And yet that definition is contained in the act which you say had your approval.

Mr. Frederick. As a whole, it had my approval; certainly.

Mr. Cooper. And that was the definition that met your approval at the time the District of Columbia Act was passed by Congress, and it contains essentially the same definition as is contained in the pending bill?

Mr. Frederick. Quite true.  My approval of that act was a general approval, of course, and I may very well have had one or two mental reservations as to minor portions of it.  But as a whole I approved the act.

Mr. Cooper. Passing on to other phases of this bill, will you please point out the other objectionable features that you have, briefly, and without elaborating to such great extent?  Just point out to us what you think the additional objectionable features are to the pending bill.

Mr. Frederick. The bill makes no provision whatever for an exception of antique or obsolete weapons.  I happen, and there are thousands of other people who happen, to be the owner of obsolete weapons.  They are pistols within the definition of this act.  Theoretically, they might be used, but I have never heard of one being used in the perpetration of a crime.  They are found in the museums and in the collections of private collectors.  You cannot imagine a hold-up man using a flintlock, or a wheel-lock pistol.

Mr. Lewis. How far back would you go in point of time to draw the line between antique and present-day weapons?

Mr. Frederick. I would say that we should exempt obsolete or antique pistols possessed as curiosities or ornaments.

AR004242