**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

---

SCOTT A. HARDIN,

    Plaintiff,

    vs.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*

    Defendants.

Case No. 3:19-cv-56-DJH-RSE

---

## JOINT MOTION TO STAY PROCEEDINGS

"In 2006, [the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)] concluded that certain bump-stock-type devices qualified as machineguns under the NFA and GCA. Specifically, ATF concluded that a device attached to a semiautomatic firearm that uses an internal spring to harness the force of a firearm's recoil so that the firearm shoots more than one shot with a single pull of the trigger is a machinegun. Between 2008 and 2017, however, ATF also issued classification decisions concluding that other bump-stock-type devices were not machineguns, primarily because the devices did not rely on internal springs or similar mechanical parts to channel recoil energy." *See* Bump-Stock-Type Devices, 83 Fed. Reg. 66,514, 66,514 (Dec. 26, 2018). In 2018, however, ATF explained that it now understood the statutory prohibition on possessing machineguns to also apply to bump stock devices that did not rely on internal springs or similar mechanical parts to channel recoil energy. *Id.* at 66,515. Plaintiff challenged that interpretation in this case, and this Court granted judgment to Defendants. *See* ECF No. 35 (Memorandum and Order). The Sixth Circuit reversed and remanded, concluding that "[t]he rule of lenity requires us to rule in Hardin's favor." *See* ECF No. 42 (Sixth Circuit Opinion and Judgment). The Sixth Circuit's decision conforms to the Fifth Circuit's interpretation of the same statute but conflicts with the results reached in the D.C. Circuit and the

Tenth Circuit, which each upheld the rule that Hardin challenges here.[1] The Government has petitioned for a writ of certiorari in *Cargill* and intends to petition the Supreme Court for a writ of certiorari in this case as well to resolve the disagreement among the courts of appeals. In the interest of judicial economy and to conserve the parties' resources, the parties therefore respectfully and jointly move for the Court to stay further proceedings here until final resolution of the Supreme Court proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is appropriate to promote "the interest in economical use of judicial time and resources," *Int'l Bhd. of Elec. Workers, Loc. Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989) (Table), because "[a]llowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time," *B&B Hardware, Inc. v. Hargus Indus., Inc.*, 575 U.S. 138, 140 (2015). Courts should credit interests in "conserv[ing] judicial resources," "minimizing duplicative or piecemeal litigation," and "protect[ing] the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

Here, a stay would substantially advance the cause of judicial economy. The issue to be raised in the Government's petition for certiorari—specifically, whether a bump stock device is a "machinegun" within the meaning of 26 U.S.C. § 5845(b)—is likely to be dispositive of further

---

[1] *Compare Cargill v. Garland*, 57 F.4th 447, 473 (5th Cir. 2023) (bump stocks devices are not machineguns), *with Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 45 F.4th 306, 310 (D.C. Cir. 2022) (bump stocks devices are machineguns); *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020), *en banc granted but previous order reinstated*, 989 F.3d 890 (10th. Cir. 2021) (Mem.) (denying preliminary injunction against ATF's rule).

proceedings in this Court. If the Supreme Court grants certiorari and rules that the statutory definition of "machinegun" does not include bump stock devices, the parties will likely be able to agree on the appropriate relief in this case, and the Supreme Court's determination of the scope of the statute will be given nationwide application. If, on the other hand, the Supreme Court reverses the Sixth Circuit's decision and rules that bump stock devices are within the statutory definition of "machinegun," then further proceedings will be unnecessary.

In either event, this Court's premature determination of whether or what additional relief should be ordered is likely to be overtaken by the Supreme Court's ultimate decision if it grants the Government's petition. It would be inefficient to continue proceedings in this Court while the matter is under review by the Supreme Court. Parallel proceedings in this Court would result in unnecessary expenditure of the Court's judicial resources and potentially result in interim rulings that would require subsequent modification or reconsideration in light of the appellate proceedings. *See Lovendahl v. Kroger Co., Inc.*, No. 1:21-CV-00350, 2022 WL 594806, at *2 (S.D. Ohio Feb. 28, 2022) (staying proceedings pending decisions on relevant legal issues in other litigation then before the Sixth Circuit); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) ("Because many of the . . . legal arguments . . . are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court. The more efficient course is to await a pronouncement from the governing appellate bodies, at which point the bulk of the determinative issues may very well be settled in most material respects."); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (similar).

A stay will not unduly burden the parties, who jointly move for this stay. Rather, a stay will preserve the parties' resources. Indeed, the parties would be burdened more if the Court were to deny this motion to stay and enter some relief that would ultimately have to be undone or corrected. The

better course therefore is to stay further district court proceedings, which would promote the interests of finality, justice, and judicial economy by permitting the parties to obtain a definitive answer on the underlying statutory question from the Supreme Court.  And if the Supreme Court denies the current petition, the parties can brief the appropriate relief at that time with the understanding of what statutory construction is binding in this Circuit.

Accordingly, Plaintiff and Defendants respectfully ask this Court to stay district court proceedings until appellate proceedings in this matter are fully concluded.

Dated: June 14, 2023

Respectfully submitted,

/s/ J. Allan Cobb
J. Allan Cobb
**COBB LAW, PLLC**
1303 Clear Springs Trace, Suite 110
Louisville, KY 40223
Telephone:     (502) 966-7100
Fax:              (502) 434-5900
allancobb@cobblawpllc.com

Jason Todd Hardin
**HARDIN LAW, PLLC**
1303 Clear Springs Trace, Suite 100
Louisville, KY 40223
Telephone:     (502) 966-7103
Fax:              (502) 434-5900
hardinlaw@twc.com

*Counsel for Plaintiff Hardin*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

*/s/ Michael F. Knapp*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov

*Counsel for Defendants*